IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LUCINNE VENEGAS, Individually and §<br>On behalf of the Estate of CARLOS §<br>JAVIER VENEGAS and on behalf of her §<br>Minor Children, D.V., G.V., and M.V §<br>   *Plaintiffs* §<br>§<br>v. §<br>§<br>SPACE EXPLORATION §<br>TECHNOLOGIES CORPORATION §<br>And DOGLEG PARK, LLC §<br>   *Defendants* § | CIVIL ACTION NO. 1:21-cv-54 |

### NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Defendants SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC, and file this Notice of Removal, and in support thereof would respectfully show this Court as follows:

### I. State Court Action

1. This action, styled as Cause No. 2021-DCL-01562-H, *Lucinne Venegas, Individually, on Behalf of the Estate of Carlos Javier Venegas and on Behalf of her Minor Children, D.V., G.V., and M.V.*, was originally filed in the 444th Judicial District Court of Cameron County, Texas.

### II. Parties

2. Plaintiff Lucinne Venegas is an individual and resident of Cameron County, Texas, as are her minor children.

3. Defendant Space Exploration Technologies Corp. (hereinafter "SpaceX") is a foreign for-profit corporation incorporated in the state of Delaware and with its principal place of business in California.

1

4.      Defendant Dogleg Park, LLC (hereinafter "Dogleg Park") is a foreign for-profit limited liability company organized under the laws of the State of Delaware and with its Principal Place of Business in California.

### III. Jurisdiction

5.      This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C.A. §1332 because Plaintiffs allege that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and because it is between citizens of different states (Texas on the one hand and California and Delaware on the other).

6.      Plaintiffs aver in their Original Petition in State Court that they are seeking in excess of $1,000,000, so, the amount in controversy requirement is clearly met.

6.      For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

7.      Both Defendants are incorporated/organized in Delaware.

8.      In addition, both have their principal place of business in California. In *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93, 130 S. Ct. 1181, 175 L.Ed.2d 1029 (2010), the U.S. Supreme Court unanimously endorsed the "nerve center" test for determining the state in which a corporate entity has its principal place of business, explaining: "the phrase 'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities," adding that "the 'nerve center' will typically be found at a corporation's headquarters." *Id.*

9.      The Plaintiffs' bald assertions that both SpaceX and Dogleg Park have principal places of business in Texas is incorrect under the "nerve center" approach.

2

10.    SpaceX has facilities and significant operations in California, Texas, Florida, Washington (state), and Washington, DC, but there can be no dispute that its headquarters and "nerve center" are in Hawthorne. Aside from housing the largest number of the company's employees, Hawthorne is where the majority of the company's senior leadership is based, and it is the center of most company activities. For instance, the senior leaders and most professionals in finance and accounting, human resources, sales, mission management (a critical function for launch services providers like SpaceX), facilities, purchasing, and supply chain management are based in Hawthorne. In addition, the bulk of the company's engineers—including most engineering leadership—are in Hawthorne, as are most manufacturing operations and production leadership. Conversely, the activities SpaceX conducts in Texas are (i) research and develop on SpaceX's new launch vehicle called Starship (which is being done primarily in Boca Chica, Texas) and (ii) rocket testing (which is done in McGregor, Texas).[1] Hawthorne is clearly the "nerve center" of SpaceX, and certainly no other SpaceX location would come close to being the company's "nerve center" in comparison to Hawthorne.

12.    Dogleg Park is a Delaware limited liability company wholly-owned by SpaceX with a single Manager who is based in Hawthorne; a President who splits her time between Texas and Hawthorne; and a Secretary who is the same person as the Manager and is based in Hawthorne. By management resolution, the company expressly identified Hawthorne as its principal place of business: "the principal executive office of the Company shall be at 1 Rocket Road, Hawthorne, California 90250, in the County of Los Angeles, California." More practically, the entity was set up simply to hold certain SpaceX real estate assets, and it and its holdings are managed as

---

[1] SpaceX manufactures the satellites and ground station equipment for Starlink, its satellite-based broad band internet service, in Redmond, Washington; it performs launches from two launch pads in Cape Canaveral, Florida; and some of its legal, government affairs, government sales personnel are based in Washington, DC.

3

SpaceX assets by the same people that manage SpaceX generally, meaning it shares the same "nerve center" with SpaceX: Hawthorne, California.

13. In sum, both SpaceX and Dogleg Park are residents of both California and Delaware, but not of Texas.

14. As both the amount in controversy and diversity requirements are met, this Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C.A. §1332.

## IV. Timeliness

15. Defendants' counsel received a copy of the Plaintiff's Original Petition via e-mail on March 17th, 2021. Thirty days have not elapsed since Defendants were provided with a copy of this document.

16. There are no other Defendants in this matter.

17. Pursuant to 28 U.S.C.A. §1446, this Notice of Removal is timely and proper.

## V. Attachments

18. Accompanying this Notice of Removal as collective Exhibit A are the following documents:

    i. An index of matters being filed;

    ii. All executed process in the case;

    iii. Pleadings asserting causes of action;

    iv. Defendants' Original Answer

    v. The docket sheet; and

    vi. A list of all counsel of record, including addresses, telephone numbers, and parties represented.

## VI. Conditions Precedent

19.     Defendant has tendered the filing fee to the Clerk of the United States District Court for the Southern District of Texas, Brownsville Division, along with the original Notice of Removal. A copy of this Notice of Removal is also being filed in the 444th Judicial District Court of Cameron County, Texas and all counsel of record are being provided with complete copies.

Accordingly, Defendant respectfully requests that the above action, now pending in the 444th Judicial District Court of Cameron County, Texas, be removed there from to this Court. Defendant further requests any and all other relief to which they may be entitled.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, LLP**
10225 N. 10th Street
McAllen, Texas 78504
Telephone: (956) 393-6300
Facsimile: (956) 386-1625
doliveira@rofllp.com
lizg@rofllp.com
roliveirajr@rofllp.com
nancyg@rofllp.com


By: /s/ David G. Oliveira
     **DAVID G. OLIVEIRA**
     **State Bar No. 15254675**
     **Federal ID No. 34165**
     **RENE O. OLIVEIRA, JR.**
     **State Bar No. 24059132**
     **Federal ID No. 1005530**

**ATTORNEY FOR DEFENDANTS SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April 2021 a true and correct copy of this Notice of Removal has been forwarded to all counsel of record in accordance with the applicable rules of procedure.

/s/ David G. Oliveira
DAVID G. OLIVEIRA