IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUCINNE VENEGAS, Individually and | § | |
| On behalf of the Estate of CARLOS | § | |
| JAVIER VENEGAS and on behalf of her | § | |
| Minor Children, D.V., G.V., and M.V | § | |
| *Plaintiffs* | § | CIVIL ACTION NO. _____ |
| | § | |
| v. | § | |
| | § | |
| SPACE EXPLORATION | § | |
| TECHNOLOGIES CORPORATION | § | |
| And DOGLEG PARK, LLC | § | |
| *Defendants* | § | |

<u>**EXHIBIT A**</u>

<u>**TO**</u>

<u>**DEFENDANTS SPACE EXPLORATION TECHNOLOGIES CORPORATION AND
DOGLEG PARK, LLC'S  NOTICE OF REMOVAL**</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE  DIVISION

| | | |
|---|---|---|
| LUCINNE VENEGAS, Individually, on Behalf of the Estate of Carlos Javier Venegas and on Behalf of Her Minor Children, D.V., G.V., and M.V., <br>     Plaintiffs <br><br> VS. <br><br> SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC, <br>     Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>CIVIL ACTION NO. _____<br>JURY DEMAND |

## INDEX OF MATTERS FILED

I.    State Court Document

      A.  All executed process in the case
      B.  Plaintiff's Original Petition filed 3/15/21
      C.  Defendants Space Exploration Technologies and Dogleg Park, LLC's Original Answer and Affirmative Defenses filed on 4/9/2021
      D.  Docket Sheet

II.   Federal Court Documents

      A.  Notice of Removal

      B.  List of Counsel of Record

      C.  Index of Matters Filed

FILED - 3/23/2021 1:32 PM
2021-DCL-01562 / 51739770
LAURA PEREZ-REYES
Cameron County District Clerk
By Claudia Palacios Deputy Clerk

## CAUSE NO. 2021-DCL-01562-H

| | | |
|---|---|---|
| LUCINNE VENEGAS, INDIVIIDUALLY , ON BEHALF OF THE ESTATE OF CARLOS JAVIER VENEGAS AND ON BEHALF OF HER MINOR CHILDREN, D.V., G.V., AND M.V. **PLAINTIFF** | § § § § § § | IN THE 444th District Court |
| VS. | § § | CAMERON COUNTY, TX |
| SPACE EXPLORATION TECHNOLOGIES CORPORATION, ET AL **DEFENDANT** | § § § | |

## RETURN OF SERVICE

**ON Monday, March 22, 2021 AT 8:25 AM**
CITATION, PLAINTIFF'S ORIGINAL PETITION for service on DOGLEG PARK, LLC C/O REGISTERED AGENT CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATION SERVICE COMPANY came to hand.

**ON Monday, March 22, 2021 AT 2:55 PM, I, Adriana Nicole Adam, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** DOGLEG PARK, LLC C/O REGISTERED AGENT CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATION SERVICE COMPANY, by delivering to John Spidel, 211 E 7TH ST STE 620, AUSTIN, TRAVIS COUNTY, TX 78701.

My name is Adriana Nicole Adam. My address is 2200 S Pleasant Valley Rd., Apt. 924, Austin, TX 78741. I am a private process server certified by the Texas Judicial Branch Certification Commission (PSC 17714, expires 10/31/2021). My e-mail address is info@easy-serve.com. My date of birth is 3/30/1992. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in TRAVIS COUNTY, TX on Monday, March 22, 2021.

/S/ Adriana Nicole Adam

#13872 Venegas

Doc ID: 280938_1

---

**CITATION** – PERSONAL SERVICE – TRCP 99

---

# THE STATE OF TEXAS

## 2021-DCL-01562-H

| | | |
|---|---|---|
| Lucinne Venegas | § | IN THE  444TH DISTRICT COURT |
| VS | § | OF |
| Space Exploration Technologies Corporation | § | CAMERON COUNTY, TEXAS |

TO     **Dogleg Park, LLC**
            **Registered Agent Corporation Service Company**
            **dba CSC-Lawyers Incorporation Service Company**
            **211 East 7th Street Suite 620**
            **Austin TX  78701-3218**

**NOTICE TO DEFENDANT:  "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**  *TRCP. 99*

You are hereby commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 444th District Court of Cameron County, at the Courthouse in said County in Brownsville, Texas. Said **Plaintiff's Original Petition** was filed in said court on **March 15, 2021**, in the above entitled cause.

2021-DCL-01562-H

Lucinne Venegas,Lucinne Venegas on Behalf of the Estate of Carlos Javier Venegas,,Lucinne Venegas on Behalf of Her Minor Children, on behalf of D.V., G.V., and M.V.
vs.
Space Exploration Technologies Corporation,Dogleg Park, LLC

The nature of Petitioner's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 19th day of March, 2021.

ATTORNEY:
**ANTHONY G BUZBEE**
**24001820**
**713-223-5393**
**JP MORGAN CHASE TOWER**
**600 TRAVIS STE 7300**
**HOUSTON TX  77002**

**Laura Perez-Reyes**
District Clerk of Cameron County
974 E Harrison St.
Brownsville, Texas 78520
Signed: 3/19/2021 8:45:56 AM

By:
**Viviana Fuentes**, Deputy Clerk

FILED - 3/15/2021 2:40 PM
2021-DCL-01562 / 51475251
LAURA PEREZ-REYES
Cameron County District Clerk
By Viviana Fuentes Deputy Clerk

CAUSE NO: _____

2021-DCL-01562

| | | |
|---|---|---|
| LUCINNE VENEGAS, Individually, on Behalf of the Estate of Carlos Javier Venegas and on Behalf of Her Minor Children, D.V., G.V., and M.V., | § § § § § | IN THE DISTRICT COURT |
| | § | Cameron County - 444th District Co |
| *Plaintiff,* | § § | _____ JUDICIAL DISTRICT |
| vs. | § § | |
| SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC, | § § § § § | CAMERON COUNTY, TEXAS |
| *Defendants.* | § § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff LUCINNE VENEGAS, Individually, on Behalf of the Estate of Carlos Javier Venegas, and on Behalf of Her Minor Children, D.V., G.V., and M.V., files this Original Petition against Defendants SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC (collectively "Defendants"), and in support of her causes of action, respectfully show this Honorable Court the following:

### I.
### SUMMARY OF THE CASE

This case is about holding SpaceX responsible for the gruesome death of Mrs. Venegas's husband, Mr. Venegas. In June 2020, SpaceX failed to maintain safe access points to its SpaceX facility, resulting in the Venegas family crashing into a delivery truck stalled at the entrance to SpaceX in the dark of night because it could not reasonably access SpaceX's narrow entrance to its facilities.

## II.
## PARTIES

Plaintiff LUCINNE VENEGAS ("Mrs. Venegas") is an individual, residing in Cameron County, Texas. She is the surviving wife of decedent Mr. Carlos Venegas ("Mr. Venegas") and mother to their three minor children. Mrs. Venegas brings this case on behalf of herself, her husband's estate and her minor children.

Defendant SPACE EXPLORATION TECHNOLOGIES CORPORATION is an incorporated entity conducting business in Texas and maintains several principal offices in Texas at 54298 Boca Chica Blvd., Brownsville, Texas and 1 Rocket Road, Brownsville, Texas. It owns and/or purchased the property where the injury occurred. It may be served through its registered agent in Texas named Corporation Service Company dba CSC-Lawyers Incorporating Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218 USA or wherever it may be found.

Defendant DOGLEG PARK, LLC is a limited liability company conducting business in Texas and maintains a principal office at 1 Rocket Road, Brownsville, Texas. It owns and/or purchased the property where the injury occurred. It may be served through its registered agent in Texas named Corporation Service Company dba CSC-Lawyers Incorporating Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218 USA or wherever it may be found.

## III.
## DISCOVERY CONTROL PLAN

This case is intended to be governed by Discovery Level 3.

## IV.
## CLAIM FOR RELIEF

The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief in excess of $1,000,000, including damages of any kind, penalty, costs, expenses, punitive damages, pre-judgment interest, and attorney's fees.

## V.
## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this cause of action because it involves an amount in excess of the minimum jurisdictional limits of this Court. This case is not removable pursuant to 28 U.S.C. 1441(b).

This Court has personal jurisdiction over Defendants because one or more defendant resides in Texas and the causes of action herein arose from Defendants' systematic contacts with this forum state. Specifically, Defendants operate their SpaceX complex and facility almost exclusively from Texas.

Venue is proper in Cameron County, Texas under TEX. CIV. PRAC. & REM. CODE §§ 15.002(a)(1) and (a)(3) because all or a substantial part of the events or omissions giving rise to the claim occurred in Cameron County, including the crash and death of decedent in this case and the decision regarding the maintenance of the property and its access points were made in Cameron County, Texas. Furthermore, one or more defendant resides in this county and/or maintains at least one principal place of business in Cameron County, Texas.

# VI.
## FACTUAL BACKGROUND

### A. Introduction to the Parties.

Mr. Venegas was a thirty-five-year-old resident of San Benito, Texas, directly outside Brownsville, Texas. He was married to Plaintiff Lucinne Venegas. Together, they have three minor children, ages fourteen, eleven, and two. They reside in Cameron County.

Defendants Space Exploration Technologies Corp. and Dogleg Park, LLC own the property in and around where the incident described herein occurred. This property houses the Defendants' SpaceX operations in Texas, including the location where SpaceX launches its Falcon rocket systems into outer space.

### B. Defendants purchased significant land in Boca Chica, Texas but utterly failed to update its property to accommodate its massive, commercial enterprises and round-the-clock commercial deliveries.

Boca Chica, Texas is a small, unincorporated community of about forty houses, mostly one-story homes on the southernmost tip of Texas. Boca Chica has no shops or restaurants or amenities of any kind, including any municipal water pipes. Cameron County regularly trucks in gallons of water, which is stored in outdoor tanks.

The only way to reach Boca Chica village is via State Highway 4, a two-lane road that runs through mostly empty land. It originates to the west, in the city of Brownsville, and disappears into the sores of Boca Chica Beach, an eight-mile stretch of unspoiled sand, free of boardwalks and souvenir shops.[1]

In and around 2012, Defendants began buying up property in and around Boca Chica, Texas for the purpose of constructing a massive enterprise centered around flying cargo for NASA to the International Space Station. Defendants represented on numerous occasions that they

---

[1] See https://www.theatlantic.com/science/archive/2020/02/space-x-texas-village-boca-chica/606382/

intended to build "a commercial Cape Canaveral" in and around Boca Chica, Texas to launch as a many as twelve Falcon 9 rockets per year. Boca Chica, Texas was chosen as Defendant's top choice in part given its close proximity to the planet's equator, which spins faster than the poles, providing departing rockets with an extra boost.

Defendants promised Boca Chica residents that their presence would be safe and state-of-the-art. Defendants claimed SpaceX would bring significant revenue, jobs and economic advantages to the region. Defendants further promised to invest heavily into the local community and ensure that the community's infrastructure could safely operate and maintain the enormous commercial construction and enterprise undertaken at the SpaceX facilities.

Defendants control and operate a single lane access point on LBJ Boulevard. This street is the access point to the SpaceX facilities launch control centers. LBJ Boulevard connects directly to State Highway 4, which runs parallel to the beach. The incident involved occurred at the intersection of State Highway 4 and LBJ Boulevard (herein after referred to as "the Site"). The small access point is depicted here facing west in June 2019 before SpaceX began operations:



And facing East:



But construction exploded between June 2019 and July 2020:

Construction activity at the Boca Chica control center has been intense, as can be seen in a comparison of images from June 2019 (above) to June 2020:



A June 2020 aerial shot of the SpaceX control center at Boca Chica Village. Courtesy: RGV Aerial Photography.          2

2 Photo in June 2020 from https://www.virtualbx.com/construction-preview/brownsville-space-tourist-resort-in-the-works-at-spacex-boca-chica/



Before Defendants' massive construction, the site experienced virtually no traffic at night other than local residents coming from and going to the beach nearby. Before Defendants' arrival, the location did not require lighting, signs, a traffic light, or safety systems to monitor and direct traffic safely. The area surrounding the Site was quiet and frequently used by Brownsville-area residents as a popular camping area.

When SpaceX began its massive commercial and industrial construction and operations in 2019 and 2020, the Site experienced a significant-uptick in traffic on a daily basis, including the use of this single lane road by large commercial vehicles, including eighteen-wheeler and flat-bed haulers.

Despite Defendants' systematic, commercial use of this narrow, one-lane access point at the Site, Defendants refused to take any necessary steps to upgrade and modernize this access point to accommodate the commercial traffic coming from and going through this access point directly for Defendants' benefit.

---

³ Photo in July 2020 from https://twitter.com/RGVaerialphotos/status/1283907061840052226/photo/2

Defendants installed no lights, street signs, cones, reflective warnings, or any other necessary safety systems to notify local residents of incoming or outgoing commercial traffic. They installed no security or safety systems or guards to monitor and direct traffic. They made no attempts to widen the access point at the Site to accommodate larger, commercial vehicles. They implemented no policies or procedures or provided no instructions to third-party companies delivering commercial loads to or from the Site in darkness in the middle of the night.

This is an unincorporated community. The government had no obligation to install such safety measures on Defendants' behalf. This was Defendants' responsibility. This was their operation and commercial enterprise.

The unsafe conditions above created a danger to local beach-goers because it was reasonable and foreseeable that local residents would not be able to safely navigate the Site at night without any warnings, signs, lights, or safety systems to notify them that commercial vehicles were attempting to access the Site.

Furthermore, the Site was unprepared and unqualified to support large commercial vehicles around-the-clock in the dark at night because it was too narrow to accommodate large commercial vehicles. The unsafe, narrow conditions of the Site caused commercial vehicles great difficulty in accessing the Site at night and frequently forced them to block State Highway 4 for considerable time in an attempt to back into or pull through the access point near the Site.

In other words, it was reasonable and foreseeable that commercial trucks would only be able to access the Site with great difficulty in utter darkness at night, and the conditions of the Site may force a driver to back up repeatedly in order to access the street. Put plainly, the Site—which originally accommodated only a few local beach-goers—was completely unprepared to safely accommodate the large, commercial traffic at all hours of the day and to ensure the safety of local, beach-goers.

But this was no accident. Defendants are multi-billion-dollar corporations owned and operated by some of America's most successful minds. It is inconceivable that Defendants are qualified to fly rocket ships to the International Space Station but cannot adequately outfit the access points in and around their "Cape-Canaveral-like" enterprise.

This was about profits and timing. It was not about safety. Defendants were determined to rush construction and open operations of its massive enterprise in Boca Chica, and it resulted in the death of Mr. Venegas.

### C. On June 7, 2020, Mr. Venegas is killed when the Venegas family crashed into a truck attempting to navigate this access point in complete darkness.

On the morning of June 7, 2020, Mr. Venegas, his wife, and three children were camping at the campgrounds directly off State Highway 4 near the Site. Around 4:00 a.m., the tide at the beach began to rise. This forced the Venegas family to vacate their camping site and return home.

While driving down State Highway 4 in utter darkness, unbeknownst to them, an eighteen-wheeler commercial truck was delivering product to and from Defendants' facilities in the middle of the night. In doing so, the truck driver attempted to access the Site. But due to the lack of lighting and conditions of the access point, he was unable to access the Site without difficulty.

This forced the driver of the eighteen-wheeler to back up unsafely and stop in the middle of the road. Without any reflective signage, lighting of any kind, warning markers, reflective markers, stop lights, stop signs, cones, security personnel, or safety systems, the Venegas family could not see the truck at all.

At approximately 4:16 a.m., the Venegas family crashing into the eighteen-wheeler's trailer. The police report depicts the location of the vehicles:



Mr. Venegas's head was smashed in by the collision, causing massive hemorrhaging followed shortly by death. Ms. Venegas and her children likewise suffered serious injuries to their spines and legs.

The autopsy report for Mr. Venegas determined the following cause of death:

**CAUSE OF DEATH: Blunt Force Trauma due to Motor Vehicle Accident.**

**MANNER OF DEATH: Accident.**

But this was no accident. Mr. Venegas's senseless death could have been avoided had Defendants taken specific steps to ensure that deliveries occurred safely and the access points in and around their facilities were safe and navigable by large commercial vehicles, accessing their facilities in the middle of the night. Mrs. Venegas brings this lawsuit to recover damages caused by Defendants' conduct and to ensure this tragedy never happens again.

## VII.
## CAUSES OF ACTION

**A. Negligence /Gross Negligence**

Plaintiff incorporates the above paragraphs as if set forth in full below.

Defendants owed the Venegas family a reasonable duty of care, including the duty to reduce or eliminate numerous risks on or at the entry of their property, either by warning the Venegas family of the unsafe conditions so they could be avoided or guarded against or by implementing training, policies or procedures to avoid the unsafe conditions.

These actions, when viewed objectively from Defendants' standpoint at the time of the incident, involved an extreme degree of risk, of which Defendants had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of the Venegas family.

On the occasion in question, the aforementioned Defendants, by and through its officers, employees, agents and representatives, committed acts of omission and commission, breached their duty of care owed to the Venegas family, which collectively and severally constituted negligence and gross negligence. This includes but is not limited to:

- failing to take reasonable steps to widen the access point near the Site;
- failing to install lights at the Site;
- failing to install signs/warnings at the Site;
- failing to install reflective lights near the Site;
- failing to maintain safe access points to its property;
- failing to install and/or implement security to direct traffic and/or assist in dangerous conditions;
- ordering and/or allowing third party suppliers and/or companies to deliver products when it was unsafe to do so;

- ordering and/or allowing third party suppliers and/or companies to deliver products in the middle of the night;

- failing to take precautions to ensure that third parties could safely access its property at night;

- implementing policies and procedures that were unsafe;

- failing to protect beach-goers from unsafe hazards around the property;

- failing to ensure a comprehensive job safety analysis was completed that identified and addressed all hazards;

- ignoring safety precautions or recommendations to install safety systems in and around the property;

- failing to warn of a known hazard;

- failing to follow industry standards, guidelines and requirements for operating and maintain access points to large commercial facilities;

- promulgating policies and procedures that were inadequate and unsafe;

- misrepresenting that Defendants' property would be safe;

- misrepresenting that Defendants would take action to upgrade the property and infrastructure in and around their property to meet the demands of the property's intended use;

- failing to warn the Venegas family of the stalled truck;

- placing profits over safety;

- failing to read, promulgate, and follow public safe policies and procedures;

- and promulgating an access point and delivery plan for third parties that was unworkable and unsafe.

Defendants had actual knowledge of the dangerous conditions described above that caused injury to Plaintiffs. Each of these acts and omissions, singularly or in combination with others, constitute negligence on the part of the Defendants, which was the direct and proximate cause of this incident and the injuries sustained by Plaintiffs. Defendants' actions were knowing, reckless, and willfully indifferent or malicious. Plaintiff thus seeks punitive damages.

## VIII.
## DAMAGES

As a direct and proximate result of the foregoing events, Ms. Venegas and her three minor children suffered damages in the past and, in reasonable probability, will continue to suffer damages in the future, including physical pain and suffering, loss of income, loss of mobility, loss of independence, mental anguish, loss of earning capacity, past, present, and future medical expenses, all for which Plaintiff seeks recovery herein. Plaintiff also seeks punitive damages.

This action is also brought pursuant to §§ 71.001-71.012 of the Texas Civil Practice and Remedies Code. Plaintiff brings an action for wrongful death of Mr. Venegas. Plaintiff, under the wrongful death statute, is entitled to recover damages for:

1. Pecuniary Loss: Pecuniary loss resulting from the death of Mr. Venegas, including, but not limited to, the loss of advice and counsel, care, maintenance, support, services, and earning capacity, as well as the reasonable contributions of pecuniary value that Plaintiff would in reasonably probability have received from him had he lived.

2. Mental Anguish: Mental anguish suffered as a result of the death of Mr. Venegas, including, but not limited to, the emotional pain, torment, and suffering that Plaintiff would in reasonably probability, experience from the death of a family member.

3. Los of Companionship and Society: Loss resulting from Mr. Venegas's death, including, but not limited to, love, companionship, comfort, and society that Plaintiff and her family would in reasonable probability had experienced if Mr. Venegas had lived;

4. Loss of Inheritance: The earnings, if any, of Mr. Venegas, in excess of the amount he would have used for the support of himself and his family, and in which reasonable

probability would have been added to his estate and left to Plaintiff and her family at his natural death had he lived.

5.  Medical, Death, and Funeral Expenses: Actual damages, including, but not limited to, medical expenses, death expenses, and funeral expenses caused by Defendant's conduct.

The damages sought herein are the direct and/or proximate result of the foregoing events, and Plaintiff and her family have suffered damages in the past and, in reasonable probability, will continue to suffer damages in the future, all for which Plaintiff seeks recovery herein. Plaintiff seeks all wrongful death damages and survival damages allowed by Texas law. Plaintiff also seeks punitive damages, costs, pre-judgment and post-judgement interest.

## IX.
## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial and tenders the appropriate fee with this petition.

## X.
## CONDITIONS PRECEDENT

All conditions precedent to Plaintiff, her husband's estate, and her children's rights to recover have been fully performed, or have been waived by Defendants.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant in the amount of TEN MILLION DOLLARS ($10,000,000) for actual damages for pecuniary losses, mental anguish, loss of companionship and society, loss of inheritance, pain and mental anguish, medical expenses, and funeral expenses; TEN MILLION DOLLARS ($10,000,000) in exemplary damages; pre- and post-judgment interest as allowed by law; all costs of Court; and all such other and further relief, at law and in equity, to which she may be justly entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By:      */s/ Anthony G. Buzbee*_____
          Anthony G. Buzbee
          State Bar No. 24001820
          tbuzbee@txattorneys.com
          David L. Bergen
          State Bar No. 24097371
          dbergen@txattorneys.com
          Brittany C. Ifejika
          State Bar No. 24111011
          bifejika@txattorneys.com
          J.P. Morgan Chase Tower
          600 Travis, Suite 7300
          Houston, Texas 77002
          Telephone: (713) 223-5393
          Facsimile: (713) 223-5909
          www.txattorneys.com

     **ATTORNEYS FOR PLAINTIFF**
     **LUCINNE VENEGAS**

FILED - 4/9/2021 10:15 AM
2021-DCL-01562 / 52299221
LAURA PEREZ-REYES
Cameron County District Clerk
By Claudia Palacios Deputy Clerk

CAUSE NO. 2021-DCL-01562-H

| | | |
|---|---|---|
| LUCINNE VENEGAS, Individually, on | § | IN THE DISTRICT COURT |
| Behalf of the Estate of Carlos Javier Venegas | § | |
| and on Behalf of Her Minor Children, D.V., G.V., | § | |
| and M.V., | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | 444TH JUDICIAL DISTRICT |
| | § | |
| SPACE EXPLORATION TECHNOLOGIES | § | |
| CORPORATION and DOGLEG PARK, LLC, | § | |
|     Defendants | § | CAMERON COUNTY, TEXAS |

## DEFENDANTS SPACE EXPLORATION TECHNOLOGIES CORPORATION AND DOGLEG PARK, LLC'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC,** Defendants herein, and file their Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I.

### GENERAL DENIAL

Reserving the right to file other and further pleadings and denials, Defendants **SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC** deny each and every material allegation contained in Plaintiff's Original Petition on file as it pertains to these particular Defendants, and demand that Plaintiffs be required to prove the same, if they can, by a preponderance of the evidence in accordance with the laws and rules of the State of Texas.

## II.
## AFFIRMATIVE DEFENSES

Without waiving the above and foregoing Answer, Defendants would further plead as follows:

A.  Pleading further, if such be necessary, and in the alternative, Defendants **SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC** would show that Plaintiffs' alleged damages and/or injuries, if any, were caused or contributed to by the acts, omissions, negligence, fault, or assumption of the risk of the decedent, Carlos Javier Venegas, and/or other persons, firms, corporations, or other entities over whom they are not responsible.

B.  Pleading further, if such be necessary, and in the alternative, Defendants **SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC** would show that there exists no proximate and/or producing cause between any alleged act, omission, or breach of duty by these Defendants and Plaintiffs' alleged damages, if any, and furthermore that said damages, if any, are the result of the conduct of the decedent, Carlos Javier Venegas, and/or other persons, firms, corporations, or other entities over whom they are not responsible.

C.  Pleading further, if such be necessary, and in the alternative, Defendants **SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC** would show that at the time of this incident in question, decedent, Carlos Javier Venegas, failed to use that degree of care and caution which would have been exercised by persons of ordinary prudence under the same or similar circumstances and was, therefore, negligent in the operation in question, which negligence thereby proximately contributed to cause the occurrence in question, and any alleged resulting injuries or damages, if any.

D.  Pleading further, if such be necessary, and in the alternative, Defendants **SPACE**

EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC would show that the incident in question, and any alleged damages resulting therefrom, were caused by the negligence of the decedent in question, Carlos Javier Venegas, and such negligence was the sole proximate, sole producing, or a proximate cause of the incident in question and any alleged resulting injuries or damages resulting therefrom, if any.

E.  Pleading further, if such be necessary, and in the alternative, Defendants **SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC** would show that in the event that any liability should be reduced by the percentage of causation found by the jury to have resulted from the negligence of the decedent, Carlos Javier Venegas, or from the negligence of others whom Defendants, **SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC,** can have no liability.

F.  Pleading further, if such be necessary, and in the alternative, Defendants **SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC** would affirmatively assert that Plaintiffs' claim for exemplary damages is in direct contravention of and is in violation of the Constitution of the United States and the Constitution of the State of Texas. The imposition of punitive damages against these Defendants would be fundamentally unfair for the following reasons:

a.  An award of punitive damages is arbitrary and unreasonable, excessive, and in violation of these Defendants' rights to due process of law and equal protection of the law under the 5th, 8th, and 14th Amendments of the United States Constitution and Article 1, Sections 13 and 19 of the Texas Constitution;

b.  Any assessment of punitive damages should require proof of gross negligence by a standard greater than a preponderance of the "evidence" standard. Due process requires that gross

negligence should be proven "beyond a reasonable doubt" or, in the alternative, be proven by a "clear and convincing" standard of proof;

c. The assessment of punitive damages is a remedy that is essentially criminal in nature and without any safeguards greater than those afforded by the Texas Rules of Civil Procedure. As such, an award of punitive damages would constitute the infliction of a criminal penalty without the safeguards guaranteed by the 5th, 8th, and 14th Amendments of the Constitution of the United States;

d. The assessment of punitive damages would constitute an excessive finding in violation of the 8th Amendment of the Constitution of the United States; and

e. The assessment of punitive damages would constitute an attempt to take property of these Defendants without due process of law and constitutes cruel and unusual punishment.

### III.

Defendants further affirmatively plead the provisions of the Texas Civil Practice & Remedies Code, including §§ 41.007 and 41.008, which limit the amount of exemplary damages which may be against Defendants.

### IV.

For further answer, Defendants invoke their legal right to a reduction of any dollar verdict which may be rendered in this cause by credit for payments made by other persons or entities or by percentage reductions to which Defendants would be entitled as a result of jury findings against other persons or entities.  In this connection, Defendants reserve the right to submit issues against parties who may be present in the case or absent from the case at the time the matter is submitted to the jury for fact determinations.

### V.

Defendants assert, in the unlikely event the plaintiffs recover a judgment in this case, Defendants are entitled to an offset or credit against such judgment based upon the total amount of qualifying settlements received by the Plaintiffs herein.

### VI.

Defendants further assert their rights under the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice & Remedies Code, including but not limited to, the right to receive the appropriate credit, offset, or reduction in judgment based upon any settlement of Defendants' insurers or for any amount of money collected from any other Defendant (or their insurers) by settlement, compromise, or agreement, or in payment of any judgment entered in this case.

### VII.

Defendants assert that in addition to any other limitation under law, recovery of medical or healthcare expenses is limited to the amount actually paid or incurred by or on behalf of the claimant pursuant to Texas Civil Practice & Remedies Code § 41.0105.

### VIII.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants **SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC** hereby give notice that all documents produced by any party to this case will be used at any pretrial proceeding or at the trial of this matter.

WHEREFORE, PREMISES CONSIDERED, Defendants **SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC** pray that the Plaintiffs take

nothing by reason of this suit; that Defendants recover their costs and attorneys' fees; and for such

other and further relief, both at law and in equity, to which Defendants may be justly entitled.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, LLP**
10225 N. 10th Street
McAllen, Texas 78504
Telephone: (956) 393-6300
Facsimile: (956) 386-1625
doliveira@rofllp.com
lizg@rofllp.com


By:   /s/ David G. Oliveira
        **DAVID G. OLIVEIRA**
        **State Bar No. 15254675**
**ATTORNEY    FOR    DEFENDANTS**
**SPACE           EXPLORATION**
**TECHNOLOGIES CORPORATION and**
**DOGLEG PARK, LLC**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 9th day of April 2021, a true and correct copy of the foregoing **DEFENDANTS SPACE EXPLORATION TECHNOLOGIES CORPORATION AND DOGLEG PARK, LLC'S ORIGINAL ANSWER AND AFFIRMATIVE DEFESNES** has been sent in accordance with the Texas Rules of Civil Procedure, to-wit:

Anthony G. Buzbee
David L. Bergen
Brittany C. Ifejika
THE BUZBEE LAW FIRM
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
(713) 223-5393 (Tel)
(713) 223-5909
Email: tbuzbee@txattorneys.com
Email: dbergen@txattorneys.com
Email: bifejika@txattorneys.com

/s/ David G. Oliveira
**DAVID G. OLIVEIRA**

eFiling for Texas



Envelope Details                                                       Page 1 of 2

Print this page

# Case # 2021-DCL-01562 - Lucinne Venegas,Lucinne Venegas on Behalf of the Estate of Carlos Javier Venegas,,Lucinne Venegas on Behalf of Her Minor Children, on behalf of D.V., G.V., and M.V. vs. Space Exploration Technologies Corporation,Dogleg Park, LLC (Sanchez, David)

**Case Information**

| | |
|---|---|
| Location | Cameron County - 444th District Court |
| Date Filed | 4/9/2021 10:15 AM |
| Case Number | 2021-DCL-01562 |
| Case Description | Lucinne Venegas,Lucinne Venegas on Behalf of the Estate of Carlos Javier Venegas,,Lucinne Venegas on Behalf of Her Minor Children, on behalf of D.V., G.V., and M.V. vs. Space Exploration Technologies Corporation,Dogleg Park, LLC |
| Assigned to Judge | Sanchez, David |
| Attorney | David Oliveira |
| Firm Name | Roerig, Oliveira & Fisher, L.L.P. |
| Filed By | Liz Graybill |
| Filer Type | Not Applicable |
| **Fees** | |
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $0.00 |
| **Payment** | |
| Account Name | David Oliveira |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 76969816 |
| Order # | |

Envelope Details                                                                      Page 2 of 2

**Answer/Response**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Answer/Response |
| Motion Code | |
| Filing Description | Defendants' Space Exploration Technologies Corporation & Dogleg Park, LLC's Original Answer & Affirmative Defenses |
| Reference Number | 51141 |
| Comments | Please efile Defendants' Original Answer and Affirmative Defenses. |
| Status | Submitting |

**Fees**

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

**Documents**

| | |
|---|---|
| *Lead Document* | Defendants' Original Answer & Affirmative Defenses.pdf  [Original] |

**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Liz Alvarado lizg@rofllp.com | Roerig, Oliveira & Fisher, L.L.P. | EServe | Not Sent | No | Not Opened |
| Anthony G. Buzbee tbuzbee@txattorneys.com | Buzbee Law Firm | EServe | Not Sent | No | Not Opened |
| David Bergen Dbergen@txattorneys.com | The Buzbee Law Firm | EServe | Not Sent | No | Not Opened |
| Brittany Ifejika bIfejika@txattorneys.com | The Buzbee Law Firm | EServe | Not Sent | No | Not Opened |
| David G. Oliveira doliveira@rofllp.com | Roerig, Oliveira & Fisher, L.L.P. | EServe | Not Sent | No | Not Opened |



[ **All** ] | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

Check out our new affordable subscription plans at
# iDocket.com

[ View Case Track™ ]————————————[ Start Case Track™ ]

Civil Docket; Case 2021-DCL-01562 59406; Civil-Other Civil
Lucinne Venegas,Lucinne Venegas on Behalf of the Estate of Carlos Javier Venegas,,Lucinne Venegas on Behalf of Her Minor Children, on behalf of D.V., G.V., and M.V. vs. Space Exploration Technologies Corporation,Dogleg Park, LLC
Filed 03/15/2021 - Disposition:
444th District Court, District Clerk, Cameron County, Texas

[ Help ]

| Date | Description/Comments | Reference | Typ | Amount |
|------|---------------------|-----------|-----|--------|
| 03/15/2021 | Efiled Original Petition Document Plaintiff's Original Petition | | " | .00 |
| 03/15/2021 | Original Petition (OCA) Plaintiff's Original Petition | | " | .00 |
| 03/15/2021 | Cover Letter - Request Civil Process Request | | " | .00 |
| 03/15/2021 | Jury Fee Paid (OCA) | | " | .00 |
| 03/19/2021 | Citation Issued | | " | .00 |
| 03/19/2021 | Citation Issued Emailed Citations to 'Ledelacruz@txatt orneys.com' As Requested, V.F. | | " | .00 |
| 03/23/2021 | Service Return Citation Return | | " | .00 |
| 03/23/2021 | Service Return Return of Service | | " | .00 |
| 04/09/2021 | Original Answer Defendants' Space Exploration Technolo gies Corporation & Dogleg Park, LLC's Original Answer & Affirmative Defenses | | " | .00 |

Search | Case History | Parties | Attorneys                                    [ Return to Top ]
All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

© 1999 Solutions, Inc. All rights reserved.                              User ID: LVASQUEZ
Unauthorized access is prohibited. Usage will be monitored.              Viewed as of: April 14, 2021, time: 15:19:26
Agreements

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUCINNE VENEGAS, Individually, on | § | |
| Behalf of the Estate of Carlos Javier Venegas | § | |
| and on Behalf of Her Minor Children, D.V., G.V., | § | |
| and M.V., | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | JURY DEMAND |
| SPACE EXPLORATION TECHNOLOGIES | § | |
| CORPORATION and DOGLEG PARK, LLC, | § | |
|     Defendants | § | |

## **LIST OF COUNSEL OF RECORD**

## **COUNSEL FOR PLAINTIFFS:**

Anthony G. Buzbee
State Bar No. 24001820
David L. Bergen
State Bar No. 24097371
Brittany C. Ifejika
State Bar No. 24111011
THE BUZBEE LAW FIRM
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
(713) 223-5393 (Tel)
(713) 223-5909
Email: tbuzbee@txattorneys.com
Email: dbergen@txattorneys.com
Email: bifejika@txattorneys.com

**COUNSEL FOR DEFENDANTS SPACE EXPLORATION TECHNOLOGIES CORPORATION AND DOGLEG PARK, LLC:**

David G. Oliveira
State Bar No. 15254675
Federal ID No. 34165
Rene O. Oliveira, Jr.
State Bar No. 24059132
Federal ID No. 1005530
**ROERIG, OLIVEIRA & FISHER, LLP**
10225 N. 10th Street
McAllen, Texas 78504
Telephone: (956) 393-6300
Facsimile: (956) 386-1625
doliveira@rofllp.com
lizg@rofllp.com