IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUCINNE VENEGAS, Individually, on Behalf of the Estate of Carlos Javier Venegas and on Behalf of Her Minor Children, D.V., G.V., and M.V., <br><br>*Plaintiff,* <br><br>vs. <br><br>SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC, <br><br>*Defendants.* | § § § § § § § § § § § § § § § | Civil Action No. 1-21-CV-54 |

**PLAINTIFF'S MOTION FOR LIMITED, EXPEDITED JURISDICTIONAL DISCOVERY, MOTION TO EXTEND PLAINTIFF'S DEADLINE TO FILE A MOTION TO REMAND, AND MOTION TO STAY PENDING DETERMINATION OF SUBJECT-MATTER JURISDICTION**

Plaintiff Lucinne Venegas ("Mrs. Venegas") files this Motion for Expedited, Limited Jurisdictional Discovery, Motion to Extend Plaintiff's Deadline to File a Motion to Remand, and Motion to Stay All Matters Pending Determination of Subject-Matter Jurisdiction ("Motion"), and respectfully shows as follows:

## I. Summary of Plaintiff's Motion

- **Defendants removed this case to federal court, alleging over a dozen, unsupported facts to support their claim that they are citizens of California and not Texas.**

- **But Mrs. Venegas disputes these facts and has a reasonable basis to believe that SpaceX moved its "nerve center" to Texas in the last two years, and if true, Defendants are residents of Texas and diversity of jurisdiction does not exist. This belief is based on widely publicized actions of and admissions by SpaceX in the last two years, indicating an intent to move their operations and thousands of employees, including CEO Elon Musk and other leaders, to Texas.**

- **Mrs. Venegas requests this Court provide her with ninety days to conduct expedited, limited jurisdictional discovery and assess whether to consent to or challenge jurisdiction in this forum, and stay all proceedings pending a determination of subject-matter jurisdiction.**

1

## II. Factual and Procedural Background

1. This is a wrongful death and personal injury lawsuit stemming from the death of Mrs. Venegas's husband and injuries to Mrs. Venegas and her children at Defendants' facilities on June 7, 2020. [Dkt No. 1-1, p. 5]

2. On the night of June 7, 2020, high tides forced the Venegas family to leave their campsite and return home. While driving down the dark road between SpaceX's facilities, they ran into a commercial semi-truck they could not see that was stalled across the road in the dark, killing Mr. Venegas and injuring his family. The truck was stalled because the access point was too narrow to accommodate the semi-truck, and the entrance had no lighting, signs, or safety precautions to warn the Venegas family of Defendants' around-the-clock commercial deliveries.

3. But this was no accident. The gist of Mrs. Venegas's allegations is that SpaceX moved to South Texas and expanded its operations too quickly without taking the necessary steps to ensure that around-the-clock commercial deliveries could occur safely.

4. On March 15, 2021, Mrs. Venegas sued Defendants in the 444th Judicial District Court of Cameron County, Texas for negligence and gross negligence. [Dkt No. 1-1, p. 5] On April 16, 2021, Defendants removed this case to this Court. [Dkt No. 1] Her deadline to file a motion to remand is Monday, May 17, 2021. *See* 28 U.S.C. § 1447(c).

## III. Defendants Removed this Case Based on Diversity Jurisdiction and Allege Numerous Unsupported Claims to Support This Basis

5. Defendants' sole basis for removal is diversity under 28 U.S.C. § 1332. [Dkt No. 1, p. 2] To support removal, Defendants allege numerous unsupported claims, including:

- Defendants are both incorporated/organized in Delaware; [Id. at p. 2]

- Both Defendants have their principal place of business in California; [Id.]

- There can be no dispute that [SpaceX's] headquarters and "nerve center" are in Hawthorne (California); [Id.]

2

- Aside from housing the largest number of the company's employee, Hawthorne is where the majority of the company's senior leadership is based, and it is the center of most company activities; [Id. at p. 3]

- The senior leaders and most professionals in finance and accounting, human resources, sales, mission management (a critical function for launch services providers like SpaceX), facilities, purchasing, and supply chain management are based in Hawthorne. The bulk of the company's engineers—including most engineering leadership—are in Hawthorne, as are most manufacturing operations and production leadership; [Id.]

- SpaceX is clearly the "never center" of SpaceX, and certainly no other SpaceX location would come close to being the company's "nerve center" in comparison to Hawthorne; [Id.]

- DLP is wholly-owned by SpaceX with a single Manager who is based in Hawthorne; a President who splits her time between Texas and Hawthorne; a Secretary who is the same person as the manager and is based in Hawthorne; [Id.]

- The Company expressly identifies Hawthorne as its principal place of business; [Id.]

- The entity (DLP) was set up simply to hold certain SpaceX real estate assets, and its holdings are managed as SpaceX assets by the same people that managed SpaceX generally, meaning it shares the same "nerve center" with SpaceX; [Id. at pp. 3-4] and

- Both SpaceX and DLP are residents of California and Delaware, but not of Texas. [Id. at p. 4]

6. Defendants attached no evidence to support these conclusory allegations.

### IV. Motion for Expedited, Limited Jurisdictional Discovery

7. Mrs. Venegas has a reasonably basis to believe that there is no diversity of jurisdiction, Defendants' claims to support removal are inaccurate, and Defendants have failed to carry their burden to support removal.

8. Defendants' unsupported claims are substantial. Discovery is needed to fully address these allegations. It is Defendants who have placed these factual contentions in dispute—not Mrs. Venegas. Therefore, limited and expedited discovery is needed before Mrs. Venegas can appropriated respond to Defendants' contentions.

**A. The Legal Standard: Courts have discretion to allow for jurisdictional discovery when a party's citizenship is unclear or disputed.**

9. "The removing party must show that no plaintiff shares citizenship with any defendants involved in the case." *Stafford v. Mobil Oil Corp.,* 945 F.2d 803, 804 (5th Cir. 1991). "Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manuno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720 723 (5th Cir. 2002). "A federal court has an independent duty, at any level of proceedings, to determine whether it properly has subject matter jurisdiction over a case." *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct. 1563 (1999).

10. "When a party challenges subject matter jurisdiction, the court is given the authority to resolve factual disputes, along with the discretion to devise a method for making a determination with regard to the jurisdictional issue." *Daniels v. Bull Rogers, Inc.*, 2018 U.S. Dist. LEXIS 230180, *6, 2018 WL 7297874, No. 4:17-CV-53 (W.D. of Tex., Feb. 5, 2018, Hon. David Counts) (citing *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). In other words, "[i]f the issue of subject matter jurisdiction turns on a disputed fact, limited jurisdictional discovery may be warranted." *Id.* (quoting In re MPF Holdings U.S. LLC, 701 F.3d 449, 457 (5th Cir. 2012)).

11. For example, the Honorable David Counts from the Western District of Texas Pecos Division recently considered this very issue and granted the same relief Mrs. Venegas requests here.[1] Judge Counts noted numerous instances where the removing party—like SpaceX here—alleged conclusory allegations regarding the defendants' citizenship, and because such facts were either unclear or in dispute, limited jurisdictional discovery was appropriate. *Id.* at *7.

---

[1] See Exhibit A. In *Daniels v. Bull Rogers*, Judge David Counts granted the plaintiffs' identical *Motion for Expedited, Limited Jurisdictional Discovery and to Stay all Other Matters Pending Motion to Remand and Determination of Subject Matter Jurisdiction* in Civil Action No. 4:17-cv-53, Dkt No. 19, on Feb. 5, 2018. In that case, Defendants removed the action on diversity, and the plaintiffs sought a stay and limited, expedited discovery on the issues raised in the defendants notice of removal. Judge Counts granted the plaintiffs' motion in its entirety.

12. The decision to permit jurisdictional discovery is committed to the district court's discretion. *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982).

**B. Mrs. Venegas has a reasonable basis for believing Defendants may maintain a principal place of business in Texas.**

13. Mrs. Venegas has a reasonable belief in this case that SpaceX is a citizen of Texas. In other words, Mrs. Venegas believes that SpaceX's "nerve center" is now located in Texas.[2]

14. This belief is based on widely publicized actions of and admissions by SpaceX and numerous public entities who activity have reported about SpaceX and its admissions in the last two years that indicate SpaceX has already moved their operations and "nerve center" to Texas and away from California. In fact, their aggressive expansion in Boca Chica alone is discussed in six pages of allegations in Plaintiff's Original Petition, and Mrs. Venegas asserted that this massive relocation to South Texas created unsafe conditions that directly contributed to the death of her husband.[3] [Dkt No. 1-1, pp. 8-14]

15. For example, SpaceX claims that its "nerve center" is in Hawthorne, California because its decision-makers reside there. But widely-reported actions and admissions by SpaceX suggest otherwise.

---

[2] "The relevant and most-recently elucidated test established by the Supreme Court for determining a corporation's principal place of business is where the corporation's "nerve test" is located." *Elizondo v. Keppel Amfels, LLC,* 2015 U.S. Dist. LEXIS 57266, *11, 2015 WL 1976434, No.1:-14-CV-220 (S.D. Tex., Brownville Division, May 1, 2015, Hon. Andrew S. Hanen) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L.Ed.2d 1029 (2010)).

[3] The gist of Mrs. Venegas's entire lawsuit is that Defendants' decision to move their operations to Boca Chica so quickly in 2019-2020 led to unsafe conditions that ultimately led to the death of Mrs. Venegas's husband in the middle of the night when he crashed into a semi-truck stranded across the middle of road that was attempting to make an unsafe delivery on an access road it could not adequately access.

16. Starting at the top, SpaceX's founder, leader, and Chief Operating Officer is Elon Musk.[4] He is also the lead designer at SpaceX.[5] "As lead designer, he oversees the development of rockets and spacecraft for missions to Earth orbit and ultimately to other planets."[6]

17. Fortune Magazine and Bloomberg News, along with scores of similar news outlets, reported in December 2020 that Elon Musk admitted in a live interview, "I have moved to Texas."[7] The news report indicated he previously had lived near Hawthorne, California.[8] Additional reports indicate he did so because "the two biggest things that I got going on right now are the Starship development in South Texas (Boca Chica facilities) . . . and then the big new US factory for Tesla . . . Living in California wasn't necessarily a great use of my time."[9]

18. Mrs. Venegas reasonably believe that SpaceX's and DLP's President also resides in Texas. SpaceX's President and Chief Operating Officer is Gwynne Shotwell.[10] It is reported that she "manages the operations" of SpaceX.[11] Mrs. Venegas believes—and Defendants' Notice of Removal confirms—that Ms. Shotwell is the President of SpaceX and DLP and "splits her time between Texas and California." [Dkt No. 1, p. 3]

19. Mrs. Venegas also has a reasonable belief that SpaceX has moved a substantial part of its operations, decision-makers, and its employees from California and Florida to Texas in the past two years and will continue to do so moving forward, evidencing an intent that its "nerve

---

[4] https://www.tesla.com/elon-musk; www.businessinsider.com/the-rise-of-elon-musk-2016

[5] https://www.tesla.com/elon-musk

[6] *Id.*

[7] www.fortune.com/2020/12/08/elon-musk-moving-to-texas-from-california.
 www.texasmonthly.com/news-politics/elon-musk-move-to-texas-tech-industry/,

[8] Id.

[9] www.bbc.com/news/technology-55246148

[10] www.forbes.com/profile/gwynne-shotwell/?sh=74db67d02b96

[11] *Id.*

6

center" is now in Texas. For example, CNBC reported on Jun 7, 2020 in an article entitled "*Elon Musk tells SpaceX employees that its Starship rocket is the top priority now*" that Elon Musk was making plans to move much of its 8,000 employees, who are currently spread across Texas, California, and Florida, to Texas to work on its Boca Chica Starship project—the admitted "top priority."[12] The article details the expansion of Starship's development, beginning in 2019.

20. Business Insider confirms that SpaceX just recently moved its manufacturing production to Austin, Texas, and is building a "state-of-the-art manufacturing facility" there.[13] SpaceX is hiring employees for its manufacturing production in Texas, and 25% of those employees are temporarily traveling to SpaceX's California facility until the Texas facility is fully established.[14]

21. Another article in March of 2021 on theverge.com highlights numerous admissions by Elon Musk that he was expanding SpaceX's footprint in Texas, including building the City of Starbase, Texas and enlarging "the company's rocket engine development facility" this year, which is based in McGregor, Texas and not California.[15]

22. Defendants' move to Texas does not appear to be speculation; much of SpaceX's 8,000 employees already work in Texas and its Texas presence will continue to expand rapidly this year after CEO Musk admitted recently its Starbase operations in South Texas alone would grow by several thousand people in the next year or so:

---

[12] www.cnbc.com/2020/06/07/elon-musk-email-to-spacex-employees-starship-is-the-top-priority.html
[13] www.businessinsider.com/spacex-austin-texas-manufacturing-facility-elon-musk-job-listings-2021-3
[14] www.businessinsider.com/spacex-austin-texas-manufacturing-facility-elon-musk-job-listings-2021-3
[15] www.theverge.com/2021/3/3/22309889/elon-musk-city-texas-starbase-starlink



[16]

23. As cited above, SpaceX only employs roughly 8,000 employees, so growing Texas operations by an additional several thousand employees would reasonably place most of SpaceX's employees in Texas and not California.

24. This is not a new argument raised for the first time in this Motion. Plaintiff's Original Petition contains six pages of allegations, detailing the massive expansion at SpaceX's Starship headquarters in Boca Chica, including this photograph showing the massive Boca Chica Starship expansion in Texas just between 2019 and 2020:

---

[16] www.twitter.com/elonmusk/status/1376908285677297671?lang=en; www.spectrumlocalnews.com/tx/san-antonio/news/2021/03/30/touting-spacex-jobs--elon-musk-encourages-move-to-south-texas-



But construction exploded between June 2019 and July 2020:

Construction activity at the Boca Chica control center has been intense, as can be seen in a comparison of images from June 2019 (above) to June 2020:



A June 2020 aerial shot of the SpaceX control center at Boca Chica Village. Courtesy: RGV Aerial Photography. [2]

---

[2] Photo in June 2020 from https://www.virtualbx.com/construction-preview/brownsville-space-tourist-resort-in-the-works-at-spacex-boca-chica/

17

25. Mrs. Venegas argues in her lawsuit that Defendants now reside in Texas, and its facilities in Texas are now its priority. Mrs. Venegas pled that SpaceX maintains principal offices

---

[17] [Dkt No. 1-1, p. 10]

at 54298 Boca Chica Blvd. and at 1 Rocket Road, in Brownsville, Texas. [Dkt No. 1-1, p. 6] She pled that DLP maintains its principal office at 1 Rocket Road, Brownsville, Texas. [Id.]

26. Furthermore, Defendants alleged jurisdictional facts with no support that Mrs. Venegas reasonably believes are untrue, including:

- Aside from housing the largest number of the company's employees, Hawthorne is where the majority of the company's senior leadership is based, and it is the center of most company activities. [Dkt No. 1, p. 3]

- The senior leaders and most professionals in finance and accounting, human resources, sales, mission management (a critical function for launch services providers like SpaceX), facilities, purchasing, and supply chain management are based in Hawthorne. The bulk of the company's engineers—including most engineering leadership—are in Hawthorne, as are most manufacturing operations and production leadership. [Id. at p. 3]

- SpaceX is clearly the "nerve center" of SpaceX, and certainly no other SpaceX location would come close to being the company's "nerve center" in comparison to Hawthorne. [Id. at p. 3]

27. Discovery is needed to determine whether SpaceX's "nerve center" is located in Texas or California. It may very well be that several years ago SpaceX could be said to reside in California but not in 2021.

**C. Mrs. Venegas requests ninety days to conduct limited, expedited jurisdictional discovery and an extension to assess whether to consent to or objection to jurisdiction in this forum.**

28. Federal Rule of Civil Procedure 26(d) precludes a party from conducting discovery until after the conference identified in Rule 26(f). Furthermore, although Rule 26(b)(1) permits discovery on matters other than the merits of the case, such as jurisdictional issues, a Court order specifically allowing such discovery is often helpful to expedite compliance with such discovery. See Fed. R. Civ. P. 26(b).

29. Discovery would likely get bogged down with issues unrelated to the question of this Court's subject matter jurisdiction were the parties to engage in a Rule 26(f) conference and then begin merits-based discovery. However, by limiting expedited discovery to only jurisdictional

issues until Mrs. Venegas can assess whether to file a motion to remand or consent to jurisdiction before this Court, the parties can efficiently reach the jurisdictional issue without conducting full discovery in a Court that may not have jurisdiction over this matter.

30. In this case, the parties have not yet had a Rule 26(f) conference, which must occur by rule at least twenty-one days before any scheduling conference, which is set for July 15, 2021. Fed. R. Civ. P. 26(f). [Dkt No. 2] Plaintiff also must file a motion for remand on procedurally defective grounds on or before May 17, 2021. 28 U.S.C. 1447(c).

31. Because this Court's subject matter jurisdiction is at issue, Mrs. Venegas respectfully requests ninety days to conduct limited, expedited jurisdictional discovery and assess whether to consent to or challenge jurisdiction before the parties and this Court commit time and resources litigating in this forum.

## V. Motion to Stay Proceedings Pending Determination of Jurisdiction

32. Mrs. Venegas further requests that all other issues in this litigation be stayed pending the resolution of whether this Court has subject-matter jurisdiction. A stay is currently necessary before the parties conduct a merits-based Rule 26(f) conference, submit a joint discovery case management plan, submit an agreed scheduling order to this Court that may or may not apply, attend a scheduling conference on July 15, 2021, and begin to litigate the merits of this case in this forum prior to a determination of whether this is the proper forum for this suit.

## Conclusion and Prayer

33. For these reasons, Mrs. Venegas requests this Court allow Mrs. Venegas ninety (90) days to conduct limited, expedited discovery and assess whether to consent to jurisdiction or file a motion to remand, and stay proceedings pending the resolution of subject-matter jurisdiction.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By:   /s/ *Anthony G. Buzbee*
     Anthony G. Buzbee
     Texas Bar No. 24001820
     S.D. of Tex. No. 22679
     tbuzbee@txattorneys.com
     J.P. Morgan Chase Tower
     600 Travis, Suite 7300
     Houston, Texas 77002
     Telephone: (713) 223-5393
     Facsimile: (713) 223-5909
     www.txattorneys.com

**OF COUNSEL:**
David L. Bergen
Texas Bar No. 24097371
S.D. of Tex. No. 2858355
dbergen@txattorneys.com
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

**ATTORNEYS FOR PLAINTIFF
LUCINNE VENEGAS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was served via this Court's CM/ECF system on April 30, 2021.

Mr. David G. Oliveira
Tex. Bar No. 15254675
doliveira@rofllp.com
Ms. Rene O. Oliveira
Tex. Bar No. 24099137
roliveirajr@rofllp.com
Roerig, Oliveira & Fisher, LLP
10225 N. 10th Street
McAllen, Texas 78504
Tel: 956-393-6300
Fax: 956-386-1625

**ATTORNEYS FOR DEFENDANTS**
**SPACE EXPLORATION TECHNOLOGIES CORP.**
**AND DOGLEG PARK, LLC**

*/s/ David L. Bergen*
David L. Bergen

## CERTIFICATE OF CONFERENCE

I certify that I conferenced with Defendants' counsel by e-mail regarding the relief requested herein on April 28 and April 30, and Defendants' counsel notified me that they opposed all relief requested herein.

*/s/ David L. Bergen*
David L. Bergen