No *Shepard's* Signal™
As of: April 17, 2021 9:51 PM Z

# *Daniels v. Bull Rogers, Inc.*

United States District Court for the Western District of Texas, Pecos Division

February 5, 2018, Decided; February 5, 2018, Filed

No. PE:17-CV-00053

**Reporter**
2018 U.S. Dist. LEXIS 230180 *; 2018 WL 7297874

JEANETTE DANIELS, Individually and as Heir to and Representative of the Estate of TERRANCE DANIELS, Plaintiffs, v. BULL ROGERS, INC., ET AL., Defendants.

## Core Terms

*discovery*, *citizenship*, Notice, diversity, Removal, parties, subject matter jurisdiction, principal place of business, pending *motion*

**Counsel:** [*1] For Jeanette Daniels, Individually, And as Heir to And Representative of The Estate of Terrance Daniels, Plaintiff: Sanjay K. Minocha, Minocha Law Firm PLLC, Dallas, TX USA.

For Bull Rogers, Inc., Bull Rogers Casing, Bull Rogers Laydown Inc., Helen Wallace, Mary White, Ronnie Wallace, Hector Javalera, Brian Puccio, Defendants: Dick R. Holland, LEAD ATTORNEY, Richard Layne Rouse, Shafer, Davis, O'Leary & Stoker, Odessa, TX USA; Jeff H. Ray, LEAD ATTORNEY, Ray Pena McChristian, P.C., El Paso, TX USA.

For John 1-100 Does, Defendant: Dick R. Holland, LEAD ATTORNEY, Shafer Davis O'Leary & Stoker, Inc., Odessa, TX USA.

**Judges:** DAVID COUNTS, UNITED STATES DISTRICT JUDGE.

**Opinion by:** DAVID COUNTS

## Opinion

**ORDER GRANTING *MOTION* FOR JURISDICTIONAL *DISCOVERY* AND STAY**

BEFORE THE COURT is Jeannette Daniels, individually and as heir to and representative of the Estate of Terrance Daniels's ("Plaintiffs") *Motion* for Expedited, Limited Jurisdictional *Discovery* and to Stay All Other Matters Pending *Motion to Remand* and Determination of Subject Matter Jurisdiction ("*Motion* for *Discovery*"). (Doc. 14). Additionally, the Court considered Bull Rogers, Inc., Bull Rogers Casing Crews, Inc., Bull Rogers Laydown Inc. ("BR Laydown"), Hellen Wallace, [*2] Mary White, Ronnie Wallace, Hector Javalera, and Brian Puccio's ("Defendants") Response to Plaintiffs' *Motion* for *Discovery* (Doc. 17), and Plaintiffs' Reply. (Doc. 18). The Court also reviewed Plaintiffs' Pending *Motion to Remand* (Doc. 9) and Defendants' *Motion* for Leave to File First Amended Notice of Removal. (Doc. 12).

After due consideration of all relevant pleadings, Plaintiffs' *Motion* for *Discovery* shall be **GRANTED**. (Doc. 14). Consequently, Plaintiffs' pending *Motion to Remand* (Doc. 9) and Defendants' *Motion* for Leave to File First Amended Notice of Removal (Doc. 12) are rendered **MOOT**. Finally, all other litigation in this matter shall be **STAYED** pending the completion of jurisdictional *discovery*.

### I. BACKGROUND

This case arises from a motor vehicle collision occurring on or about November 16, 2016, and resulting in Terrance Daniels's ("Decedent") death. (Doc. 1 at 11).



EXHIBIT A

The collision involved Decedent and a truck allegedly driven, owned, and operated by Defendants in some capacity. *Id.* On October 31, 2017, Plaintiffs filed an Original Petition in the 109th Judicial District Court of Winkler County, Texas—the county in which the collision occurred.[1] *Id.* at 8-18.

Defendants' Notice of Removal ("Notice") **[*3]** was filed on November 30, 2017, invoking this Court's diversity jurisdiction. (Doc. 1). In the Notice, Defendants allege Plaintiffs and Defendants are completely diverse and the amount in controversy requirement is met. *Id.* at 2-3. The Notice as filed is missing paragraphs 2 through 12, some of which discuss Plaintiffs' *citizenship* for the purpose of diversity jurisdiction. (Doc. 12). However, the Notice does address the *citizenship* of Defendants Bull Rogers, Inc., BR Laydown, Helen Wallace and Ronnie Wallace—the pertinent parties to the present *motions*.

With respect to Bull Rogers, Inc.'s *citizenship*, paragraph 14 of the Notice alleges "Bull Rogers, Inc., also incorrectly named Bull Rogers Casing Crews, Inc., is a New Mexico Corporation incorporated under the laws of New Mexico with its principal place of business in Hobbs, New Mexico." (Doc. 1 at 2). In paragraph 15, the Notice alleges "Defendant Bull Rogers Laydown, Inc., is a New Mexico Corporation incorporated under the laws of New Mexico with its principal place of business in Hobbs, New Mexico." *Id.* Finally, Defendants Helen and Ronnie Wallace are each alleged to be "a citizen of New Mexico" in paragraphs 16 and 18, respectively. *Id.*

Filed **[*4]** on December 28, 2017, Plaintiffs' *Motion to Remand* arises from the missing paragraphs of the Notice. (Doc. 9). In it, Plaintiffs point out Defendants' omitted allegations of Plaintiff Jeanette Daniels's *citizenship* and, as a result, ask the Court to *remand* the case due to Defendants' failure to adequately allege the basis for diversity jurisdiction. *Id.* Subsequently, on January 2, 2018, Defendants filed their *Motion* for Leave to File First Amended Notice of Removal. (Doc. 12). In their *Motion* for Leave, Defendants inform the Court of the inadvertently omitted paragraphs, point to evidence of Plaintiffs' diverse, Texas *citizenship*, and request the opportunity to amend the notice. *Id.*

Plaintiffs then filed their *Motion* for *Discovery* on January 9, 2018, questioning the *citizenship* of BR Laydown, Bull Rogers, Inc., and "the natural-person Defendants." (Doc. 14). Thus, Plaintiffs request 60 days for limited, jurisdictional *discovery* and a stay of all other issues pending in the litigation. *Id.* Defendants' Response was filed on January 23, 2018, (Doc. 17) and Plaintiffs' Reply was filed on January 30, 3018. (Doc. 18). This matter is now ready for disposition.

## II. LEGAL STANDARD

A defendant **[*5]** may remove a civil action to the federal court for the district and division embracing the State court where such action is pending if the district courts of the United States have original jurisdiction over the matter. *28 U.S.C. § 1441*. A federal court has original subject matter jurisdiction over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of *citizenship* exists between the parties. *28 U.S.C. § 1332*. Diversity of *citizenship* exists between the parties only if each plaintiff has a different *citizenship* from each defendant. *Getty Oil Corp. v. Insurance Co. of N. Am., 841 F.2d 1254, 1258 (5th Cir.1988)*. A corporation is deemed to be a citizen of every state by which it has been incorporated and the state where it has its principal place of business. *28 U.S.C. § 1332(c)(1)*. A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 555-56 (5th Cir.1985)*. The removing party must show that no plaintiff shares *citizenship* with any defendants involved in the case. *Stafford v. Mobil Oil Corp., 945 F.2d 803, 804 (5th Cir. 1991)*. Any doubts as to the propriety of the removal should be construed strictly in favor of *remand*. *Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)*.

A federal court has an independent duty, at any level of the proceedings, to determine **[*6]** whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999)*. When a party challenges subject matter jurisdiction, the court is given the authority to resolve factual disputes, along with the discretion to devise a method for making a determination with regard to the jurisdictional issue. *Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 172 (5th Cir. 1994)*. If the issue of subject matter jurisdiction turns on a disputed fact, limited jurisdictional *discovery* may be warranted. *In re MPF Holdings U.S. LLC, 701*

---

[1] Specifically, Plaintiffs' Original Petition alleges the collision occurred on State Highway 302 about 15 miles west of Kermit, Texas. (Doc. 1 at 11).

F.3d 449, 457 (5th Cir. 2012). As with all ***discovery*** matters, the question whether to permit jurisdictional ***discovery*** is committed to the district court's discretion. Wyatt v. Kaplan, 686 F.2d 276, 283 (5th Cir. 1982).

### III. DISCUSSION

Although missing from the Notice, other pleadings and evidence presented by Defendants indicate Plaintiffs are citizens of Texas—an assertion Plaintiffs have not challenged. Despite the omitted paragraphs, Defendants' Notice does assert that all named Defendants are citizens of New Mexico, and thus completely diverse from the Plaintiffs. (Doc. 1). Plaintiffs' ***Motion*** for ***Discovery*** questions the alleged ***citizenship*** of Defendants, specifically BR Laydown, Bull Rogers, Inc., and the natural-person Defendants. (Doc. 14).

Plaintiffs first challenge the alleged ***citizenship*** of BR Laydown. (Doc. 14 at 3). Plaintiffs' belief that BR **[*7]** Laydown is a citizen of Texas is based on the oilfield transportation company's regular operations in Texas. *Id.* On the day of the incident giving rise to this suit, BR Laydown was operating equipment in Winkler County, Texas. *Id.* Additionally, Plaintiffs assert the Permian Basin and Eagle Ford areas of Texas are currently "driving the oil industry in the Southwest U.S." *Id.* at 4. Finally, BR Laydown has a natural person as its registered agent for service in Odessa, Texas. *Id.* These facts, Plaintiffs contend, raise an issue of BR Laydown's true principal place of business and thus warrant the conducting of limited, jurisdictional ***discovery***. *Id.*

Plaintiffs also question Defendants' assertion of Bull Rogers, Inc.'s principal place of business being in New Mexico, citing their unfamiliarity with Bull Rogers, Inc.'s corporate structure as reason to seek ***discovery*** regarding the corporation's ***citizenship***. *Id.* Finally, Plaintiffs argue that Defendants' Notice merely asserts each natural-person Defendant is a citizen of New Mexico and, without more, Plaintiffs are entitled to seek ***discovery*** regarding their actual ***citizenship***. *Id.*

Defendants argue the Court should deny Plaintiffs' ***Motion*** for ***Discovery*** **[*8]** because (1) Plaintiffs' request for jurisdictional ***discovery*** is unsupported and inappropriate and (2) the evidence attached to Defendants' Response confirms this Court's jurisdiction. (Doc. 17). To support these contentions, Defendants cite cases in which the parties requesting limited jurisdictional ***discovery*** were also the parties invoking the court's jurisdiction. *See ETS-Lindgren, Inc. v. MVG, Inc., No. A-15-CA-00456-SS, 2015 U.S. Dist. LEXIS 149906, 2015 WL 6756186, at \*5 (W.D. Tex. Nov. 4, 2015); see also NL Indus., Inc. v. OneBeacon Am. Ins. Co., 435 F. Supp. 2d 558, 565 (N.D. Tex. 2006).* In the instant case, however, Defendants as the removing party had the burden to show complete diversity existed. *Stafford, 945 F.2d at 804.* Yet the ***citizenship*** of multiple parties remains unclear, due in large part to Defendants' pleadings. First, due to the omitted paragraphs, Defendants' Notice failed to provide a clear and complete basis for diversity jurisdiction. (Doc. 1). Next, contrary to prior allegations of New Mexican ***citizenship***, a footnote in Defendants' Response to Plaintiffs' ***Motion*** for ***Discovery*** admits natural-person Defendants, Helen and Ronnie Wallace, actually maintain two potential residences—one in New Mexico and one in Texas. (Doc. 17 at 5). This admission evidences the uncertainty surrounding Defendants' other assertions of ***citizenship*** and helps propel Plaintiffs' **[*9]** reasoning for ***discovery*** beyond mere conjecture, speculation, or suggestion. *NL Indus., Inc., 435 F. Supp. 2d at 566.*

It is disputed whether complete diversity exists between the parties and the Court in its discretion finds limited jurisdictional ***discovery*** is appropriate. *Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc., No. 3:12-CV-4746-L, 2013 U.S. Dist. LEXIS 92981, 2013 WL 3328694, at \*4 (N.D. Tex. July 2, 2013)* (granting Defendant leave to conduct jurisdictional ***discovery*** in order to determine ***citizenship***). Limited, jurisdictional ***discovery*** will either show the case is not properly before the Court or, in the words of Defendants, "will only confirm that this Court has jurisdiction." (Doc. 17 at 3). Thus, the Court's independent duty to determine whether the Court properly has subject matter jurisdiction over this case will be fulfilled. *Ruhgras AG, 526 U.S. at 583 (1999).*

Therefore, Plaintiffs' ***Motion*** for ***Discovery*** is **GRANTED**. (Doc. 14). Consequently, the pending ***motions*** in this case arising out of Defendants' Notice and previous assertions of ***citizenship*** are rendered **MOOT**. (Docs. 9, 12).[2] All other litigation in this matter shall be **STAYED** pending the completion of jurisdictional ***discovery***.

---

[2] Further, to the extent Defendants have asserted an improper joinder argument, such claim is similarly rendered **MOOT**. (Doc. 17 at 4-5).



## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' *Motion* for *Discovery* is **GRANTED**. (Doc. 14). To avoid placing **[*10]** undue burdens on the parties in a case in which the Court may not have subject matter jurisdiction, the Court confines *discovery* to interrogatories and requests for production limited solely to facts bearing on the *citizenship* of the named parties to this suit. This *discovery* must be completed within **45 DAYS** of the date this order is filed.

**IT IS FURTHER ORDERED** that Plaintiffs' pending *Motion to Remand* (Doc. 9) and Defendants' *Motion* for Leave to File First Amended Notice of Removal (Doc. 12) are rendered **MOOT**. However, Defendant is **ORDERED** to file an Amended Notice of Removal within **7 DAYS** of the completion of the limited, jurisdictional *discovery* period.

Finally, all other litigation in this matter is **STAYED** pending the completion of jurisdictional *discovery*.

It is so **ORDERED**.

SIGNED this 5th day of February, 2018.

/s/ David Counts

DAVID COUNTS

UNITED STATES DISTRICT JUDGE

---

**End of Document**



**EXHIBIT A**