IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUCINNE VENEGAS, Individually, on Behalf of the Estate of Carlos Javier Venegas and on Behalf of Her Minor Children, D.V., G.V., and M.V., <br><br> *Plaintiff,* <br><br> vs. <br><br> SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC, <br><br> *Defendants.* | § § § § § § § § § § § § § § § § | Civil Action No. 1-21-CV-54 |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HER MOTION FOR LIMITED, EXPEDITED JURISDICTIONAL DISCOVERY, MOTION TO EXTEND PLAINTIFF'S DEADLINE TO FILE A MOTION TO REMAND, AND MOTION TO STAY PENDING DETERMINATION OF SUBJECT-MATTER JURISDICTION**

Plaintiff Lucinne Venegas ("Mrs. Venegas") files this Reply to address three points.

**A. Defendants' Response is Simply a Regurgitation of Unsupported Citizenship Claims Which is Precisely the Reason Mrs. Venegas is Entitled to the Relief Sought.**

1. Defendants devote most of their Response to alleging—without any evidence again—that they are citizens of California and not Texas. [Dkt No. 7, ¶¶ 6, 7, 14, 15, 16, 17, 18, 19, and 20] This argument may be relevant in response to a motion to remand but it is unhelpful to addressing whether it is appropriate for Mrs. Venegas to challenge these claims immediately before the Parties substantially litigate her husband's death in a forum she did not choose.

2. This Court should respectfully disregard each of these unsupported claims because they are not relevant to this Motion, and if they are, they simply demonstrate that Defendants

1

continue to allege dozens of supported allegations regarding their citizenship without proof, and Mrs. Venegas is entitled to explore these wide-ranging allegations.

**B. Defendants Changed Their Position on the Importance of Certain Facts to Support Their Citizenship In Light Of Mrs. Venegas' Motion.**

3. Defendants' Notice of Removal included a myriad of facts that Mrs. Venegas seeks to discover. But now that Defendants realize the issues they raised are ripe for discovery, Defendants now claim certain issues are irrelevant. Defendants cannot have it both ways.

4. For example, Defendants initially claimed that their "high-level officers" direct, control and coordinate Defendants' activities from California. [Dkt No. 1, ¶ 8] Defendants also claimed that their "senior leaders and most professionals" reside in California. [Dkt No. 1, ¶ 10] Defendants also claimed a President, Manager, Secretary, and executives reside in California. [Dkt No. 1, ¶ 12]

5. When pressed by Mrs. Venegas in her Motion, Defendants now claim their leaders' residences are not directly relevant to the company's citizenship. [Dkt No. 7, ¶ 11]

6. Defendants also initially made significant promises regarding the location of their business operations in California in Texas, the gist of which is that most everything occurs in California and very little occurs in Texas. [Dkt No. 1, ¶ 10] But Defendants now attempt to minimize their recent behavior and admissions regarding their future plans as irrelevant. [Dkt No. 7, ¶¶ 12-20]

7. These positions are inconsistent. Defendants cannot have it both ways. Either these issues matter to determine the "nerve center" of Defendants' operations or they do not. Defendants raised these issues, and Mrs. Venegas is entitled to challenge them.

**C. Defendants' Response Fails to Articulate any Clear Prejudice or Harm to Defendants, and Litigating in an Improper Forum Poses Potential Prejudice to Mrs. Venegas.**

8. Defendants' Response does not articulate any prejudice other than "Defendants will be forced to sit on their hands and the case allowed to languish." [Dkt No. 7, ¶ 22] This hyperbolic complaint is a product of Defendants' decision to forum shop whether right or wrong, but a ninety-day stay is not true prejudice.

9. What is prejudicial is forcing a widow to conduct serious, merit-based discovery in a forum she did not choose and pursuant to rules that may not ultimately apply, while being forced to discover and combat whether the new forum is even proper to begin with.

10. Mrs. Venegas's relief will not lead to "duplicative discovery" or "waste the Court's time," as Defendants allege. [Dkt No. 7, ¶ 25] This position makes no sense. Quite the opposite. The potential "waste of time" would be litigating for months in an improper forum and then proceeding back to state court to again prepare for trial.

11. This is precisely why courts consider similar relief at the onset of removal. This also serves as a check on a defendant's conduct generally. If is shown that Defendants improperly removed this case, they should not reap the benefit of their improper removal by litigating this case in a forum of their choosing for months.

**Conclusion and Prayer**

12. For the reasons above and those identified in her Motion, Mrs. Venegas requests this Court grant her Motion and provide her with ninety (90) days to conduct limited, expedited discovery and assess whether to consent to jurisdiction or file a motion to remand, and stay proceedings pending the resolution of subject-matter jurisdiction.

3

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By:    /s/ *Anthony G. Buzbee*
       Anthony G. Buzbee
       Texas Bar No. 24001820
       S.D. of Tex. No. 22679
       tbuzbee@txattorneys.com
       J.P. Morgan Chase Tower
       600 Travis, Suite 7300
       Houston, Texas 77002
       Telephone: (713) 223-5393
       Facsimile: (713) 223-5909
       www.txattorneys.com

**OF COUNSEL:**
David L. Bergen
Texas Bar No. 24097371
S.D. of Tex. No. 2858355
dbergen@txattorneys.com
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

**ATTORNEYS FOR PLAINTIFF**
**LUCINNE VENEGAS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was served on all counsels of record via this Court's CM/ECF system on May 14, 2021 in compliance with the Federal Rules of Civil Procedure.

                          */s/ David L. Bergen*
                          David L. Bergen