IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUCINNE VENEGAS, Individually, on Behalf of the Estate of Carlos Javier Venegas and on Behalf of Her Minor Children, D.V., G.V., and M.V., | §§§§§§§ | |
| *Plaintiff,* | § | Civil Action No. 1-21-CV-54 |
| vs. | §§§ | |
| SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC, | §§§§§ | |
| *Defendants.* | §§ | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(F) OF FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to this Court's May 18, 2021 Order, the Parties file this Joint Discovery/Case Management Plan.

**1. State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.**

The parties conferred via electronic mail on or about June 1, 2021 and by phone shortly thereafter. Mr. David Oliveira for Defendants and David Bergen for Plaintiff participated in the conference.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

None.

**3. Briefly describe what this case is about.**

This suit relates to an alleged wrongful death and three personal injury claims related to a motor vehicle crash that occurred on or about June 7, 2020. Plaintiff's husband Mr. Venegas was

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FRCP 26(f) – Page 1**

killed in that crash, and Mrs. Venegas seeks alleged damages for her husband's death and for personal injuries suffered by herself and her three small children. Mrs. Venegas pled claims for Negligence and Gross Negligence under Texas law.

Defendants deny any wrong-doing and deny each and every allegation identified by Plaintiff in her live pleading. Defendants also assert various affirmative defenses, which allegedly preclude Plaintiff's recovery in whole or in-part under Texas law.

**4. Specify the allegation of federal jurisdiction.**

Defendants contend that this Court retains jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. Plaintiff disputes that complete diversity exists and intends to serve jurisdictional discovery on Defendants and potentially challenge Defendants' jurisdictional allegations. Defendants contest Plaintiff's request for jurisdictional discovery.

**5. Name the parties who disagree with the Defendants' jurisdictional allegations and state their reasons.**

Plaintiff. Plaintiff believes one or more Defendants are citizens of Texas. Plaintiff's position is more fully identified in its recent briefing and request for jurisdictional discovery.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiff does anticipate that a potential third-party security company may be added as a party once the parties have completed written discovery. That company is named SOS Security. Other than this party, no additional parties are anticipated at this time, but no discovery has occurred and Plaintiff reserves the right to add additional parties as allowed by the Federal Rules of Civil Procedure and this Court's scheduling order.

Defendants anticipate designating the trucking company that owned the truck involved in the accident in question, SYM Trucking LLC, as a responsible third party but does not anticipate bringing them into the lawsuit.

**7. List anticipated interventions.**

None.

**8. Describe class-action issues.**

None.

**9. State whether each party represents that it has made the initial disclosures required by Rule26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties will make initial disclosures by June 18, 2021.

**10. Describe the proposed agreed discovery plan, including:**

**a. Responses to all the matters raised in Rule 26(f).**

Discovery may be needed on the alleged standard of care owed to the Venegas family, any violations of the alleged standard of care owed to Plaintiff, the cause or extent of damages alleged in Plaintiff's live pleading as well as the factual circumstances relating to Defendants' defenses. Plaintiff contends that discovery is also needed on subject matter jurisdiction as Plaintiff disputes that complete diversity exists. The Parties plan to serve written discovery, conduct a joint site inspection, and depose several fact witnesses, prepare expert reports, and present experts for deposition. Defendant will make its respective property at issue in this suit available for inspection by both parties at least 60 days prior to Plaintiff's deadline to designate experts.

**b. When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates that any relevant interrogatories will be forwarded to Defendant during the proposed discovery period so that responses to same are due no later than the end of the proposed discovery deadline.

**c. When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate that any relevant interrogatories will be forwarded to Plaintiff during the proposed discovery period so that responses to same are due no later than the end of the proposed discovery deadline.

**d. Of whom and by when the plaintiff anticipates taking oral depositions.**

To the extent it is determined that depositions are necessary, they will include, but may not be limited to: Defendants, their relevant employees, agents, subcontractors, and experts. Plaintiff may also depose any witnesses to the events or circumstances described in Plaintiff's live pleading. Plaintiff anticipates that any depositions will be completed prior to the end of the proposed discovery deadline.

**e. Of whom and by when the defendant anticipates taking oral depositions.**

To the extent it is determined that depositions are necessary, they will include, but may not be limited to: Plaintiff, relevant third-party witnesses, and Plaintiff's designated experts. Defendants anticipate that any depositions will be completed prior to the end of the proposed discovery deadline.

**f. (i) Specify the date experts for plaintiff (or the party with the burden of proof) will be designated and their reports provided to opposing party.**

January 7, 2022.

**(ii) Specify the date experts for defendant will be designated and their reports provided to opposing party.**

February 18, 2022.

**g. List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated complete date.** *See* **Rule 26(a)(2)(B) (expert report).**

Plaintiff intends to depose Defendants' experts designated by Defendants. Plaintiff anticipates that any depositions will be completed prior to the end of the proposed discovery deadline.

**h. List expert depositions the defendant (or opposing party) anticipates taking and their anticipated complete date.** *See* **Rule 26(a)(2)(B) (expert report).**

Defendants intend to depose Plaintiff's experts designated by Defendants. Defendants anticipate that any depositions will be completed prior to the end of the proposed discovery deadline.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are in agreement other than Defendants contest the Plaintiffs' Request for Jurisdictional Discovery.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

The parties have not undertaken any additional discovery to date.

**13. State the date the planned discovery can reasonably be completed.**

The parties anticipate discovery can reasonably be completed by April 15, 2022.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties believe mediation may result in resolution of the case; however, the parties believe that substantial discovery will need to occur to address the parties' positions before each party can evaluate the potential for formal or informal ADR efforts.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties anticipate scheduling mediation, although before doing so, the parties believe that substantial discovery will need to occur to address the parties' positions before each party can evaluate the potential for formal or informal ADR efforts.

**16. From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

Mediation, subject to the caveat stated above.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Defendant agrees to trial before a United States Magistrate Judge, but Plaintiff does not.

**18. State whether a jury demand has been made and if it was made on time.**

Plaintiff filed a jury demand on March 15, 2021 and expects to try this case to a jury post-removal. To the extent necessary, Plaintiff incorporates her jury demand fully herein so there is no dispute that Plaintiff has properly filed a jury demand in this Court.

**19. Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate it will take approximately 40-50 hours to present the evidence in this case.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None at this time.

**21. List other pending motions.**

None at this time.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None at this time.

**23. Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for the original and any amendments.**

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FRCP 26(f) – Page 6**

Defendants filed their Disclosure of Interested Parties on May 4, 2021.

Plaintiff filed her Disclosure of Interested Parties on April 26, 2021.

**24. List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

**Counsel for Defendants:**

David G. Oliveira
Tex. Bar No. 15254675
doliveira@rofllp.com
Rene O. Oliveira, Jr.
Tex. Bar No. 24059132
roliveirajr@rofllp.com
Roerig, Oliveira & Fisher, LLP
10225 N. 10th Street
McAllen, Texas 78504
Tel: 956-393-6300
Fax: 956-386-1625

**Counsel for Plaintiff:**

Anthony G. Buzbee
Texas Bar No. 24001820
S.D. of Tex. No. 22679
tbuzbee@txattorneys.com
David L. Bergen
State Bar No. 24097371
Southern District No. 2858355
dbergen@txattorneys.com
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com


| */s/ David L. Bergen* | 6/7/2021 |
|---|---|
| Counsel for Plaintiff(s) | Date |

| */s/ David G. Oliveira* | 6/7/2021 |
|---|---|
| Counsel for Defendant(s) | Date |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above was served via the Court's CM/ECF system on June 7, 2021.

>  */s/ David G. Oliveira*
>  David G. Oliveira