IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUCINNE VENEGAS, <br> Plaintiff, | § <br> § <br> § | |
| v. | § | CIVIL ACTION NO. 1:21-54 |
| | § | |
| SPACE EXPLORATION TECHNOLOGIES <br> CORPORATION & DOGLEG PARK, LLC, <br> Defendants. | § <br> § <br> § <br> § | |

### **JOINT PROTECTIVE ORDER**

Upon agreement of the parties, the Court issues the following protective order:

**I. Parties**

This order applies to the Plaintiff(s), Defendant(s), any third-party plaintiffs or defendants, their respective attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons, entities, or organizations over which they control. Plaintiffs or Defendants also include parties and/or individuals who are added to the case after the issuance of this order. Anyone falling under this definition shall be referred to as "Parties" in this protective order.

**II. Information Protected**

Information produced during discovery in this case may be designated as confidential if, in good faith, the producing entity or organization believes that the information consists of proprietary, trade secret, financial, personal, or otherwise confidential materials or information maintained as confidential, or is otherwise subject to a protective order in another matter.

Pursuant to this Order, any party, witness, or nonparty individual, entity, or organization that is requested to produce information pursuant to a discovery request, that it believes is confidential, may designate such information as "confidential" and thereby restrict access to, and disclosure of, the information as further set forth herein.

1

### III. Limitations on Confidential Information

Information produced in other litigation involving one or more of the same parties shall be governed by any protective orders issued in that litigation and must be lawfully obtained in accordance with those protective orders. Nothing in this protective order shall supersede the protective order(s) issued by another court. If discovery produced in other litigation is lawfully provided to a party in this case, any confidential information shall retain its original designation; any challenge to that designation will be governed by the protective order issued in the originating court; and must be challenged in that court. Limitations on disclosure of such confidential information, as it relates to this cause of action, shall be governed by this order.

Furthermore, confidential information does not include documents or information that is:

1. Independently developed by the receiving Party without use of or reliance upon any of the producing party's confidential information;

2. Rightfully acquired by the receiving Party from an independent source, without restrictions as to use or obligations as to confidence;

3. Prior to disclosure, rightfully in the possession or knowledge of the receiving Party without restrictions of confidentiality;

4. Publicly available in substantially the same form in which it was provided by the producing Party claiming confidentiality;

5. Required by law to be made available to third parties; or

6. Public knowledge acquired by means not in violation of this Protective Order.

### IV. Designating Confidential Information

Information produced by any individual/entity to any other individual/entity, in response to a request for production of documents or other discovery request, may be designated as confidential within the meaning of this Order by stamping the word "confidential" on the face of the document, or other source of information, prior to the production of that information or document. Alternatively, a party, witness, or nonparty

individual, entity, or organization may affix a cover sheet to one or more documents similarly marked "confidential," noting Bates stamp numbers that appear on the documents intended for designation.

Oral deposition testimony, related to such confidential information or materials, may also be designated as confidential by stating the designation on the record in a manner such as to enable the court reporter taking the testimony to segregate the confidential testimony in accordance with this Order. Alternatively, prior to the conclusion of a deposition, a party, witness, or nonparty individual, entity, or organization may reserve on the record the right to designate portions of the testimony as confidential. The designation shall be made by giving written notice to all other parties, witnesses, and/or nonparty individual, entity, or organization of the portions of the transcribed testimony so designated within ten (10) business days of the date that the deposition transcripts are received by counsel. In the event that such a reservation of rights is made on the record, the parties, witnesses, and/or non-party individuals, entities, or organizations shall treat all testimony as confidential for at least ten (10) business days from the date of receipt of the deposition transcript. The failure to designate such information confidential within the established ten (10) days, waives the confidential designation of that information.

The parties, witnesses, or nonparty individuals, entities, and organizations will act in good faith with respect to all documents that are to be treated as confidential in connection with this Order. Notwithstanding, all parties, witnesses, and nonparty individuals, entities, and organization reserve their right to pursue appropriate recourse with the Court to challenge any designation of confidentiality or expand or restrict access to information. In the event any party disagrees at any stage of the proceeding with the designation by the supplying party, witness, or nonparty individual, entity, or organization of any information as confidential, the parties, witnesses, or nonparty individuals, entities or organization shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court. Nothing in this protective order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible.

## V. Limitations on Disclosure of Confidential Information

Confidential information shall not be disclosed to any persons other than: (i) parties to this proceeding and their duly authorized representatives; (ii) counsel (in-house and external) for parties to this proceeding, including necessary secretarial and clerical personnel assisting such counsel; (iii) expert witnesses engaged by the parties for the purpose of this proceeding (with the understanding that parties are not waiving any consulting expert privilege); (iv) qualified person(s) taking testimony, involving such documents or information, and necessary stenographic and clerical personnel assisting them; and (v) the judges presiding over the above-captioned cause and their staff.

No confidential information shall be disclosed to anyone listed in (i)-(iii) above until such person has been provided with a copy of this Protective Order; agreed to be bound by it; and signed an agreement in the same form as this Protective Order. Counsel obtaining such agreement(s) will retain them.

Confidential documents and information as defined herein shall be used solely for the purpose of this proceeding and not for any other matter or purpose, unless production of same is compelled by subpoena from a governmental or administrative agency. In the event of such a subpoena, the party subject to the subpoena shall give prompt written notice of the subpoena to the party, witness, or nonparty individual, entity, or organization that produced the confidential documents and information.

If any confidential information produced in this proceeding is used as an exhibit in this case or otherwise placed among the papers in this case, it shall be filed under seal in a method that does not permit the general public to access the information on the Court's docket.

Assent and entry of this Order is without prejudice to the right of any party, witness, or nonparty individual, entity, or organization to seek an Order from the judge presiding, or if appropriate from the U.S. District Court for the Southern District of Texas, imposing further restrictions on the dissemination of confidential documents or information or

seeking to rescind, modify, alter, or amend this Order with respect to specific documents or information. Nothing in this Order shall be construed as a waiver of any objections that a party, witness, or nonparty individual, entity, or organization may have with regard to any document or information, except as expressly provided herein.

## VI. Inadvertent Production/Disclosure

If a party, witness, or nonparty individual, entity, or organization inadvertently produces confidential information without marking it as such, the producing party, witness, or nonparty individual, entity, or organization shall notify the receiving party of this omission within ten (10) days after discovering it. Then and thereafter, the parties, witnesses, and nonparty individuals, entities, or organizations shall treat the subject information as confidential and the conduct of the producing party, witness, or nonparty individual, entity, or organization shall not be deemed a waiver of any of its rights under this Order.

## VII. Conclusion of Litigation

Within sixty (60) days after the conclusion of this proceeding (whether by trial, judgment, settlement or otherwise, including the direct appellate process), all confidential documents and other information designated as confidential information, and all photocopies or other copies thereof, as well as confidential information derived in any way therefrom, shall be returned to the party, witness, or nonparty individual, entity, or organization who owns the same or be destroyed, except as the judge presiding may otherwise order.

## VIII. Amendment of Order

This Order may be amended by the agreement of all counsel of all parties, witnesses, or nonparty individuals, entities, or organizations in the form of a written stipulation that shall be filed in this proceeding.

DONE at Brownsville, Texas on _____.

_____
Ronald G. Morgan
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LUCINNE VENEGAS,<br>　　Plaintiff, | §<br>§<br>§ |
| v. | §    CIVIL ACTION NO. 1:21-54 |
| | § |
| SPACE EXPLORATION TECHNOLOGIES<br>CORPORATION & DOGLEG PARK, LLC,<br>　　Defendants. | §<br>§<br>§<br>§ |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

Counsel for a party in this matter intends to disclose to me documents or information. I understand that some of the documents or information may be labeled as confidential.

I understand that any of the documents or information labeled "confidential" are confidential by Order of the Court.

I agree that I will not disclose to any other person any documents labeled "confidential" or information contained in those documents. I also agree not to use those documents or information for any purpose other than this litigation.

I have given been a copy of the protective order in this case. I understand that if I fail to abide by its terms, I may subject to court-ordered sanctions. By signing this acknowledgment, I am voluntarily subjecting myself to the jurisdiction of the United States District Court for the Southern District of Texas as it relates to the enforcement of this protective order.

SIGNED _____

DATED _____

**AGREED TO BY:**

/s/ David G. Oliveira
David G. Oliveira
State Bar No. 15254675
Federal ID No. 34165
RENE O. OLIVEIRA, JR.
State Bar No. 24059132
Federal ID No. 1005530
**ROERIG, OLIVEIRA & FISHER, LLP**
10225 N. 10th Street
McAllen, Texas 78504
Telephone: (956) 393-6300
Facsimile: (956) 386-1625
doliveira@rofllp.com
lizg@rofllp.com
roliveirajr@rofllp.com
nancyg@rofllp.com
**ATTORNEY FOR DEFENDANTS SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC**


*/s/ David L. Bergen
David L. Bergen
Texas Bar No. 24097371
S.D. of Tex. No. 2858355
Anthony G. Buzbee
Texas Bar No. 24001820
S.D. of Tex. No. 22679
**THE BUZBEE LAW FIRM**
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
dbergen@txattorneys.com
tbuzbee@txattorneys.com
www.txattorneys.com
**ATTORNEYS FOR PLALINTIFF LUCINNE VENEGAS**

**\*SIGNED BY PERMISSION**

7