IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUCINNE VENEGAS, Individually, on Behalf of the Estate of Carlos Javier Venegas and on Behalf of Her Minor Children, D.V., G.V., and M.V., <br><br>*Plaintiff,* <br><br> vs. <br><br> SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC, <br><br> *Defendants.* | § § § § § § § § § § § § § § § § | Civil Action No. 1-21-CV-54 |

**PLAINTIFF LUCINNE VENEGAS'S UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT**

Under Federal Rule of Civil Procedure 15 and Local Rule 15, Plaintiff Lucinne Venegas, individually, on behalf of the estate of Carlos Javier Venegas, and on behalf of her minor children, D.V., G.V., and M.V. ("Plaintiff"), requests that this Court grant this Unopposed Motion for Leave to Amend Complaint.[1]

### INTRODUCTION

1.  This case arises from a motor vehicle crash near Boca Chica Village on June 7, 2020. Mr. Venegas's surviving spouse, Lucinne Venegas, brings this action to recover damages on behalf of herself, her deceased husband's estate, and her three children for her husband's wrongful death and personal injuries suffered by Mrs. Venegas and her children.

---

[1] The First Amended Complaint is attached as Exhibit A to this unopposed motion.

2.     Plaintiff now seeks leave of Court to file the attached First Amended Complaint to assert additional factual allegations in support of her claims, to plead the theory of *respondeat superior*, and to number her paragraphs in compliance with the Federal Rules of Civil Procedure.

3.     Defendants are unopposed.

## ARGUMENT & AUTHORITIES

### A. The Legal Standard for Amending a Complaint Under Rule 15.

4.     Federal Rule of Civil Procedure 15(a)(2) governs amendments to pleadings before trial.[2] Rule 15(a)(2) provides: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The purpose of Rule 15(a) is to provide litigants with the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.[3]

5.     It is well within this Court's discretion to grant or deny leave to amend.[4] But if the underlying facts provide the plaintiff a proper subject of relief, then this Court should afford the plaintiff an opportunity to test the claim on the merits.[5]

6.     The Supreme Court, in *Foman v. Davis*, made clear that a district court should grant leave to amend absent an apparent harmful reason.[6] The *Foman* Court clarified that absent a reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should,

---

[2] This motion does not pertain to the other portions of Federal Rule of Civil Procedure 15 for amendments as a matter of course.

[3] *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[4] *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

[5] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[6] *Id.*

as the rules require, be 'freely given.'"[7]  An outright refusal to grant leave without a justifying reason would not be an exercise of discretion, but rather, an "abuse of that discretion and inconsistent with the spirit of the Federal Rules."[8]

    **B. Plaintiff is Entitled to Amend her Pleading Because Her Request is Timely, Good Cause Exists and No Prejudice or Harm Will Result From Amendment.**

    7.    Plaintiff seek leave to amend her Original Petition to add more factual assertions relating to Defendants' operation and control of the area in and around their property. She also seeks to number her paragraphs in compliance with the Federal Rules of Civil Procedure and to plead the theory of *respondeat superior*.

    8.    While Plaintiff is only required to plead facts in support of her claims that amount to a short and plain statement under Federal Rule of Civil Procedure 8, a discovery dispute has arisen between the parties as to whether Plaintiffs are entitled to discover information pertaining to the conditions in and around SpaceX's Boca Chica facilities that Plaintiff contends contributed to this crash.

    9.    Plaintiff intends to file a motion to compel discovery if the Parties are unable to work through their disagreements. But before doing so, Plaintiff seeks to allege very specific facts to provide this Court with context as to why certain discovery requests are directly relevant to Plaintiff's allegations.

    10.    This request is timely made. The deadline to amend pleadings under this Court's scheduling order is December 17, 2021. [Dkt No. 11]

---

[7] *Id.*

[8] *Id.*

11.     This request will not prejudice or harm Defendants. Defendants are unopposed, and Plaintiff does not seek leave in bad faith, to delay or prejudice Defendants. Therefore, this court should respectfully grant leave.

### CONCLUSION

For the aforementioned reasons, Plaintiff Lucinne Venegas requests that this Court grant Plaintiff's Unopposed Motion for Leave to Amend Complaint in all respects.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By:     /s/ *David L. Bergen*
       Anthony G. Buzbee
       Texas Bar No. 24001820
       S.D. Tex. Bar No. 22679
       tbuzbee@txattorneys.com
       David L. Bergen
       Texas Bar No. 24097371
       S.D. Tex. Bar. No. 2858355
       dbergen@txattorneys.com
       Brittany C. Ifejika
       Texas Bar No. 241110011
       S.D. Tex. Bar No. 3651372
       bifejika@txattorneys.com
       J.P. Morgan Chase Tower
       600 Travis, Suite 7300
       Houston, Texas 77002
       Telephone: (713) 223-5393
       Facsimile: (713) 223-5909
       www.txattorneys.com

       **Attorneys For Plaintiff**
       **Lucinne Venegas**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on October 28, 2021, I conferred with counsel for Defendants regarding this Motion and counsel for Defendants confirmed that while Defendants contest the contents of the Amended Complaint and do not waive Defendants' rights to challenge the merits of the allegations and causes of action therein at the appropriate time and are opposed to the substance of paragraphs 8 and 9 in the foregoing Motion, the first sentence of paragraph 11 and the title of section B, they do not oppose Plaintiff's procedural request for leave only to file the Amended Complaint. The statement in this certificate of conference above was requested verbatim by Defendants.

*/s/ David L. Bergen*
David L. Bergen

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was served by electronic-filing in compliance with the Federal Rules of Civil Procedure on or about October 29, 2021.

| | |
|---|---|
| Michelle D. Pector | David G. Oliveira |
| Texas Bar No. 24027726 | Tex. Bar No. 15254675 |
| S.D. Tex. Bar No. 28869 | doliveira@rofllp.com |
| Michelle.pector@morganlewis.com | Rene O. Oliveira |
| Jared Wilkerson | Tex. Bar No. 24099137 |
| Texas Bar No. 24084096 | roliveirajr@rofllp.com |
| S.D. Tex. Bar No. 2117319 | Roerig, Oliveira & Fisher, LLP |
| Jared.wilkerson@morganlewis.com | 10225 N. 10th Street |
| Morgan, Lewis & Bockius, LLP | McAllen, Texas 78504 |
| 1000 Louisiana, Suite 4000 | Tel: 956-393-6300 |
| Houston, Texas 77002 | Fax: 956-386-1625 |
| Tel: 713.890-5000 | |
| Fax: 713.890.5001 | **Attorneys For Defendants** |

- And -

/s/ *David L. Bergen*
David L. Bergen