AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

LUCINNE VENEGAS, et al
*Plaintiff*
v.
SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC.
*Defendant*

Civil Action No. 1-21-CV-54

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Aldo Torres, 1125 West Madison, Harlingen, Texas 78550.

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Via zoom provided on the notice of deposition attached | Date and Time: 12/02/2021 10:00am |
|---|---|

The deposition will be recorded by this method: stenographically and on videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/26/2021

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ David L. Bergen
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Lucinne Venegas, who issues or requests this subpoena, are:

David L. Bergen, The Buzbee Law Firm, 600 Travis St., Suite 7300, Houston, Texas 77002. Tel: 713-223-5393
Email:Dbergen@txattorneys.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1-21-CV-54

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* Aldo Torres on *(date)* Oct 26, 2021, 8:50 pm.

[X] I served the subpoena by delivering a copy to the named individual as follows: hand delivery on *(date)* Wed, Oct 27 2021; or

[ ] I returned the subpoena unexecuted because: ____________________.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ 40.00.

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ ____________.

I declare under penalty of perjury that this information is true.

Date: 10/28/2021

*Server's signature*

Ruth Morales Process Server

*Printed name and title*

PO Box 4264 Brownsville, TX 78523

*Server's address*

Additional information regarding attempted service, etc.:

Successful Attempt: Oct 27, 2021, 6:30 pm CDT at 1125 W Madison Ave, Harlingen, TX 78550-5311 received by Aldo Torres. ;

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUCINNE VENEGAS, Individually, on Behalf of the Estate of Carlos Javier Venegas and on Behalf of Her Minor Children, D.V., G.V., and M.V.,<br><br>*Plaintiff,*<br><br>vs.<br><br>SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1-21-CV-54 |

**<u>PLAINTIFF LUCINNE VENEGAS'S NOTICE OF INTENT TO DEPOSE ALDO TORRES</u>**

To: Aldo Torres, 1125 West Madison, Harlingen, Texas 78550.

Pursuant to Federal Rule of Civil Procedure 30 (b), Plaintiff Lucinne Venegas will take the oral and video deposition of Aldo Torres on Thursday, December 2, 2021 at 10:00 a.m. by Zoom. Zoom link is provided below.

https://us02web.zoom.us/j/85716609976?pwd=VDFhUS9iSENHTDljMlBjcHBoVW1IZz09

The deposition will continue from day to day until completed. The deposition will be recorded stenographically and on videotape. The stenographic recording will be conducted by a certified shorthand court reporter.

[Signature on following page]

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ David L. Bergen*
Anthony G. Buzbee
Texas Bar No. 24001820
S.D. of Tex. No. 22679
tbuzbee@txattorneys.com
David L. Bergen
Texas Bar No. 24097371
S.D. of Tex. No. 2858355
dbergen@txattorneys.com
Brittany C. Ifejika
Texas Bar No. 241110011
S.D. of Tex. 3651372
bifejika@txattorneys.com
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

**Attorneys For Plaintiff Lucinne Venegas**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above was served via electronic mail in compliance with the Federal Rules of Civil Procedure on or about October 26, 2021.

Michelle D. Pector
Texas Bar No. 24027726
S.D. Tex. Bar No. 28869
Michelle.pector@morganlewis.com
Jared Wilkerson
Texas Bar No. 24084096
S.D. Tex. Bar No. 2117319
Jared.wilkerson@morganlewis.com
Morgan, Lewis & Bockius, LLP
1000 Louisiana, Suite 4000
Houston, Texas 77002
Tel: 713.890-5000
Fax: 713.890.5001

- And -

David G. Oliveira
Tex. Bar No. 15254675
doliveira@rofllp.com
Rene O. Oliveira
Tex. Bar No. 24099137
roliveirajr@rofllp.com
Roerig, Oliveira & Fisher, LLP
10225 N. 10th Street
McAllen, Texas 78504
Tel: 956-393-6300
Fax: 956-386-1625

**Attorneys For Defendants Space Exploration Technologies Corporation And Dogleg Park, LLC**

/s/ *David L. Bergen*
David L. Bergen