IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LUCINNE VENEGAS, Individually, on Behalf of the Estate of Carlos Javier Venegas and on Behalf of Her Minor Children, D.V., G.V., and M.V., <br><br>　　*Plaintiff,* <br><br>vs. <br><br>SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC, <br><br>　　*Defendants.* | § § § § § § § § § § § § § § § §　Civil Action No. 1-21-CV-54 |

**PLAINTIFF LUCINNE VENEGAS'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT SPACE EXPLORATION TECHNOLOGY CORPORATION**

To:   Defendant Space Exploration Technology Corporation and Dogleg Park, LLC through their counsel of record, David G. Oliveira and Rene O. Oliveira, of Roerig, Oliveira & Fisher, LLP, 10225 N. 10th Street McAllen, Texas 78504

Plaintiff Lucinne Venegas serves the following Interrogatory Requests, Requests for Production and Requests for Admissions on Defendant Space Exploration Technology Corporation ("Defendant") pursuant to the Federal Rules of Civil Procedure.

**INSTRUCTIONS**

1.   These requests are to be answered separately and fully in writing no later than thirty (30) days after the date of service on you.

2.   With respect to the requests for production of documents below, you are instructed to produce for examination and copying all of the requested documents and other tangible items described that are within your possession, custody or control, at the offices of The Buzbee Law Firm, no later than thirty (30) days after the date of service of these discovery requests.

3.   If you object to answering any of these discovery requests, or withhold documents from production in response to these requests, in whole or in part, state your objections and/or reasons for not responding and state all factual and legal justifications that you believe support your objection or failure to answer or to produce. If you object to answering only

Page **1** of **18**
# EXHIBIT A

        part of a discovery request, specify the part to which you object and respond to the remainder.

4. If you deem any request to call for privileged information or documents, and assert such privilege so as to avoid divulging such information or producing such documents, provide a withholding statement that states with respect to each such document, the date of the document, the name(s), address(es) and telephone number(s) of the author(s) and recipient(s) of each such document, the form of each such document (e.g., letter, memorandum, report, etc.), the subject matter of each such document, the location of each such document, and the specific, detailed reasons for which you are claiming that each such document is privileged or otherwise declining to produce such document.

5. If any document or tangible item requested herein was at one time in existence and under your possession, custody or control but has been lost, discarded or destroyed or has been removed from your possession, custody or control, with respect to each such document or other tangible item:

    (a) Identify and describe each such document or other tangible item by date, title, and type, nature or kind;

    (a) State when each such document or other tangible item was most recently in your possession or subject to your control and what disposition was made of such document or other tangible item, including an identification of the person, if any, presently in possession or control of such document or other tangible item;

    (b) State when such document or other tangible item was transferred or destroyed; identify the person who transferred or destroyed such document or other tangible item and the person(s) who authorized or directed that the document or other tangible item be transferred or destroyed; and identify all persons having knowledge of such transfer or destruction; and state the reason such document or other tangible item was transferred or destroyed; and

    (c) Identify all persons having knowledge of the contents of the documents.

6. Please organize and label each document produced to correspond with each particular request. Additionally, please attach to each document produced a notation showing the name or other identification of the file, folder, drawer, box or other container from which the document was removed, and the name and title of the individual who had custody of the document at the time of its removal. If you contend that a secretary or other administrative assistant was the custodian, identify the supervisor or other individual for whom he or she was holding the document. In lieu of a notation on each document produced, you may serially number each page of each document and provide an index of all documents produced, containing the beginning and ending serial numbers of each document and the other information relating to the document as set forth above.

# EXHIBIT A

7. All electronically stored documents should be produced in hard copy. In producing documents consisting only of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Data files should be in sequential format, also known as ASCII files or flat files, with the data fields in fixed-column positions. For each data file provided, the following information should be included: (i) a record layout, (ii) a short narrative description of the contents of the file, (iii) translation of any coded fields, (iv) the number of records in the file, and (v) a printout of the first 100 records in the report format. A record layout must contain the following information: (i) name of the field, (ii) starting and ending position in the record, (iii) length of the field, and (iv) characteristics of the field (e.g., packed decimal, zoned decimal, alphanumeric).

8. Please seasonably and promptly supplement your responses to all of these discovery requests as this action continues, to the full extent required by the rules of civil procedure.

9. This request is directed to all documents in your possession, custody or control, or over which you have a greater right of control than Plaintiff.

10. **Unless otherwise specified, these requests are limited to seeking information five (5) years prior to the date of the Occurrence until the present.**

## DEFINITIONS

You shall utilize the following definitions when responding to these Requests:

1. "You" or "your" means the party or parties to whom these requests are propounded and includes, but is not limited to, any agents, employees, representatives, or attorneys for said party.

2. "Occurrence" refers to the vehicular incident on the date of loss identified in Plaintiff's live pleading.

3. "Identify" or "identity" when referring:

    (a) to a "person" means to state the full name of the person, any aliases and/or nicknames by which the person is now known or has been known in the past, a present and/or last known address, telephone number, dates of birth, social security number, drivers' license number, title or position, and place of employment and, if previously or presently employed by you, the dates he or she was hired and the dates he or she was terminated or left your employ, if applicable;

    (b) to a "document" means, if a legible copy of the document is not provided with your answer, a complete description of the document referred to, including its title, if it has any, the dates it was prepared, the name of the person who prepared it, and the identity of the person or persons who have custody of, control over, or access to such document;

# EXHIBIT A

    (c)    to "<u>any other matter</u>" means to give a reasonable, detailed description thereof, including if applicable, for a tangible matter: when, where and how it was made, and to identify who made it and who has present or last known possession, custody or control thereof; and

    (d)    if referring to other lawsuits or other actions of any type in any court, means stating separately for each such action: the identity of all parties; the court and cause number; the dates on which such action was initiated; the identity of opposing attorneys; the outcome of the case, including in each such action the description of any judgment or other relief granted in each such action; and, if a civil action, the nature of the cause of action.

4. "<u>Documents</u>" includes, but is not limited to, any note, memorandum, correspondence, contract or agreement, pamphlet or manual, computer print-out, computer tape, tape recording, photograph, photographic negative or transparency, movie film, videotape recording, CD-ROM, computer disk and every writing or other graphic material of any kind whatsoever.

5. "<u>Plaintiff</u>" refers to Lucinne Venegas.

6. The "<u>Date</u>" referred to in the following Requests for Production is the date on which Plaintiff contends that the incident made the basis of Plaintiff's lawsuit occurred.

7. The "<u>Injuries</u>" referred to in the following Requests for Production are the injuries made the basis of this suit and set forth in Plaintiff's Petition, and any amendments thereto.

8. "<u>Statements</u>" include any written, videotaped, or audiotaped statements.

9. The term "<u>communication</u>" means any and all statements, discussions, conversations, representations, invoices, guaranties, letters, telefaxes, facsimiles, telexes, business or legal documents, electronic mail, applications, telephone calls, or other written or verbal communications, whether in person, by telephone, by mail, e-mail or otherwise, between the persons named in reference to such communications, regardless of by whom said communications were initiated, and includes all responses to said communications.

10. "And" or "or" shall mean "and/or" so as to be inclusive rather than exclusive in meaning.

11. The singular includes the plural and vice versa. The masculine includes the feminine and neutral genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

12. As used herein, the term "document" or "documents" is used in its broadest permissible sense consistent with the Federal Rules of Civil Procedure and refers to all writings, files or other items in your custody, possession, or control or known to you, whether printed, recorded, preserved or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or exempt from production for any reason, including, but not limited to, letters, reports, agreements, opinions, estimates, calendars, communications (including "E-mail" and "voice mail"), correspondence, telegrams,

**EXHIBIT A**

memoranda, computer files, summaries or records of personal conversations, diaries, forecasts, photographs, tape recordings, models, statistical statements, graphs, laboratory and engineering reports, reports of meetings, minutes, or records of conferences, lists of persons attending meetings conferences, reports or summaries of interviews, reports of consultants, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of any documents, revisions of drafts of any documents, purchase orders, invoices, records of receipts of original documents, marginal notes, or preliminary notes. Any comment or notation appearing on any documents not part of the original text is to be considered a separate "document." "Documents" specifically includes information that exists in electronic or magnetic form. Such electronic or magnetic documents should be produced in hard copy and/or via disc or tape.

13. "Facility" or "Site" shall mean the SpaceX facilities and surrounding areas.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By:      /s/ *David L. Bergen*
Anthony G. Buzbee
Texas Bar No. 24001820
S.D. of Tex. No. 22679
tbuzbee@txattorneys.com
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

**OF COUNSEL:**
David L. Bergen
Texas Bar No. 24097371
S.D. of Tex. No. 2858355
dbergen@txattorneys.com
Brittany Ifejika
Texas Bar No. 24111011
S.D. of Tex. No. 3561372
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above was served via email on August 5, 2021.

David G. Oliveira
Tex. Bar No. 15254675
doliveira@rofllp.com
Rene O. Oliveira
Tex. Bar No. 24099137
roliveirajr@rofllp.com
Roerig, Oliveira & Fisher, LLP
10225 N. 10th Street
McAllen, Texas 78504
Tel: 956-393-6300
Fax: 956-386-1625

**ATTORNEYS FOR DEFENDANTS**

                                                  */s/   David L. Bergen*
                                                    David L. Bergen

# EXHIBIT A

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
DEFENDANT SPACE EXPLORATION TECHNOLOGY CORPORATION**

1. Produce any correspondence from you that references our clients, this lawsuit and/or the Occurrence prior to the date you anticipated litigation.

    **RESPONSE:**

2. Produce any non-privileged correspondence relating to Plaintiff or her family.

    **RESPONSE:**

3. Produce any correspondence between You and Yandi Treto relating to this incident.

    **RESPONSE:**

4. Produce any correspondence between You and SOS Security relating to this incident.

    **RESPONSE:**

5. Produce any correspondence between You and any security personnel relating to this incident.

    **RESPONSE:**

6. Produce all correspondence between You and SYM Trucking, LLC relating to this incident.

    **RESPONSE:**

7. Any service, repair, or construction records related to any type of maintenance or repairs to State Highway 4 or to the access point where Decedent died in the last three years.

    **RESPONSE:**

8. Any correspondence that relates to trucks accessing the access point in and around where Decedent was killed in the last five years.

    **RESPONSE**

9. Produce any citations, warnings, tickets letters, or other similar documents You have received from any governmental entity as a result of your operations on State Highway 4 in the last three years.

    **RESPONSE:**

# EXHIBIT A

10. Produce any and all accident reports, investigation notes, memorandums, or correspondence relating to the incident made the basis of this suit prior to the date you anticipated litigation.

    **RESPONSE:**

11. Any investigation documents and internal correspondence prepared during the regular course of business as a result of the incident made the basis of this suit.

    **RESPONSE:**

12. All purchase orders, correspondence, shipping instructions, or similar documents which reference SYM Trucking, LLC's job duties or actions for the date of the Occurrence.

    **RESPONSE:**

13. All non-privileged electronic mail or other correspondence that relates to the Occurrence.

    **RESPONSE:**

14. Your policies and procedures pertaining to the loading and unloading of goods at your Boca Chica facilities in the last three years.

    **RESPONSE:**

15. Documents showing any changes made to your access points to your facilities on or after the date of the incident.

    **RESPONSE:**

16. Any safety or delivery requirements that you require your third-party suppliers, such as SYM Trucking LLC, to follow.

    **RESPONSE:**

17. All surveillance evidence of the access point, Plaintiffs, the Occurrence, or the aftermath of the Occurrence for the date of the Occurrence.

    **RESPONSE:**

18. Documents and correspondence showing any safety meeting you held following the occurrence relating to the occurrence.

    **RESPONSE:**

19. Documents and correspondence showing any corrective actions you took following the occurrence.

**EXHIBIT A**

**RESPONSE:**

20. Documents and correspondence between you and SOS Security relating to your policies and procedures for safety on or near State Highway 4 in the last three years.

    **RESPONSE:**

21. All correspondence relating to media inquiries related to the Occurrence.

    **RESPONSE:**

22. Non-privileged correspondence relating the public's use of State Highway 4 in the last three years.

    **RESPONSE:**

23. Documents and correspondence from or to SOS Security relating to any other vehicle accidents in and around your Boca Chica facility in the last three years.

    **RESPONSE:**

24. All reports, records, correspondence or similar documentation evidencing prior or subsequent complaints, problems, injuries or security issues as a result of your operations near State Highway 4 during the past three (3) years.

    **RESPONSE:**

25. Any communications, memos, or correspondence from Chase Gunner relating to the Occurrence.

    **RESPONSE:**

26. Any communications, memos, or correspondence from Chase Gunner relating to the loading or unloading of goods at your Boca Chica facilities in the last three years.

    **RESPONSE:**

27. Any communications, memos, or correspondence from Chase Gunner relating to accidents involving vehicles at your Boca Chica facilities in the last three years.

    **RESPONSE:**

28. Any communications, memos, or correspondence from Chase Gunner relating to the use of Highway 4 in the last three years.

    **RESPONSE:**



29. Any correspondence between you, SOS Security, and any personnel employed by the Cameron County Sheriff's Department relating to vehicle accidents in the last three years.

    **RESPONSE:**

30. Any and all incidents and/or accident reports made or filed regarding the occurrence made the basis of this suit. This includes reports from SOS Security or any third party operating on your behalf. This includes internal reports as well as any reports filed with any governmental agency.

    **RESPONSE:**

31. Any and all safety manuals, personnel manuals and/or other documents indicating or discussing safe working procedures regarding the delivery of goods and/or services to your property or the use of Highway 4 for any purpose in the last three years.

    **RESPONSE:**

32. All non-privileged correspondence relating to difficulties drivers experienced accessing the access site where Decedent was killed in the last three years.

    **RESPONSE:**

33. All non-privileged correspondence relating to the need for lighting on State Highway 4 at or around your Boca Chica facilities.

    **RESPONSE:**

34. All non-privileged correspondence, including email, between you and any governmental agency relating to the occurrence, or the conditions of highway at the time of the occurrence.

    **RESPONSE:**

35. Audiotapes (and transcripts, if any) of any conversations involving any employee, agent or independent contractor or any witness involving this incident.

    **RESPONSE:**

36. All documents reflecting vehicle accidents that have occurred as a result of your operations over the past five years on or around your Boca Chica facilities.

    **RESPONSE:**

37. All documents which would show that Plaintiff's own acts or omissions caused or contributed to the Occurrence.

# EXHIBIT A

**RESPONSE:**

38. All documents which would show that SYM Trucking, LLCs acts or omissions caused or contributed to the Occurrence.

    **RESPONSE:**

39. All documents, records, or communications which would show that Plaintiff and her family failed to mitigate their damages.

    **RESPONSE:**

40. Any medical records or correspondence which would show that the injuries, which Plaintiff and her minor children complain of in this Lawsuit were pre-existing.

    **RESPONSE:**

41. All documents obtained through any authorization signed by Plaintiff.

    **RESPONSE:**

42. All witness statements relating to the Occurrence.

    **RESPONSE:**

43. Any and all documents received by you or your attorney through Deposition by Written Questions ("DWQ").

    **RESPONSE:**

44. All drawings, maps, and sketches of the scene of the Occurrence.

    **RESPONSE:**

45. All photographs and videotapes of the scene of the Occurrence in the last three years.

    **RESPONSE:**

46. All photographs and videotapes of any vehicles involved in the Occurrence.

    **RESPONSE:**

47. All photographs and videotapes of the scene of the Occurrence since the Occurrence.

    **RESPONSE:**

# EXHIBIT A

48. Any policies or procedures regarding the delivery of products in the dark or at night.

    **RESPONSE:**

49. All documents and correspondence relating to plans for widening the access point near the site in the last three years.

    **RESPONSE:**

50. All correspondence and documents received and exchanged between you and the Cameron County District Attorney's office relating to the use of public roads around your Boca Chica facilities in the last three years.

    **RESPONSE:**

51. All correspondence, photographs, and documents since 2013 relating to the naming of any street around your facility "Rocket Road."

    **RESPONSE:**

52. All correspondence involving the group "Save RGV" in your care, custody, or control in the last three years that references the use of public streets in and around your Boca Chica facilities.

    **RESPONSE:**

53. All correspondence to or from Judge Eddie Trevino in the last three years that reference the use of public roads in and around your facility in the last three years.

    **RESPONSE**

54. All correspondence to or from District Attorney Luis Saenz relating to your operations in the last three years.

    **RESPONSE:**

55. All correspondence to or from Shyamal Patel or his subordinates relating to the use of roads in and around your Boca Chica facilities in the last three years.

    **RESPONSE:**

56. The 2014 Environmental Impact Statement that references your Boca Chica facilities.

    **RESPONSE:**

57. All notices and text messages to the public regarding road closures hear your Boca Chica facilities in the last three years

**EXHIBIT A**

**RESPONSE:**

58. Documents and correspondence that relate to any training you provided security personnel relating to the use of public and private roads in and around your facility in the last three years.

    **RESPONSE:**

59. Any beach mitigation plans in effect in the last three years.

    **RESPONSE:**

60. Any photographs in the last three years showing trucks that were waiting to unload or load goods or cargo at or around your Boca Chica facilities in the last three years.

    **RESPONSE:**

61. A copy of any contract You have with SOS Security or any other third-party security company or governmental entity that provides personnel to protect or service your Boca Chica facility.

    **RESPONSE:**

62. All internal correspondence that relates to vehicle accidents that have occurred in or around your Boca Chica facilities in the last three years.

    **RESPONSE:**

63. All policies, procedures, bulletins, and memos relating to the public's use of Highway 4 and surrounding streets near your Boca Chica facility in the last four years.

    **RESPONSE:**

64. All records and correspondence exchanged with the Federal Aviation Administration relating to the use of public roads in and around your Boca Chica facilities in the last three years.

    **RESPONSE:**

65. Provide any presentations to the public or correspondence with the public relating to the expansion at the Boca Chica facilities in the last seven years.

    **RESPONSE:**

**EXHIBIT A**

# PLAINTIFF'S FIRST SET OF INTERROGATORIES
# TO DEFENDANT SPACE EXPLORATION TECHNOLOGY CORPORATION

1. Identify each person and their job title who participates in answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

   **ANSWER:**

2. Identify the individuals who responded to the Occurrence, including:
   a. Their full names;
   b. Their addresses;
   c. Their job titles;
   d. Their employer;
   e. A brief description of their involvement in the Occurrence; and
   f. A brief explanation as to whether any such persons created or assisted in preparing a report regarding the Occurrence.

   **ANSWER:**

3. Please indicate on which date you anticipated litigation and the factual basis for why you anticipated litigation on this date.

   **ANSWER**:

4. Describe in detail the policies and procedures in effect at the time of the Occurrence relating to the delivery of goods at your facilities. If your policies and procedures changed after this Occurrence, please explain how your policies and procedures changed and the reason for the change(s).

   **ANSWER**:

5. Describe your relationship with SYM Trucking, LLC, including:

   a. SYM Trucking, LLC's job description on the date of the occurrence;
   b. Any instructions you provided to SYM Trucking, LLC relating to the delivery of goods on the date of the Occurrence;
   c. SYM Trucking, LLC's location at the time of the occurrence;
   d. SYM Trucking, LLC's destination at the time of the occurrence;
   e. Identify any other deliveries by SYM Trucking, LLC in the last three years other than the one involved in this Occurrence;
   f. Explain your general understanding for why SYM Trucking, LLC was parked across the roadway at the time of the Occurrence.

   **ANSWER**:

# EXHIBIT A

6. Describe in detail any upgrades, accommodations, or security measures you have implemented in the last three years at the access point to make the access point safer.

    **ANSWER**:

7. Identify any complaints, claims, or allegations from any person regarding any hazards created by your operations at the access point or on or around State Highway 4 in the last 4 years, including:

    a. The name and contact information for any resident involved;
    b. The date of complaints, claim or allegation;
    c. The location of any complaint, claim or lawsuit or allegation; and
    d. A brief description of the complaint or allegations.

    **ANSWER**:

8. Describe any safety measures you implemented on or before the date of the incident near the access point relating to the delivery of goods to your facilities in Boca Chica, including streetlights, street signs, cones; reflective warnings or any other safety systems to warn residents of

    **ANSWER:**

9. State the legal theories and describe in general the factual basis for your claims and/or defenses.

    **ANSWER:**

10. Describe how the Occurrence occurred, and state specifically what you contend caused or contributed to the cause of the Occurrence. If you believe any other entity or person contributed or is responsible for the occurrence, please provide a factual description for this belief.

    **ANSWER:**

11. Identify any other vehicle accidents, and the date and locations of such accidents, on or around your Boca Chica facilities in the last five (5) years.

    **ANSWER:**

12. Explain your company's policy(s) and/or procedure(s) for delivering goods to your Boca Chica facilities at night in effect at the time of the Occurrence.

    **ANSWER:**

13. Describe any changes in your policies and procedures following the Occurrence as a result of the Occurrence.

**EXHIBIT A**

**ANSWER:**

14. Describe any measures You, your representatives or SOS Security took to respond to the Occurrence.

    **ANSWER:**

15. Any correspondence between SOS Security and you relating to unsafe conditions on or around roadways near your Boca Chica facilities in the last five years.

    **ANSWER:**

# EXHIBIT A

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO
DEFENDANT SPACE EXPLORATION TECHNOLOGY CORPORATION**

**Request for Admission No. 1:** Admit there was no lighting at the access point where the Occurrence took place.

**RESPONSE:**

**Request for Admission No. 4:** Admit SOS Security responded to the Occurrence.

**RESPONSE:**

**Request for Admission No. 5:** Admit that Defendants failed to maintain safe access points to its facility

**RESPONSE:**

**Request for Admission No. 6:** Admit that Defendants did not install any lights, street signs, cones, reflective warnings or any other necessary safety systems to notify residents of the hazard caused by its operations

**RESPONSE:**

**Request for Admission No. 7:** Admit SYM Trucking, LLC was operating on your behalf at the time of the Occurrence.

**RESPONSE:**

**Request for Admission No. 8:** Admit that driver Yandi Treto's vehicle was stalled in front of your facility at the time of the crash.

**RESPONSE:**

**Request for Admission No. 9:** Admit that driver Yandi Treto's stalled vehicle was caused by the narrowness of the road leading to Defendants' facility.

**RESPONSE:**

**Request for Admission No. 10:** Admit that the narrow roads caused great difficulty for your commercial vehicles to access the site.

**RESPONSE:**

**Request for Admission No.11:** Admit that the narrow roads caused your commercial contractors to frequently block State Highway 4 for considerable time in an attempt to access your site.

**RESPONSE:**

**EXHIBIT A**

**Request for Admission No. 12:** Admit that the Site was too narrow to accommodate large commercial vehicles

**RESPONSE:**

**Request for Admission No. 13:** Admit the accident was Defendants' fault.

**RESPONSE:**

# EXHIBIT A