**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **LUCINNE VENEGAS, Individually and** | § | |
| **On behalf of the Estate of CARLOS** | § | |
| **JAVIER VENEGAS and on behalf of her** | § | |
| **Minor Children, D.V., G.V., and M.V** | § | |
| *Plaintiffs* | § | **CIVIL ACTION NO. 1:21-cv-54** |
| | § | |
| **v.** | § | |
| | § | |
| **SPACE EXPLORATION** | § | |
| **TECHNOLOGIES CORPORATION** | § | |
| **And DOGLEG PARK, LLC** | § | |
| *Defendants* | § | |

**DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORPORATION'S**
**ANSWERS, RESPONSES AND OBJECTIONS TO PLAINTIFF LUCINNE VENEGAS'**
**FIRST SET OF DISCOVERY REQUESTS**

TO:  Plaintiff, by and through her counsel of record:

David L. Bergen
Anthony G. Buzbee
The Buzbee Law Firm
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Email: dbergen@txattorneys.com; tbuzbee@txattorneys.com
*Attorneys for Plaintiffs*

Pursuant to Rules 33, 34 & 36 of the Federal Rules of Civil Procedure, Defendant, Space

Exploration Technologies Corporation ("SpaceX"), serve the following Answers, Responses and

Objections to Plaintiff's First Set of Discovery Requests.

# EXHIBIT B

Respectfully submitted,

By: */s/ Michelle Pector*
**Morgan, Lewis & Bockius LLP**
Michelle Pector
State Bar No. 24027726
SDTX No. 28869
michelle.pector@morganlewis.com
Jared Wilkerson
State Bar No. 24084096
SDTX No. 2117319
jared.wilkerson@morganlewis.com
1000 Louisiana St., Suite 4000
Houston, TX 77002
(713) 890-5000
michelle.pector@morganlewis.com
jared.wilkerson@morganlewis.com

**Roerig, Oliveira & Fisher, LLP**
David G. Oliveira
State Bar No. 15254675
Federal ID No. 34165
10225 N. 10th Street
McAllen, Texas 78504
Telephone: (956) 393-6300
Facsimile: (956) 386-1625
doliveira@rofllp.com

**ATTORNEYS FOR DEFENDANTS**
**SPACE EXPLORATION**
**TECHNOLOGIES CORPORATION and**
**DOGLEG PARK, LLC**

# EXHIBIT B

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of September 2021 a true and correct copy of the foregoing has been forwarded to all counsel of record in accordance with the applicable rules of procedure.

/s/ *Michelle Pector*
Michelle Pector

# EXHIBIT B

### DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORPORATION'S OBJECTIONS TO PLAINTIFF'S INSTRUCTIONS AND DEFINITIONS

SpaceX objects to Instructions 1 and 2 in Plaintiff's First Set of Discovery Requests as exceeding the applicable scope of Rules 6 and 34(b)(2) of the Federal Rules of Civil Procedure.  Responses and objections will be provided on September 7, 2021, and document production will occur as reasonably practicable beginning on September 7, 2021.

SpaceX objects to Instruction 3 as exceeding the applicable scope of Rule 34(b)(2) of the Federal Rules of Civil Procedure, which will be followed.

SpaceX objects to Instruction 4 as exceeding the applicable scope of Rule 26(b)(5) of the Federal Rules of Civil Procedure, which will be followed.

SpaceX objects to Instruction 5 as lacking legal support as none is cited.

SpaceX objects to Instruction 6 as exceeding the applicable scope of Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure, which will be followed.

SpaceX objects to Instruction 7 as ambiguous.  SpaceX will follow the first sentence of Instruction 7.

SpaceX objects to Instruction 9 as exceeding the applicable scope of Rule 34(a) of the Federal Rules of Civil Procedure, which will be followed.

SpaceX objects to Instruction 10 as far beyond what is relevant and proportional to the needs of this case and not in line with the factors set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

SpaceX objects to the definition of "You" or "your" as exceeding the applicable scope of Rule 34(a) of the Federal Rules of Civil Procedure, which will be followed.

SpaceX objects to the definition of "identify" or "identity" as far beyond what is relevant and proportional to the needs of this case and not in line with the factors set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.  SpaceX will respond with relevant and proportional information when asked to "identify," or for the "identity" of persons, documents, or any other matter.

SpaceX objects to the definition of "document" or "documents" as exceeding the applicable scope of Rule 34(a) of the Federal Rules of Civil Procedure, which will be followed.

SpaceX objects to the definition of "Facility" or "Site" as vague, unintelligible and not reasonably tailored to the facts at issue in the above-referenced matter.

# EXHIBIT B

<u>**DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORPORATION'S**</u>
<u>**OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST**</u>
<u>**REQUESTS FOR PRODUCTION**</u>

1.      Produce any correspondence from you that references our clients, this lawsuit and/or the Occurrence prior to the date you anticipated litigation.

<u>**RESPONSE**</u>: SpaceX objects that this Request is defective in part because, by definition, it would be impossible to reference this lawsuit before anticipating litigation.  SpaceX further objects to this Request to the extent it seeks discovery of privileged information, which will not be produced. Subject to and without waiving the foregoing objections and notifications, responsive and non-privileged documents, if any, will be produced following a reasonably diligent search.

2.      Produce any non-privileged correspondence relating to Plaintiff or her family.

<u>**RESPONSE**</u>: SpaceX objects to the phrase "or her family" as vague and interprets this to mean the occupants of the vehicle containing Plaintiff at the time of the Occurrence.  SpaceX further objects to this Request to the extent it seeks publicly available information equally available to Plaintiff.   Subject to and without waiving the foregoing objections, responsive nonpublic documents, if any, will be produced following a reasonably diligent search.

3.      Produce any correspondence between You and Yandi Treto relating to this incident.

<u>**RESPONSE**</u>: Responsive documents, if any, will be produced following a reasonably diligent search.

4.      Produce any correspondence between You and SOS Security relating to this incident.

<u>**RESPONSE**</u>: SpaceX objects to the phrase "this incident" as undefined and interprets that phrase as referencing the Occurrence.  SpaceX also objects to the phrase "SOS Security" as vague and undefined, particularly given that more than one company with this name exists.  SpaceX further objects to this Request to the extent it seeks to discover privileged information, which will not be produced.  Subject to and without waiving the foregoing objections and notifications, responsive and non-privileged documents between SpaceX and the third party known as SOS Security that provides services to SpaceX at Boca Chica, if any, will be produced following a reasonably diligent search.

# EXHIBIT B

5.      Produce any correspondence between you and any security personnel relating to this incident.

**RESPONSE**: SpaceX objects to the phrase "this incident" as undefined and interprets that phrase as referencing the Occurrence.  SpaceX also objects that the phrase "any security personnel" is vague and ambiguous and interprets that phrase as referring to police officers.  SpaceX further objects to this Request to the extent it seeks to discover privileged information, which will not be produced.  Subject and without waiving the foregoing objections and notifications, responsive and non-privileged documents, if any, will be produced following a reasonably diligent search.

6.      Produce all correspondence between You and SYM Trucking, LLC relating to this incident.

**RESPONSE**: SpaceX objects to the phrase "this incident" as undefined and interprets that phrase as referencing the Occurrence.  Subject to and without waiving this objection, responsive documents, if any, will be produced following a reasonably diligent search.

7.      Any service, repair, or construction records related to any type of maintenance or repairs to State Highway 4 or to the access point where Decedent died in the last three years.

**RESPONSE**: SpaceX objects to this Request as irrelevant and disproportionate to the needs of this case, particularly given that this Request is not in line with the factors set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.  No allegation exists that any service, repair, or construction caused or was related in any way to the Occurrence, therefore this Request constitutes an unwarranted fishing expedition.  Further, State Highway 4 is many miles long, is publicly owned and is therefore largely irrelevant.  SpaceX also objects to the phrase "the access point" as vague and undefined.  SpaceX also objects to this Request to the extent it seeks to discover privileged information, which will not be produced  Based on the foregoing, SpaceX stands on its objections.

8.      Any correspondence that relates to trucks accessing the access point in and around where the Decedent was killed in the last five years.

**RESPONSE**: SpaceX objects to the phrase "the access point" as vague and undefined. For purposes of this Request, SpaceX interpret this phrase as referring to the intersection of LBJ Boulevard and State Highway 4.  SpaceX further objects to the phrase "correspondence that relates" as irrelevant, overbroad, unduly burdensome and disproportionate to the needs of this case, as the Request is broad enough to encompass a wide range of irrelevant documents including by

# EXHIBIT B

way of example, a bill of lading for a third party truck unrelated to the facts at issue in the above-referenced matter.   SpaceX also objects to this Request to the extent it seeks to discover privileged information, which will not be produced.  Based on the overbreadth and disproportionate nature of this Request, SpaceX stands on its objections.


9.      Produce any citations, warnings, tickets, letters, or other similar documents You have received from any governmental entity as a result of your operations on State Highway 4 in the last three years.

**RESPONSE**: SpaceX objects to this request as irrelevant, overly broad and not proportionate to the needs of this case, particularly given that this Request is not in line with the factors set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.  SpaceX further objects to this Request as it appears to be disconnected entirely from the Petition in this case.  Based on the irrelevant and disproportionate nature of this Request, SpaceX stands on its objections.


10.     Produce any and all accident reports, investigation notes, memorandums, or correspondence relating to the incident made the basis of this suit prior to the date you anticipated litigation.

**RESPONSE**: SpaceX objects to this Request to the extent it seeks publicly available information equally accessible to Plaintiff.  SpaceX also objects to the phrase "the incident" as undefined and interprets that phrase as referencing the Occurrence.  SpaceX further objects to this Request to the extent it seeks to discover privileged information, which will not be produced.  Subject to and without waiving the foregoing objections and notifications, responsive and non-privileged documents, if any, will be produced following a reasonably diligent search.


11.     Any investigation documents and internal correspondence prepared during the regular course of business as a result of the incident made the basis of this suit.

**RESPONSE**: SpaceX objects to this Request as duplicative of Request for Production No. 10. SpaceX also objects that this Request seeks information already in Plaintiff's possession and therefore interprets this Request as seeking documents not already produced in this litigation. Additionally, SpaceX objects to the phrase "the incident" as undefined and interprets that phrase as referencing the Occurrence.  SpaceX further objects to this Request to the extent it seeks to discover privileged information, which will not be produced.  Subject to and without waiving the foregoing objections and notifications, responsive and non-privileged documents, if any, will be produced following a reasonably diligent search.


# EXHIBIT B

12.     All purchase orders, correspondence, shipping instructions, or similar documents which reference SYM Trucking, LLC's job duties or actions for the date of the Occurrence.

**RESPONSE**: SpaceX objects to the phrase "similar documents" as vague and undefined and will therefore limit its search for purchase orders, correspondence, and shipping instructions. SpaceX further objects to this Request to the extent it seeks to discover privileged information, which will not be produced. Subject to and without waiving the foregoing objections and notifications, purchase orders, non-privileged correspondence, or shipping instructions to SYM Trucking, LLC regarding SYM Trucking LLC's job duties or actions for the date of the Occurrence, if any, will be produced following a reasonably diligent search.

13.     All non-privileged electronic mail or other correspondence that relates to the Occurrence.

**RESPONSE**: SpaceX objects to the phrase "relates to the Occurrence" as vague and undefined and interprets that phrase as "mentioning the Occurrence." SpaceX also objects to this Request in that it is not limited to SpaceX communications and necessarily seeks publicly available information equally accessible to Plaintiff. Subject to and without waiving the foregoing objections, SpaceX will produce responsive, nonpublic, and non-privileged documents, if any, following a reasonably diligent search.

14.     Your policies and procedures pertaining to the loading and unloading of goods at your Boca Chica facilities in the last three years.

**RESPONSE**: SpaceX objects to this Request as irrelevant to the claims and defenses pled in this case and disproportionate to the needs of this, particularly given that this Request is not in line with the factors set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. This case does not involve "policies and procedures pertaining to the loading and unloading of goods," as SYM Trucking LLC was neither loading nor unloading goods at the time of the occurrence. Based on the foregoing, SpaceX stands on its objections.

15.     Documents showing any changes made to your access points to your facilities on or after the date of the incident.

**RESPONSE**: SpaceX objects to the phase "the incident" as undefined and interprets that phrase as referencing the Occurrence. SpaceX also objects to the phrase "your access points" as vague and undefined. For purposes of this Request, SpaceX interpret this phrase as referring to the intersection of LBJ Boulevard and State Highway 4. SpaceX further objects to the phrase "any

# EXHIBIT B

changes made to your access points to your facilities" as vague, overbroad, irrelevant to the claims and defenses in this case, and disproportionate to the needs of this case, particularly given that this Request is not in line with the factors set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. SpaceX further objects to this Request to the extent it seeks to discover privileged information, which will not be produced. Subject to and without waiving the foregoing objections, responsive and non-privileged documents showing changes SpaceX made to the intersection of LBJ Boulevard and State Highway 4 following the Occurrence, if any, will be produced following a reasonably diligent search.

16.     Any safety or delivery requirements that you require your third-party suppliers, such as SYM Trucking LLC, to follow.

**RESPONSE**: SpaceX objects to this Request as overly broad, unduly burdensome and not reasonably limited in time or scope—i.e., the Request is not limited to requirements of SYM Trucking LLC. Subject to and without waiving the foregoing objection, responsive documents that pertain to SYM Trucking LLC will be produced to the extent they exist.

17.     All surveillance evidence of the access point, Plaintiffs, the Occurrence, or the aftermath of the Occurrence for the date of the Occurrence.

**RESPONSE**: SpaceX objects to the term "surveillance evidence" as vague and undefined. For purposes of this Request SpaceX will interpret this phrase to mean video footage. SpaceX further objects to this Request to the extent it seeks publicly available information or third-party information that is equally available for Plaintiff to obtain. Subject to and without waiving the foregoing objections, SpaceX is not presently aware of any responsive video footage in SpaceX's possession, custody or control.

18.     Documents and correspondence showing any safety meeting you held following the occurrence relating to the occurrence.

**RESPONSE**: SpaceX objects to the phrase "showing any safety meeting" as vague and interprets this phrase as referring to documents containing materials presented at any meeting related to safety that was motivated by and related to the Occurrence. SpaceX further objects to this Request to the extent it seeks to discover privileged information, which will not be produced Subject to and without waiving the foregoing objections, responsive and non-privileged documents, if any, will be produced following a reasonably diligent search.

# EXHIBIT B

19.     Documents and correspondence showing any corrective actions you took following the occurrence.

**RESPONSE**: SpaceX objects to the phrase "any corrective actions you took following the occurrence," as vague, given that as written it seeks any corrective action of any kind anywhere in the world at any time after the Occurrence.  This Request is therefore primarily irrelevant and disproportionate to the needs of this case.  SpaceX will therefore limit its search for documents in response to this Request to those showing modifications, if any, to the intersection of LBJ Boulevard and State Highway 4 that were undertaken to correct any alleged problems revealed by the Occurrence.  SpaceX further objects to this Request to the extent it seeks to discover privileged information, which will not be produced.  Subject to and without waiving the foregoing objections, responsive and non-privileged documents, if any, will be produced following a reasonably diligent search.

20.     Documents and correspondence between you and SOS Security relating to your policies and procedures for safety on or near State Highway 4 in the last three years.

**RESPONSE**: SpaceX objects to the phrase "SOS Security" as vague, particularly given that there is more than one company with this name.  SpaceX also objects to this Request as overly broad in that it is not reasonably limited in time or scope and is disproportionate to the needs of this case, as State Highway 4 is many miles long.  Given that the Occurrence occurred at the intersection of LBJ Boulevard and State Highway 4, SpaceX will limit its search for responsive documents accordingly.   Subject to and without waiving the foregoing objections, SpaceX will produce responsive documents, if any, after a reasonably diligent search.

21.     All correspondence relating to media inquiries related to the Occurrence.

**RESPONSE**: SpaceX objects to this Request as overly broad in that it is not limited to media inquiries made to SpaceX. SpaceX also objects to this Request to the extent it seeks information that is publicly available or from third parties and is therefore equally accessible to Plaintiff. SpaceX further objects to this Request to the extent it seeks to discover privileged information, which will not be produced.  Based on the foregoing, SpaceX stands on its objections.

22.     Non-privileged correspondence relating to the public's use of State Highway 4 in the last three years.

**RESPONSE**: SpaceX objects to this Request as irrelevant and because it constitutes an unwarranted fishing expedition.  Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, *Dizdar v. State Farm*

# EXHIBIT B

*Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *2 (S.D. Tex. Jan. 21, 2015) ("district courts are tasked with guarding against abusive discovery, including 'an unwieldy, burdensome, and speculative fishing expedition.'"). The public's use of a public highway is not at issue in this case. SpaceX further objects to the phrase "the public's use of State Highway 4" as vague and undefined. Defendant also objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case. Based on the foregoing, SpaceX stands on its objections.

23.     Documents and correspondence from or to SOS Security relating to any other vehicle accidents in and around your Boca Chica facility in the last three years.

**RESPONSE**: SpaceX objects to the phrase "SOS Security" as vague and undefined, particularly given that more than one company with this name exists. SpaceX also objects to this Request because it is overly broad, unduly burdensome, seeks irrelevant information and is disproportionate to the needs of this case, as "vehicle accidents" in locations other than the intersection of LBJ Boulevard and State Highway 4 have no connection to the claims and defenses in this lawsuit. Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case"). SpaceX further objects to this Request to the extent it seeks to discover privileged information, which will not be produced. Based on the foregoing, SpaceX stands on its objections.

24.     All reports, records, correspondence or similar documentation evidencing prior or subsequent complaints, problems, injuries or security issues as a result of your operations near State Highway 4 during the past three (3) years.

**RESPONSE**: SpaceX objects to the phrase "similar documentation" as vague and undefined. SpaceX therefore interpret this Request as seeking reports, records, and correspondence. SpaceX also objects to the phrase "problems, injuries or security issues as a result of your operations near State Highway 4" as vague and unintelligible. SpaceX further objects to this Request because it is overly broad, unduly burdensome, seeks irrelevant information and is disproportionate to the needs of this case, as "problems" and "security issues" (whatever those undefined terms are intended to mean) in locations other than the intersection of LBJ Boulevard and State Highway 4 have no connection to the claims and defenses in this lawsuit. Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case"). Additionally, SpaceX objects to this Request to the extent it seeks to discover privileged information, which will not be produced. Based on the foregoing, SpaceX stands on its objections.

# EXHIBIT B

25.     Any communications, memos, or correspondence from Chase Gunner relating to the Occurrence.

**RESPONSE**: SpaceX is not aware of any responsive documents.

26.     Any communications, memos, or correspondence from Chase Gunner relating to the loading or unloading of goods at your Boca Chica facilities in the last three years.

**RESPONSE**: SpaceX objects to this Request because it is overly broad, unduly burdensome, seeks irrelevant information and is disproportionate to the needs of this case, as "the loading or unloading of goods" (which is undefined) in locations other than the intersection of LBJ Boulevard and State Highway 4 have no connection to the claims and defenses in this lawsuit. Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case"). Subject to and without waiving the foregoing objections, SpaceX is not aware of any responsive documents.

27.     Any communications, memos, or correspondence from Chase Gunner relating to accidents involving vehicles at your Boca Chica facilities in the last three years.

**RESPONSE**: SpaceX objects to this Request because it is overly broad, unduly burdensome, seeks irrelevant information and is disproportionate to the needs of this case, as "accidents involving vehicles" in locations other than the intersection of LBJ Boulevard and State Highway 4 have no connection to the claims and defenses in this lawsuit. Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case"). Subject to and without waiving the foregoing objections, SpaceX is not aware of any responsive documents.

28.     Any communications, memos, or correspondence from Chase Gunner relating to the use of Highway 4 in the last three years.

**RESPONSE**: SpaceX objects to this Request because it is overly broad, unduly burdensome, seeks irrelevant information and is disproportionate to the needs of this case, as "the use of Highway 4" in locations other than the intersection of LBJ Boulevard and State Highway 4 has no connection to the claims and defenses in this lawsuit. Fed. R. Civ. P. 26(b)(1); *see also, e.g.*,

**EXHIBIT B**

*Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case"). Subject to and without waiving the foregoing objections, SpaceX is not aware of any responsive documents.

29.     Any correspondence between you, SOS Security, and any personnel employed by the Cameron County Sheriff's Department relating to vehicle accidents in the last three years.

**RESPONSE**: SpaceX interprets "SOS Security" to mean the third party by that name which provides certain services to SpaceX at the Boca Chica facility. SpaceX objects to this Request because it is overly broad, unduly burdensome, seeks irrelevant information and is disproportionate to the needs of this case, as "vehicle accidents" in locations other than the intersection of LBJ Boulevard and State Highway 4 have no connection to the claims and defenses in this lawsuit. Fed. R. Civ. P. 26(b)(1); *see also, e.g., Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case"). SpaceX further objects to this Request because it constitutes an unwarranted fishing expedition. Fed. R. Civ. P. 26(b)(1); *see also, e.g., Dizdar,* 2015 WL 12780640, at *2 ("district courts are tasked with guarding against abusive discovery, including 'an unwieldy, burdensome, and speculative fishing expedition.'"). Based on the foregoing, SpaceX stands on its objections.

30.     Any and all incidents and/or accident reports made or filed regarding the occurrence made the basis of this suit. This includes reports from SOS Security or any third party operating on your behalf. This includes internal reports as well as any reports filed with any governmental agency.

**RESPONSE**: SpaceX objects to this Request as entirely duplicative and cumulative of other Requests, including without limitation, Request Nos. 1, 2, 4, 5, 10, 11, and 34. SpaceX directs Plaintiff's attention to and incorporates by reference its Responses to those Requests as if fully set forth herein. Based on the foregoing, SpaceX stands on its objections.

31.     Any and all safety manuals, personnel manuals and/or other documents indicating or discussing safe working procedures regarding the delivery of goods and/or services to your property or the use of Highway 4 for any purpose in the last three years.

**RESPONSE**: SpaceX objects to this Request because it is overly broad, unduly burdensome, seeks irrelevant information and is disproportionate to the needs of this case, as "services," "the delivery

**EXHIBIT B**

of goods and/or services" and "the use of Highway 4" in locations other than the intersection of LBJ Boulevard and State Highway 4 have no connection to the claims and defenses in this lawsuit. Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case"). SpaceX further objects that this Request, and particularly the term "indicating," is vague and ambiguous. SpaceX further objects to this Request to the extent it seeks to discover privileged information, which will not be produced. Subject to and without waiving the foregoing objections, SpaceX will limit its search to safety manuals and personnel manuals discussing safe working procedures regarding deliveries entering at the intersection of LBJ Boulevard and State Highway 4. Responsive and non-privileged documents, if any, will be produced following a reasonably diligent search.

32.     All non-privileged correspondence relating to difficulties drivers experienced accessing the access site where Decedent was killed in the last three years.

**RESPONSE**: SpaceX objects to the phrase "relating to difficulties drivers experienced" as vague and unintelligible. SpaceX also objects to this Request because it is overly broad, unduly burdensome, seeks irrelevant information and is disproportionate to the needs of this case. "The difficulties drivers experienced accessing the site" is irrelevant as the drivers involved in the Occurrence were not accessing the site of SpaceX at the time of the Occurrence, and therefore have no connection to the claims and defenses in this lawsuit. Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case"). SpaceX further objects to this Request to the extent it seeks to discover privileged information, which will not be produced. Based on the foregoing, SpaceX stands on its objections.

33.     All non-privileged correspondence relating to the need for lighting on State Highway 4 at or around your Boca Chica facilities.

**RESPONSE**: SpaceX objects to this Request because it is overly broad, unduly burdensome, seeks irrelevant information and is disproportionate to the needs of this case, as "the need for lighting on State Highway 4 at or around your Boca Chica facilities" other than the intersection of LBJ Boulevard and State Highway 4 have no connection to the claims and defenses in this lawsuit. Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case"). SpaceX further objects to this Request to the extent it

**EXHIBIT B**

seeks to discover privileged information, which will not be produced.  Subject to and without waiving the foregoing objections, SpaceX will limit its search to non-privileged correspondence, if any, discussing a need for lighting at the intersection of LBJ Boulevard and State Highway 4. Responsive and non-privileged documents, if any, will be produced following a reasonably diligent search.

34.     All non-privileged correspondence, including email, between you and any governmental agency relating to the occurrence, or the conditions of highway at the time of the occurrence.

**RESPONSE**: Responsive documents, if any, will be produced following a reasonably diligent search.

35.     Audiotapes (and transcripts, if any) of any conversations involving any employee, agent or independent contractor or any witness involving this incident.

**RESPONSE**: SpaceX objects to the phrase "this incident" as vague and interprets that phrase as referring to the Occurrence.  Subject to and without waiving this objection, SpaceX is not aware of any responsive audiotapes or transcripts.

36.     All documents reflecting vehicle accidents that have occurred as a result of your operations over the past five years on or around your Boca Chica facilities.

**RESPONSE**: SpaceX objects to the phrase "as a result of" as seeking a legal conclusion, which is not a permissible Request.  SpaceX also objects to this Request as duplicative and cumulative of Request Nos. 23 and 29.  SpaceX further objects to this Request because it is overly broad, unduly burdensome, seeks irrelevant information and is disproportionate to the needs of this case, as "vehicle accidents" other than at the intersection of LBJ Boulevard and State Highway 4 have no connection to the claims and defenses in this lawsuit.  Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case").  Additionally, SpaceX objects to this Request because it constitutes an unwarranted fishing expedition.  Fed. R. Civ. P. 26(b)(1); *see also, e.g., Dizdar,* 2015 WL 12780640, at *2 ("district courts are tasked with guarding against abusive discovery, including 'an unwieldy, burdensome, and speculative fishing expedition.'").  SpaceX also objects to this Request to the extent it seeks to discover privileged information, which will not be produced.  Based on the foregoing, SpaceX stands on its objections.

# EXHIBIT B

37.   All documents which would show that Plaintiff's own acts or omissions caused or contributed to the Occurrence.

**RESPONSE**: SpaceX objects to the phrase "which would show" as a premature demand for trial exhibits and an invasion of the attorney work product doctrine.  To the extent Plaintiff is seeking documents that SpaceX will use in support of its defenses, such Request is cumulative of Rule 26(a) of the Federal Rules of Civil Procedure.  Subject to and without waiving the foregoing objections, SpaceX directs Plaintiff's attention to the medical records, accident reports, and other responsive documents already in Plaintiff's possession, custody or control. SpaceX will supplement this response as additional responsive documents are located.

38.   All documents which would show that SYS Trucking, LLCs acts or omissions caused or contributed to the Occurrence.

**RESPONSE**: SpaceX objects to the phrase "SYS Trucking, LLC" as vague and irrelevant, and assumes that Plaintiff is attempting to refer to SYM Trucking, LLC when Plaintiff uses the phrase "SYS Trucking, LLC."  SpaceX further objects to the phrase "which would show" as a premature demand for trial exhibits and an invasion of the attorney work product doctrine.   To the extent Plaintiff is seeking documents that SpaceX will use in support of its defenses, such Request is cumulative of Rule 26(a) of the Federal Rules of Civil Procedure.  Subject to and without waiving the foregoing objections, SpaceX directs Plaintiff's attention to the lawsuit Plaintiff filed against SYM Trucking, LLC in Harris County, Texas and all filings thereto.  SpaceX will supplement this response as additional responsive documents are located.

39.   All documents, records or correspondence which would show that Plaintiff and her family failed to mitigate its damages.

**RESPONSE**: SpaceX objects to the phrase "which would show" as a premature demand for trial exhibits and an invasion of the attorney work product doctrine.  To the extent Plaintiff is seeking documents that SpaceX will use in support of its defenses, such Request is cumulative of Rule 26(a) of the Federal Rules of Civil Procedure.  Subject to and without waiving the foregoing objections, SpaceX directs Plaintiff's attention to the medical records, accident reports, and other responsive documents already in Plaintiff's possession, custody or control that plainly show a failure to mitigate.  SpaceX will supplement this response as additional responsive documents are located.

40.   Any medical records or correspondence which would show that the injuries, which Plaintiff and her minor children complain of in this Lawsuit were pre-existing.

# EXHIBIT B

**RESPONSE**: SpaceX objects to the phrase "which would show" as a premature demand for trial exhibits and an invasion of the attorney work product doctrine. To the extent Plaintiff is seeking documents that SpaceX will use in support of its defenses, such Request is cumulative of Rule 26(a) of the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing objections, SpaceX directs Plaintiff's attention to the medical records, accident reports, and other responsive documents already in Plaintiff's possession, custody or control. SpaceX will supplement this response as additional responsive documents are located.

41.    All documents obtained through any authorization signed by Plaintiff.

**RESPONSE**: Responsive documents, if any, will be produced following a reasonably diligent search. SpaceX notes that Plaintiff appears to have already produced such documents.

42.    All witness statements relating to the Occurrence.

**RESPONSE**: SpaceX objects to the phrase "witness statements" as vague and undefined. SpaceX interprets that phrase to mean audio-recorded, videorecorded, or transcribed statements of witnesses to the Occurrence. SpaceX also objects to this Request to the extent it seeks to invade the attorney client privilege, the work product doctrine, or the trial-preparation material protection, and such information will not be disclosed. Subject to and without waiving the foregoing objections, SpaceX directs Plaintiff's attention to the police report, which is already in her possession and to SpaceX's production.

43.    Any and all documents received by you or your attorney through Deposition by Written Questions ("DWQ").

**RESPONSE**: Responsive documents from DWQs issued in this case, if any, will be produced following a reasonably diligent search.

44.    All drawings, maps and sketches of the scene of the Occurrence.

**RESPONSE**: SpaceX objects to this Request as overly broad, unduly burdensome, not reasonably limited in time and disproportionate to the needs of this case, particularly given that this Request is not in line with the factors set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. SpaceX therefore interprets this Request as seeking drawings or sketches of the Occurrence. SpaceX also objects to this Request to the extent it seeks to discover privileged information, which will not be produced. Subject to and without waiving the foregoing objections, SpaceX is not presently aware of any responsive drawings or sketches of the Occurrence that are not equally

# EXHIBIT B

available to Plaintiffs and directs Plaintiff's attention to the police report, which is already in Plaintiff's possession.

45.    All photographs and videotapes of the scene of the Occurrence in the last three years.

**RESPONSE**: SpaceX objects to this Request as overly broad, unduly burdensome, not reasonably limited in time and disproportionate to the needs of this case, particularly given that this Request is not in line with the factors set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. SpaceX therefore interprets this Request as seeking photos and videos of the Occurrence.  SpaceX also objects to this Request to the extent it seeks to discover privileged information, which will not be produced.  Subject to and without waiving the foregoing objections, SpaceX directs Plaintiff's attention to the police report, which is already in Plaintiff's possession, as well as to SpaceX's document production.

46.    All photographs and videotapes of any vehicles involved in the Occurrence.

**RESPONSE**: Responsive documents, to the extent not privileged, will be produced following a reasonably diligent search.

47.    All photographs and videotapes of the scene of the Occurrence since the Occurrence.

**RESPONSE**: SpaceX objects to this Request as duplicative of Request 45 and incorporates its response thereto.

48.    Any policies or procedures regarding the delivery of products in the dark or at night.

**RESPONSE**: SpaceX objects to this Request as duplicative of Request No. 14, among other Requests.  SpaceX further objects that this Request fails to designate a relevant time period or location.  Accordingly, SpaceX objects to this Request as overly broad, unduly burdensome, not reasonably limited in time and disproportionate to the needs of this case, particularly given that this Request is not in line with the factors set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.  Subject to and without waiving the foregoing objections, SpaceX will limit its search and production to policies or procedures related to deliveries at LBJ Boulevard in effect on the day of the Occurrence.

# EXHIBIT B

49.     All documents and correspondence relating to plans for widening the access point near the site in the last three years.

**RESPONSE**: SpaceX objects to this Request as vague and unintelligible—particularly because this Request does not define "access point near the site." SpaceX further objects to this Request as irrelevant and because it constitutes an unwarranted fishing expedition. Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *2 (S.D. Tex. Jan. 21, 2015) ("district courts are tasked with guarding against abusive discovery, including 'an unwieldy, burdensome, and speculative fishing expedition.'"). SpaceX also objects to this Request to the extent it seeks to discover privileged information, which will not be produced. Based on the foregoing, SpaceX stands on its objections.


50.     All correspondence and documents received and exchanged between you and the Cameron County District Attorney's office relating to the use of public roads around your Boca Chica facilities in the last three years.

**RESPONSE**: SpaceX objects to this Request on the grounds that no allegation regarding the Cameron County District Attorney's office "relating to the use of public roads around your Boca Chica facilities" exists in this case. Accordingly, this Request constitutes an unwarranted fishing expedition that seeks discovery of information which is not relevant to the claims and defenses in this suit, nor proportionate to the needs thereof under Rule 26(b)(1) of the Federal Rules of Civil Procedure. *See, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *5 (S.D. Tex. Jan. 21, 2015) ("Plaintiffs are not permitted to abuse the discovery process to hunt for evidence of a conspiracy theory that goes well beyond the claims at issue in this case."). SpaceX further objects to this Request as overly broad and unduly burdensome. Based on the foregoing, SpaceX stands on its objections.


51.     All correspondence, photographs, and documents since 2013 relating to the naming of any street around your facility "Rocket Road."

**RESPONSE**: SpaceX objects to this Request on the grounds that no allegation regarding "Rocket Road" or the naming of that street exists in this case. Accordingly, this Request constitutes an unwarranted fishing expedition that seeks discovery of information which is not relevant to the claims and defenses in this suit, nor proportionate to the needs thereof under Rule 26(b)(1) of the Federal Rules of Civil Procedure. *See, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *5 (S.D. Tex. Jan. 21, 2015) ("Plaintiffs are not permitted to abuse the discovery process to hunt for evidence of a conspiracy theory that goes well beyond the claims at issue in this case."). SpaceX further objects to this Request as overly broad and unduly burdensome.

**EXHIBIT B**

SpaceX also objects to this Request to the extent it seeks to discover privileged information, which will not be produced.  Based on the foregoing, SpaceX stands on its objections.


52.     All correspondence involving the group "Save RGV" in your care, custody, or control in the last three years that references the use of public streets in and around your Boca Chica facilities.

**RESPONSE**: SpaceX objects to this Request on the grounds that no allegation regarding the group "Save RGV" exists in this case.  Accordingly, this Request constitutes an unwarranted fishing expedition that seeks discovery of information which is not relevant to the claims and defenses in this suit, nor proportionate to the needs thereof under Rule 26(b)(1) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *5 (S.D. Tex. Jan. 21, 2015) ("Plaintiffs are not permitted to abuse the discovery process to hunt for evidence of a conspiracy theory that goes well beyond the claims at issue in this case.").  SpaceX further objects to this Request as overly broad and unduly burdensome. SpaceX also objects to this Request to the extent it seeks to discover privileged information, which will not be produced. Based on the foregoing, SpaceX stands on its objections.


53.     All correspondence to or from Judge Eddie Trevino in the last three years that reference the use of public roads in and around your facility in the last three years.

**RESPONSE**:  SpaceX objects to this Request on the grounds that no allegation regarding correspondence with Judge Eddie Trevino "that reference the use of public roads in and around your facility" exists in this case.  Accordingly, this Request constitutes an unwarranted fishing expedition that seeks discovery of information which is not relevant to the claims and defenses in this suit, nor proportionate to the needs thereof under Rule 26(b)(1) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *5 (S.D. Tex. Jan. 21, 2015) ("Plaintiffs are not permitted to abuse the discovery process to hunt for evidence of a conspiracy theory that goes well beyond the claims at issue in this case.").  SpaceX further objects to this Request as overly broad and unduly burdensome. Based on the foregoing, SpaceX stands on its objections.


54.     All correspondence to or from District Attorney Luis Saenz relating to your operations in the last three years.

**RESPONSE**: SpaceX objects to this Request on the grounds that no allegation of anything related to District Attorney Luis Saenz "relating to your operations" exists in this case.  Accordingly, this Request constitutes an unwarranted fishing expedition that seeks discovery of information which

**EXHIBIT B**

is not relevant to the claims and defenses in this suit, nor proportionate to the needs thereof under Rule 26(b)(1) of the Federal Rules of Civil Procedure. *See, e.g., Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *5 (S.D. Tex. Jan. 21, 2015) ("Plaintiffs are not permitted to abuse the discovery process to hunt for evidence of a conspiracy theory that goes well beyond the claims at issue in this case."). SpaceX further objects to this Request as overly broad and unduly burdensome. Based on the foregoing, SpaceX stands on its objections.

55.     All correspondence to or from Shyamal Patel or his subordinates relating to the use of roads in and around your Boca Chica facilities in the last three years.

**RESPONSE**: SpaceX objects to this Request on the grounds that no allegation of statements by Shyamal Patel or his subordinates "relating to the use of roads" exists in this case. Accordingly, this Request constitutes an unwarranted fishing expedition that seeks discovery of information which is not relevant to the claims and defenses in this suit, nor proportionate to the needs thereof under Rule 26(b)(1) of the Federal Rules of Civil Procedure. *See, e.g., Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *5 (S.D. Tex. Jan. 21, 2015) ("Plaintiffs are not permitted to abuse the discovery process to hunt for evidence of a conspiracy theory that goes well beyond the claims at issue in this case."). SpaceX further objects to this Request as overly broad and unduly burdensome. SpaceX also objects to this Request to the extent it seeks to discover privileged information, which will not be produced. Based on the foregoing, SpaceX stands on its objections.

56.     The 2014 Environmental Impact Statement that references your Boca Chica facilities.

**RESPONSE**: SpaceX objects to this Request on the grounds that no allegation of environmental impact exists in this case. Accordingly, this Request constitutes an unwarranted fishing expedition that seeks discovery of information which is not relevant to the claims and defenses in this suit, nor proportionate to the needs thereof under Rule 26(b)(1) of the Federal Rules of Civil Procedure. *See, e.g., Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *5 (S.D. Tex. Jan. 21, 2015) ("Plaintiffs are not permitted to abuse the discovery process to hunt for evidence of a conspiracy theory that goes well beyond the claims at issue in this case."). SpaceX further objects to this Request as overly broad and unduly burdensome. Based on the foregoing, SpaceX stands on its objections.

57.     All notices and text messages to the public regarding road closures near your Boca Chica facilities in the last three years.

# EXHIBIT B

**RESPONSE**: SpaceX objects to this Request on the grounds that no allegation of a road closure or related notice exists in this case. Accordingly, this Request constitutes an unwarranted fishing expedition that seeks discovery of information which is not relevant to the claims and defenses in this suit, nor proportionate to the needs thereof under Rule 26(b)(1) of the Federal Rules of Civil Procedure. *See, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *5 (S.D. Tex. Jan. 21, 2015) ("Plaintiffs are not permitted to abuse the discovery process to hunt for evidence of a conspiracy theory that goes well beyond the claims at issue in this case."). SpaceX further objects to this Request as overly broad and unduly burdensome. Based on the foregoing, SpaceX stands on its objections.

58.     Documents and correspondence that relate to any training you provided security personnel relating to the use of public and private roads in and around your facility in the last three years.

**RESPONSE**: SpaceX objects to this Request on the grounds that no allegation regarding security personnel's "use of public and private roads in and around your facility" exists in this case. Accordingly, this Request constitutes an unwarranted fishing expedition that seeks discovery of information which is not relevant to the claims and defenses in this suit, nor proportionate to the needs thereof under Rule 26(b)(1) of the Federal Rules of Civil Procedure. *See, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *5 (S.D. Tex. Jan. 21, 2015) ("Plaintiffs are not permitted to abuse the discovery process to hunt for evidence of a conspiracy theory that goes well beyond the claims at issue in this case."). SpaceX further objects to this Request as overly broad and unduly burdensome. SpaceX also objects to this Request to the extent it seeks to discover privileged information, which will not be produced. Based on the foregoing, SpaceX stands on its objections.

59.     Any beach mitigation plans in effect in the last three years.

**RESPONSE**: SpaceX objects to this Request on the grounds that no allegation of any beach mitigation plan exists in this case. Accordingly, this Request constitutes an unwarranted fishing expedition that seeks discovery of information which is not relevant to the claims and defenses in this suit, nor proportionate to the needs thereof under Rule 26(b)(1) of the Federal Rules of Civil Procedure. *See, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *5 (S.D. Tex. Jan. 21, 2015) ("Plaintiffs are not permitted to abuse the discovery process to hunt for evidence of a conspiracy theory that goes well beyond the claims at issue in this case."). SpaceX further objects to this Request as overly broad and unduly burdensome. SpaceX also objects to this Request to the extent it seeks to discover privileged information, which will not be produced. Based on the foregoing, SpaceX stands on its objections.

# EXHIBIT B

60.     Any photographs in the last three years showing trucks that were waiting to unload or load goods or cargo at or around your Boca Chica facilities in the last three years.

**RESPONSE**: SpaceX objects to the phrases "waiting to unload or load goods or cargo" and "at or around your Boca Chica facilities" as vague and undefined.  SpaceX also objects to this Request because it is overly broad, unduly burdensome, seeks irrelevant information and is disproportionate to the needs of this case, as "waiting to unload or load goods or cargo" in locations other than the intersection of LBJ Boulevard and State Highway 4 have no connection to the claims and defenses in this lawsuit.  Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case").  SpaceX further objects to this Request to the extent it seeks to discover privileged information, which will not be produced.  Subject to and without waiving the foregoing objections, SpaceX will produce photographs, if any, of trucks waiting on Highway 4 at the intersection of LBJ Boulevard and Highway 4 on the day of the Occurrence.

61.     A copy of any contract You have with SOS Security or any other third-party security company or governmental entity that provides personnel to protect or service your Boca Chica facility.

**RESPONSE**: SpaceX objects to this Request on the grounds that no allegation related to any contract between SpaceX and SOS Security, Inc. exists in this case.  Accordingly, this Request constitutes an unwarranted fishing expedition that seeks discovery of information which is not relevant to the claims and defenses in this suit, nor proportionate to the needs thereof under Rule 26(b)(1) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *5 (S.D. Tex. Jan. 21, 2015) ("Plaintiffs are not permitted to abuse the discovery process to hunt for evidence of a conspiracy theory that goes well beyond the claims at issue in this case.").  SpaceX further objects to this Request as overly broad and unduly burdensome. Based on the foregoing, SpaceX stands on its objections.

62.     All internal correspondence that relates to vehicle accidents that have occurred in or around your Boca Chica facilities in the last three years.

**RESPONSE**: SpaceX objects to this request as duplicative of numerous requests and as seeking irrelevant information.  SpaceX also objects to this Request because it is overly broad, unduly burdensome, seeks irrelevant information and is disproportionate to the needs of this case, as "vehicle accidents" in locations other than the intersection of LBJ Boulevard and State Highway 4 have no connection to the claims and defenses in this lawsuit.  Fed. R. Civ. P. 26(b)(1); *see also,*

# EXHIBIT B

*e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case"). SpaceX further objects to this Request to the extent it seeks to discover privileged information, which will not be produced. Subject to and without waiving the foregoing objections, SpaceX will produce non-privileged correspondence related specifically to the Occurrence on the day in question.

63.     All policies, procedures, bulletins, and memos relating to the public's use of Highway 4 and surrounding streets near your Boca Chica facility in the last four years.

**RESPONSE**: SpaceX objects to this Request on the grounds that no allegation related to "the public's use of Highway 4 and surrounding streets near your Boca Chica facility" exists in this case. Accordingly, this Request constitutes an unwarranted fishing expedition that seeks discovery of information which is not relevant to the claims and defenses in this suit, nor proportionate to the needs thereof under Rule 26(b)(1) of the Federal Rules of Civil Procedure. *See, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *5 (S.D. Tex. Jan. 21, 2015) ("Plaintiffs are not permitted to abuse the discovery process to hunt for evidence of a conspiracy theory that goes well beyond the claims at issue in this case."). SpaceX further objects to this Request as overly broad and unduly burdensome. SpaceX further objects to this Request to the extent it seeks to discover privileged information, which will not be produced. Based on the foregoing, SpaceX stands on its objections.

64.     All records and correspondence exchanged with the Federal Aviation Administration relating to the use of public roads in and around your Boca Chica facilities in the last three years.

**RESPONSE**: SpaceX objects to this Request on the grounds that no allegation of correspondence with the Federal Aviation Administration relating to "the use of public roads in and around your Boca Chica facilities" exists in this case. Accordingly, this Request constitutes an unwarranted fishing expedition that seeks discovery of information which is not relevant to the claims and defenses in this suit, nor proportionate to the needs thereof under Rule 26(b)(1) of the Federal Rules of Civil Procedure. *See, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *5 (S.D. Tex. Jan. 21, 2015) ("Plaintiffs are not permitted to abuse the discovery process to hunt for evidence of a conspiracy theory that goes well beyond the claims at issue in this case."). SpaceX further objects to this Request as overly broad and unduly burdensome. SpaceX also objects to this Request to the extent it seeks to discover privileged information, which will not be produced. Based on the foregoing, SpaceX stands on its objections.

# EXHIBIT B

65.    Provide any presentations to the public or correspondence with the public relating to the expansion of the Boca Chica facilities in the last seven years.

**RESPONSE**: SpaceX objects to this Request on the grounds that no allegation related to "expansion of the Boca Chica facilities" exists in this case. Accordingly, this Request constitutes an unwarranted fishing expedition that seeks discovery of information which is not relevant to the claims and defenses in this suit, nor proportionate to the needs thereof under Rule 26(b)(1) of the Federal Rules of Civil Procedure. *See, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *5 (S.D. Tex. Jan. 21, 2015) ("Plaintiffs are not permitted to abuse the discovery process to hunt for evidence of a conspiracy theory that goes well beyond the claims at issue in this case."). SpaceX further objects to this Request as overly broad and unduly burdensome. Based on the foregoing, SpaceX stands on its objections.

# EXHIBIT B

### DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORPORATION'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO 1:** Identify each person and its job title who participates in answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

**ANSWER**: Other than counsel, SpaceX refers Plaintiff to the verification that will accompany these Interrogatory Answers and SpaceX's production.   Other individuals who supplied information include:

John Beatty, Senior Manager Materials Management

Steve Grathwohl, EHS Specialist

Leo Alaniz, EHS


**INTERROGATORY NO 2:** Identify the individuals who responded to the Occurrence, including:

      a.  Its full names;
      b.  Its addresses;
      c.  Its job titles;
      d.  Its employer;
      e.  A brief description of its involvement in the Occurrence; and
      f.  A brief explanation as to whether any such persons created or assisted in preparing a report regarding the Occurrence.

**ANSWER**: SpaceX objects to this Interrogatory to the extent it seeks identification of individuals who were not SpaceX personnel at the time of the Occurrence.  SpaceX further objects to the characterization of this Interrogatory as improperly implying that SpaceX was legally obligated to "respond to" accidents that occur between third parties on public roadways, which is denied.

Subject to and without waiving the foregoing objections, the City of Brownsville Fire Department and EMS, and the Texas Department of Public Safety, Division of Texas Highway Patrol, including Officer Hector Rodriguez, responded to the Occurrence and were on the scene.  Upon becoming aware of the Occurrence, the following SpaceX personnel went to the scene to offer their help: Steve Grathwohl, EHS Specialist, and Micah Hoevelman, Security.


# EXHIBIT B

**INTERROGATORY NO 3:** Please indicate on which date you anticipated litigation and the factual basis for why u anticipated litigation on this date.

**ANSWER**: SpaceX's in-house counsel was alerted to the possibility of litigation on July 5, 2020. Accordingly, SpaceX anticipated litigation from at least that date.

**INTERROGATORY NO 4:** Describe in detail the policies and procedures in effect at the time of the Occurrence relating to the delivery of goods at your facilities. If your policies and procedures changed after this Occurrence, please explain how your policies and procedures changed and the reason for the change(s).

**ANSWER**: SpaceX objects to this Interrogatory, and the phrase "policies and procedures…relating to the delivery of goods at your facilities" as vague and ambiguous. In particular, the Interrogatory does not identify a relevant facility or what type of policy or procedure would be relevant to an incident involving only third parties on a public road—and no personnel of SpaceX.

Subject to and without waiving the foregoing objections, SpaceX's general policies and procedures for deliveries to its Boca Chica facility via the intersection of LBJ Boulevard and State Highway 4 were for delivery vehicles to proceed to the designated receiving area, after which the driver would provide paperwork of what was being delivered to receiving personnel, who would verify the information. If the information was correct and the load did not require special treatment, a safe offload process would then occur at the receiving area, after which the items delivered would be inspected and signed for. The items delivered would then be received by SpaceX. SpaceX did not change its general policies and procedures as a result of the Occurrence.

**INTERROGATORY NO 5:** Describe your relationship with SYM Trucking, LLC, including:

a. SYM Trucking, LLC's job description on the date of the occurrence;
b. Any instructions you provided to SYS Trucking, LLC relating to the delivery of goods on the date of the Occurrence;
c. SYS Trucking, LLC' s location at the time of the occurrence;
d. SYM Trucking, LLC's destination at the time of the occurrence;
e. Identify any other deliveries by SYM Trucking, LLC in the last three years other than the one involved in this Occurrence;
f. Explain your general understanding for why SYM Trucking, LLC was parked across the roadway at the time of the Occurrence.

**ANSWER**: SpaceX objects to subparts (a) – (d) of this Interrogatory as seeking information available in documents already in Plaintiff's possession. SpaceX also objects to subpart (e) a

**EXHIBIT B**

overly broad and not reasonably limited in time or scope.  Regarding subpart (f), SpaceX objects to the phrase "across the roadway" as ambiguous and further objects that this subpart misstates the evidence (so far as SpaceX is aware, there is no evidence that SYM Trucking LLC was parked) and calls for speculation as to a third-party driver's intentions.  Subject to and without waiving the foregoing objections, SYM Trucking, LLC is a third-party transportation company that upon information and belief was engaged by Freight Saver to deliver materials from Tampa Bay Steel to the Boca Chica facility.

**INTERROGATORY NO 6:** Describe in detail any upgrades, accommodations, or security measures you have implemented in the last three years at the access point to make the access point safer.

**ANSWER**: SpaceX objects to the phrase "access point" as vague and undefined.  SpaceX further objects to this Interrogatory on the grounds that no allegation regarding the security measures at the access point exists in this case.  Accordingly, this Request constitutes an unwarranted fishing expedition that seeks discovery of information which is not relevant to the claims and defenses in this suit, nor proportionate to the needs thereof under Rule 26(b)(1) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *5 (S.D. Tex. Jan. 21, 2015) ("Plaintiffs are not permitted to abuse the discovery process to hunt for evidence of a conspiracy theory that goes well beyond the claims at issue in this case.").  SpaceX also objects to this Request as overly broad and unduly burdensome.  Additionally, to the extent this Interrogatory seeks to discover privileged information, SpaceX objects and such information will not be disclosed.  SpaceX further objects to this Interrogatory because it improperly assumes some undefined access point was not safe.   SpaceX stands on its objections.

**INTERROGATORY NO 7:** Identify any complaints, claims, or allegations from any person regarding any hazards created by your operations at the access point or on or around State Highway 4 in the last 4 years, including:

     a.     The name and contact information for any resident involved;
     b.     The date of complaints, claim or allegation;
     c.     The location of any complaint, claim or lawsuit or allegation; and
     d.     A brief description of the complaint or allegations.

**ANSWER**:  SpaceX objects to this Interrogatory as containing an unjustified and unexplained predicate in using the phrase "any hazards".  SpaceX further objects to this Interrogatory because it vaguely refers to SpaceX's "operations" without identifying any operation relevant to this lawsuit. Accordingly, SpaceX objects to this Interrogatory as seeking information that is irrelevant

# EXHIBIT B

and not proportional to the needs of this case, particularly given that this Interrogatory is not in line with the factors set forth in Rule 26(b)(1)of the Federal Rules of Civil Procedure.  SpaceX also objects that the phrase "Your operations at the access point or on or around State Highway 4" is overbroad, as State Highway 4 is many miles long and the Occurrence took place only near the intersection of LBJ Boulevard and State Highway 4.  Subject to and without waiving the foregoing objections, SpaceX is not aware of any responsive information as to the intersection of LBJ Boulevard and State Highway 4.

**INTERROGATORY NO 8:** Describe any safety measures you implemented on or before the date of the incident near the access point relating to the delivery of goods to your facilities in Boca Chica, including streetlights, street signs, cones; reflective warnings or any other safety systems to warn residents of

**ANSWER**: SpaceX objects that this Interrogatory is unintelligible.  SpaceX further objects to the phrase s "any safety measures," "near the access point," and "relating to the delivery of goods" as vague and undefined.  SpaceX also objects that this Interrogatory is not reasonably limited in time or scope.  Based on the foregoing, SpaceX stands on its objections.

**INTERROGATORY NO 9:** State the legal theories and describe in general the factual basis for your claims and/or defenses.

**ANSWER**: SpaceX refers Plaintiff to SpaceX's pleadings, and any amendments thereto, which set forth SpaceX's defenses.  The general factual basis for those defenses include, but are not limited to, that SpaceX owed no duty of care to Plaintiff while Plaintiff's husband was impaired and was driving unsafely on a public roadway that SpaceX did not own or control, that Plaintiff and her husband chose not to wear a seatbelt, that Plaintiff's husband drove his vehicle into a third party truck not owned or being driven by SpaceX but instead under the control of an independent third party,  that SpaceX had no involvement in and did not cause the incident, that SpaceX is in no way liable to Plaintiff and that Plaintiff already sued the responsible party and obtained a settlement. SpaceX further directs Plaintiff to its document production.

**INTERROGATORY NO 10:** Describe how the Occurrence occurred, and state specifically what you contend caused or contributed to the cause of the Occurrence.  If you believe any other entity or person contributed or is responsible for the occurrence, please provide a factual description for this belief.

**ANSWER**: SpaceX has no first-hand knowledge of how the Occurrence occurred.  SpaceX refers Plaintiff to the Texas Department of Transportation's Certified Crash Report bates labeled

# EXHIBIT B

SPACEX000001-13.  Based on the reports and photos, it appears that Plaintiff's husband, while impaired with cocaine and alcohol and not wearing a seatbelt, drove recklessly and at a high rate of speed west on State Highway 4 into the illuminated and reflective-taped trailer of a tractor-trailer unit owned and/or operated by SYM Trucking, LLC.  At minimum, Plaintiff was also not wearing a seatbelt.  SpaceX is in no way responsible for this Occurrence, which was solely between third parties on a public road, or any resulting injuries.  This is confirmed by, among other things, Plaintiff's statement in Cause No. 202069854-7 filed in the 61st District Court of Harris County, Texas, that the negligence of SYM Trucking, LLC and its driver—not SpaceX—was the proximate cause of injuries to herself and her children, bates labeled SPACEX000073.

**INTERROGATORY NO 11:** Identify any other vehicle accidents, and the date and locations of such accidents, on or around your Boca Chica facilities in the last five (5) years.

**ANSWER**: SpaceX objects to this Interrogatory because "on or around your Boca Chica facilities" is vague and ambiguous, and the Interrogatory is overly broad, seeks irrelevant information and is disproportionate to the needs of this case, as "vehicle accidents" in locations other than the intersection of LBJ Boulevard and State Highway 4 have no connection to the claims and defenses in this lawsuit. Fed. R. Civ. P. 26(b)(1); *see also, e.g., Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case").  Accordingly, this Interrogatory constitutes an unwarranted fishing expedition.  *See, e.g., Dizdar,* 2015 WL 12780640, at *5 ("Plaintiffs are not permitted to abuse the discovery process to hunt for evidence of a conspiracy theory that goes well beyond the claims at issue in this case.").  Subject to and without waiving the foregoing objections, SpaceX is not aware of any other vehicle accidents at the intersection of LBJ Boulevard and State Highway 4.

**INTERROGATORY NO 12:** Explain your company's policy(s) and/or procedure(s) for delivering goods to your Boca Chica facilities at night in effect at the time of the Occurrence.

**ANSWER**: SpaceX objects that this Interrogatory is duplicative of Interrogatory 4 and refers Plaintiff to SpaceX's response thereto.

**INTERROGATORY NO 13:** Describe any changes in your policies and procedures following the Occurrence as a result of the Occurrence.

# EXHIBIT B

**ANSWER**: SpaceX objects to the phase "policies and procedures" as vague and undefined. Subject to and without waiving this Objection, SpaceX did not change its policies and procedures as a result of the Occurrence.


**INTERROGATORY NO 14:** Describe any measures You, your representative or SOS Security took to respond to the Occurrence.

**ANSWER**: The incident at issue did not occur on SpaceX's premises.  While SpaceX personnel and SOS Security, Inc. personnel had no responsibility in connection with the incident, SpaceX understands that Steve Grathwohl and Micah Hoevelman, in their individual capacities and solely as good Samaritans, went to the scene when they became aware of the Occurrence and helped administer comfort and aid to Plaintiff and her family members, established a perimeter.  SpaceX further understands that Hoevelman, at Plaintiff's request, drove to the hospital to visit Plaintiff and her daughters. For further information, see Mr. Hoevelman's declaration in SpaceX's production, SPACEX000015-16.


**INTERROGATORY NO 15:** Any correspondence between SOS Security and you relating to unsafe conditions on or around roadways near your Boca Chica facilities in the last five years.

**ANSWER**: SpaceX objects that this Interrogatory is not a complete sentence and cannot be adequately understood or responded to by SpaceX.  SpaceX further objects to this Interrogatory because it is overly broad, seeks irrelevant information and is disproportionate to the needs of this case, as "unsafe conditions around roadways" in locations other than the intersection of LBJ Boulevard and State Highway 4 have no connection to the claims and defenses in this lawsuit. Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, *Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *8 (S.D. Tex. Jan. 21, 2015) ("Claims trends, patterns, and common concerns not solely related to the claim at hand are outside the scope of discovery because they cannot speak to what happened in this individual case").  Accordingly, this Interrogatory constitutes an unwarranted fishing expedition and SpaceX stands on its objections. *See, e.g.*, *Dizdar*, 2015 WL 12780640, at *5 ("Plaintiffs are not permitted to abuse the discovery process to hunt for evidence of a conspiracy theory that goes well beyond the claims at issue in this case.").


# EXHIBIT B

<u>**DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORPORATION'S**</u>
<u>**RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS**</u>

<u>**REQUEST FOR ADMISSION NO. 1:**</u> Admit there was no lighting at the access point where the Occurrence took place.

<u>**RESPONSE**</u>: Denied.

<u>**REQUEST FOR ADMISSION NO. 4:**</u> Admit SOS Security responded to the Occurrence.

<u>**RESPONSE**</u>: Admitted only that Steve Grathwohl and Micah Hoevelman, acting in their personal capacity and solely as good Samaritans, went to the scene when they became aware of the Occurrence to see if they could help, otherwise denied.

<u>**REQUEST FOR ADMISSION NO. 5:**</u> Admit that SpaceX failed to maintain safe access points to its facility.

<u>**RESPONSE**</u>: Denied.

<u>**REQUEST FOR ADMISSION NO. 6:**</u> Admit that SpaceX did not install any lights, street signs, cones, reflective warnings or any other necessary safety systems to notify residents of the hazard caused by its operations.

<u>**RESPONSE**</u>: Denied.

<u>**REQUEST FOR ADMISSION NO. 7:**</u> Admit SYM Trucking, LLC was operating on your behalf at the time of the Occurrence.

<u>**RESPONSE**</u>: Denied.

<u>**REQUEST FOR ADMISSION NO. 8:**</u> Admit that driver Yandi Treto's vehicle was stalled in front of your facility at the time of the crash.

<u>**RESPONSE**</u>: Denied.

# EXHIBIT B

**REQUEST FOR ADMISSION NO. 9:** Admit that driver Yandi Treto's stalled vehicle was caused by the narrowness of the road leading to SpaceX' facility.

**RESPONSE**: Denied.


**REQUEST FOR ADMISSION NO. 10:** Admit that the narrow roads caused great difficulty for your commercial vehicles to access the site.

**RESPONSE**: Denied.


**REQUEST FOR ADMISSION NO. 11:** Admit that the narrow roads caused your commercial contractors to frequently block State Highway 4 for considerable time in an attempt to access your site.

**RESPONSE**: Denied.


**REQUEST FOR ADMISSION NO. 12:** Admit that the Site was too narrow to accommodate large commercial vehicles.

**RESPONSE**: Denied.


**REQUEST FOR ADMISSION NO. 13:** Admit the accident was SpaceX' [sic] fault.

**RESPONSE**: Denied.


# EXHIBIT B