# THE BUZBEE LAW FIRM

### *www.txattorneys.com*

September 28, 2021

***Via E-Mail***
Space Exploration Technologies Corporation
By and through its counsel of record:
Michelle Pector
Michelle.pector@morganlewis.com
Jared Wilkerson
Jared.wilkerson@morganlewis.com
Morgan, Lewis & Bockus, LLP
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
Tel: 713.890-5000

David Oliveira
doliveira@rofllp.com
Roerig, Oliveira & Fisher, LLP
10225 McAllen, Texas 78504
Tel: 956.393.6300

> **Re:** ***Lucinne Venegas, et al, v. Space Exploration Technologies Corporation and DogLeg Park, LLC,* Civil Action No. 1:21-cv-54, In the United States District Court for the Southern District of Texas, Brownsville Division**

Counsel:

We received SpaceX's discovery responses and production dated September 7, 2021. Please allow this letter to serve as our first attempt to conference with you on your deficient discovery responses and production.

We ask that you notify us by COB on October 4, 2021, whether you intend to amend and supplement as requested below. If we do not hear from you by then, we will assume you are going to stand on your objections and will file a motion to compel.

If you indicate to us by Monday, October 4, 2021, that you intend to supplement and amend your responses, we ask that you do so by Friday, October 8, 2021. If you need additional time, call us so we can discuss an extension.

If you do not understand or would like to discuss or clarify our requests, please call me to discuss your concerns. It may be that you have produced all documents and are not withholding anything subject to an objection. If that is the case, please notify me in writing that you are not



EXHIBIT C

withholding any responsive information to a specific request and that all responsive documents have been produced or indicate that no responsive documents exist.

Additionally, currently our client is available for a deposition by November 21, 2021, subject to the understanding that we will not present our client for a deposition until we work through the issues in this letter. By noticing our client's deposition for November 21, 2021, you via Rule 29 that the deposition will not proceed until we resolve our discovery concerns addressed herein. If we cannot resolve the issues in this letter, we will need to postpone our client's deposition until we are able to obtain the requested information relevant to the claims and defenses in this case.

## INTERROGATORY RESPONSES

You did not fully respond to several interrogatory requests with responsive information. Here are the requests and information we need:

***Individuals who responded to the Occurrence, including a description of their involvement in the response and/or Occurrence.***

**INTERROGATORY NO 2:** Identify the individuals who responded to the Occurrence, including:

- a.  Its full names;
- b.  Its addresses;
- c.  Its job titles;
- d.  Its employer;
- e.  A brief description of its involvement in the Occurrence; and
- f.  A brief explanation as to whether any such persons created or assisted in preparing a report regarding the Occurrence.

**INTERROGATORY NO 14:** Describe any measures You, your representative or SOS Security took to respond to the Occurrence.

The requested information is not irrelevant, overly-broad or unduly burdensome. This request seeks information about the individuals you are aware of that responded to the Occurrence, including information relating to how and why they responded to the Occurrence. Please respond fully.

***Factual account of this unknown "alert:"***

**INTERROGATORY NO 3:** Please indicate on which date you anticipated litigation and the factual basis for why u anticipated litigation on this date.

**ANSWER**: SpaceX's in-house counsel was alerted to the possibility of litigation on July 5, 2020. Accordingly, SpaceX anticipated litigation from at least that date.



Please describe the factual basis for how SpaceX was "alerted" to litigation on July 5, 2020. As the party seeking to apply a privilege, it is Defendant's burden to show that it anticipated litigation on this date, so please provide a factual basis to explain this "alert."

### *Relationship with SYM Trucking, LLC:*

**INTERROGATORY NO 5:** Describe your relationship with SYM Trucking, LLC, including:

 a. SYM Trucking, LLC's job description on the date of the occurrence;
 b. Any instructions you provided to SYS Trucking, LLC relating to the delivery of goods on the date of the Occurrence;
 c. SYS Trucking, LLC' s location at the time of the occurrence;
 d. SYM Trucking, LLC's destination at the time of the occurrence;
 e. Identify any other deliveries by SYM Trucking, LLC in the last three years other than the one involved in this Occurrence;
 f. Explain your general understanding for why SYM Trucking, LLC was parked across the roadway at the time of the Occurrence.

Rule 33 makes clear that we are entitled to request the general factual bases and description for any legal theories *and* the factual basis in support of your client's position, which includes information pertaining to the truck involved in this crashing and any information you provided to this truck, its owner, or its driver on or before the date of the Occurrence. Please withdraw your objections and respond to the questions.

### *Policies, procedures or changes to the access point in and around the Occurrence's scene:*

**INTERROGATORY NO 6:** Describe in detail any upgrades, accommodations, or security measures you have implemented in the last three years at the access point to make the access point safer.

**INTERROGATORY NO 7:** Identify any complaints, claims, or allegations from any person regarding any hazards created by your operations at the access point or on or around State Highway 4 in the last 4 years, including:

 a. The name and contact information for any resident involved;
 b. The date of complaints, claim or allegation;
 c. The location of any complaint, claim or lawsuit or allegation; and
 d. A brief description of the complaint or allegations.

**INTERROGATORY NO 8:** Describe any safety measures you implemented on or before the date of the incident near the access point relating to the delivery of goods to your facilities in Boca Chica, including streetlights, street signs, cones; reflective warnings or any other safety systems to warn residents of

**INTERROGATORY NO 12:** Explain your company's policy(s) and/or procedure(s) for delivering goods to your Boca Chica facilities at night in effect at the time of the Occurrence.

**EXHIBIT C**

**INTERROGATORY NO 13:** Describe any changes in your policies and procedures following the Occurrence as a result of the Occurrence.

**INTERROGATORY NO 15:** Any correspondence between SOS Security and you relating to unsafe conditions on or around roadways near your Boca Chica facilities in the last five years.

This request should be straight-forward. Yet, your client continues to insert the same copied and pasted objections. The information sought herein is directly relevant to the events that occurred on the date of the Occurrence, including unsafe conditions around the access point which contributed to this crash. Please fully respond.

***The factual basis for your claims and defenses:***

**INTERROGATORY NO 9:** State the legal theories and describe in general the factual basis for your claims and/or defenses.

Defendants live answer does not include the factual basis for each defense alleged. Please provide a brief factual description to support these claims.

## DISCLOSURE RESPONSES

Rule 26(a)(1) required SpaceX to fully answer the following:

***Insurance information:***

**(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

**RESPONSE:** Defendant agrees to supplement.

**SUPPLEMENTAL RESPONSE: Please see attached insurance policies from Starr Indemnity & Liability Company and Arthur J. Gallagher (UK) Limited.**

Please confirm to us in writing that Defendants have produced all policies within their care, custody, and control that are discoverable under Rule 26(a)(1). If you have not done so, we ask that you supplement your responses with the additional policy information.

## REQUESTS FOR PRODUCTION

SpaceX lodged a number of objections to our requests for production and then refused to produced responsive documents. But our requests address very specific allegations raised in our live pleading, and are therefore discoverable. We have a protective order in place as well to address any proprietary concerns. Please produce the documents sought below or indicate to us that all

J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393



documents have been produced or have not been produced so we can narrow our disagreement for the Court.

*Correspondence:*

1.      Produce any correspondence from you that references our clients, this lawsuit and/or the Occurrence prior to the date you anticipated litigation.

2.      Produce any non-privileged correspondence relating to Plaintiff or her family.

3.      Produce any correspondence between You and Yandi Treto relating to this incident.

5.      Produce any correspondence between you and any security personnel relating to this incident.

6.      Produce all correspondence between You and SYM Trucking, LLC relating to this incident.

13.     All non-privileged electronic mail or other correspondence that relates to the Occurrence.

21.     All correspondence relating to media inquiries related to the Occurrence.

32.     All non-privileged correspondence relating to difficulties drivers experienced accessing the access site where Decedent was killed in the last three years.

33.     All non-privileged correspondence relating to the need for lighting on State Highway 4 at or around your Boca Chica facilities.

These requests are highly relevant and reasonably calculated to lead to the discovery of admissible evidence because they seek information that is directly relevant to communications and the factual basis relating to the Occurrence. Your clients had no prior relationship with our clients, so any communications with our clients and their family are readily discoverable and relevant to the Occurrence.

Please withdraw your objections and fully respond. Alternatively, please amend your responses and indicate to us whether you are withholding any documents subject to an objection. To the extent you indicated that you were conducting a diligent search, the Rules do not permit delay on this basis, and we request that you amend your responses and indicate that responsive search has concluded and that you are not withholding any responsive information pursuant to an objection.

*Information relating to the access point and roads adjacent to Defendants' facilities:*

Our pleadings describe highly detailed factual allegations relating to the conditions at the access point and the roads leading up to Defendants' facilities, along with a detailed explanation as to why these roads were unsafe due specifically to Defendants' misconduct. We served relevant requests relating to these topics, but SpaceX refused to produce responsive information. Please withdraw your objections and fully respond to the following requests:

7.      Any service, repair, or construction records related to any type of maintenance or repairs to State Highway 4 or to the access point where Decedent died in the last three years.



8.      Any correspondence that relates to trucks accessing the access point in and around where the Decedent was killed in the last five years.

9.      Produce any citations, warnings, tickets, letters, or other similar documents You have received from any governmental entity as a result of your operations on State Highway 4 in the last three years.

15.     Documents showing any changes made to your access points to your facilities on or after the date of the incident.

22.     Non-privileged correspondence relating to the public's use of State Highway 4 in the last three years.

28.     Any communications, memos, or correspondence from Chase Gunner relating to the use of Highway 4 in the last three years.

49.     All documents and correspondence relating to plans for widening the access point near the site in the last three years.

50.     All correspondence and documents received and exchanged between you and the Cameron County District Attorney's office relating to the use of public roads around your Boca Chica facilities in the last three years.

51.     All correspondence, photographs, and documents since 2013 relating to the naming of any street around your facility "Rocket Road."

52.     All correspondence involving the group "Save RGV" in your care, custody, or control in the last three years that references the use of public streets in and around your Boca Chica facilities.

53.     All correspondence to or from Judge Eddie Trevino in the last three years that reference the use of public roads in and around your facility in the last three years.

54.     All correspondence to or from District Attorney Luis Saenz relating to your operations in the last three years.

55.     All correspondence to or from Shyamal Patel or his subordinates relating to the use of roads in and around your Boca Chica facilities in the last three years.

56.     The 2014 Environmental Impact Statement that references your Boca Chica facilities.

57.     All notices and text messages to the public regarding road closures near your Boca Chica facilities in the last three years.

        Plaintiff has pled that the access point and roads leading to your facility were unsafe directly because of actions taken by Defendants that resulted in the death of Decedent. These requests are relevant to show what your client knew and when it knew information relating to the roads and access points directly adjacent to your facilities. Additionally, information has been widely reported lately that your company has privatized the roads leading to your facility, which is precisely the sort of conduct that evidences your company's control over this access point and adjoining roads.

        Thus, these requests are highly relevant and reasonably calculated to lead to the discovery of admissible evidence. Please remove your objections and produce any responsive information or indicate to us that you are withholding or are not withholding any documents subject to an objection so we can narrow our dispute with the Court.

J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

**EXHIBIT C**

### *Information Relating to the Occurrence:*

10.     Produce any and all accident reports, investigation notes, memorandums, or correspondence relating to the incident made the basis of this suit prior to the date you anticipated litigation.

11.     Any investigation documents and internal correspondence prepared during the regular course of business as a result of the incident made the basis of this suit.

12.     All purchase orders, correspondence, shipping instructions, or similar documents which reference SYM Trucking, LLC's job duties or actions for the date of the Occurrence.

17.     All surveillance evidence of the access point, Plaintiffs, the Occurrence, or the aftermath of the Occurrence for the date of the Occurrence.

18.     Documents and correspondence showing any safety meeting you held following the occurrence relating to the occurrence.

19.     Documents and correspondence showing any corrective actions you took following the occurrence.

34.     All non-privileged correspondence, including email, between you and any governmental agency relating to the occurrence, or the conditions of highway at the time of the occurrence.

42.     All witness statements relating to the Occurrence.

        These requests are not overly broad nor do they lack specificity, as you allege. The requests seek registration and purchase documents, as well as repair records relating to the ATV involved in the incident. These requests are highly relevant and reasonably calculated to lead to the discovery of admissible evidence. We demand that you withdraw your objections to each of these requests and fully produce responsive documents.

### *Policies, procedures, and training manuals:*

14.     Your policies and procedures pertaining to the loading and unloading of goods at your Boca Chica facilities in the last three years.

16.     Any safety or delivery requirements that you require your third-party suppliers, such as SYM Trucking LLC, to follow.

20.     Documents and correspondence between you and SOS Security relating to your policies and procedures for safety on or near State Highway 4 in the last three years.

26.     Any communications, memos, or correspondence from Chase Gunner relating to the loading or unloading of goods at your Boca Chica facilities in the last three years.

31.     Any and all safety manuals, personnel manuals and/or other documents indicating or discussing safe working procedures regarding the delivery of goods and/or services to your property or the use of Highway 4 for any purpose in the last three years.

48.     Any policies or procedures regarding the delivery of products in the dark or at night.

58.     Documents and correspondence that relate to any training you provided security personnel relating to the use of public and private roads in and around your facility in the last three years.


EXHIBIT C

61.     A copy of any contract You have with SOS Security or any other third-party security company or governmental entity that provides personnel to protect or service your Boca Chica facility.

63.     All policies, procedures, bulletins, and memos relating to the public's use of Highway 4 and surrounding streets near your Boca Chica facility in the last four years.

65.     Provide any presentations to the public or correspondence with the public relating to the expansion of the Boca Chica facilities in the last seven years.

Evidence relating to the policies and procedures, in effect relating to the operations in and around the access point, including deliveries is highly relevant to the Occurrence and the events described in Plaintiff's live pleading.

These requests should be straight-forward. Yet, your client continues to insert the same objections. These requests are narrowed in time and scope and reference only the facilities directly adjacent to the Occurrence. Please withdraw your objections and fully respond.

### Other "Similarly-Situated Incidents" or complaints regarding Highway 4 Operations

9.     Produce any citations, warnings, tickets, letters, or other similar documents You have received from any governmental entity as a result of your operations on State Highway 4 in the last three years.

23.     Documents and correspondence from or to SOS Security relating to any other vehicle accidents in and around your Boca Chica facility in the last three years.

24.     All reports, records, correspondence or similar documentation evidencing prior or subsequent complaints, problems, injuries or security issues as a result of your operations near State Highway 4 during the past three (3) years.

We sued Defendants for gross negligence. Defendants' history of prior complaints and incidents that are "similarly situated" are discoverable. Courts have addressed this repeatedly.

Additionally, what you knew relating to prior similarly situated events, how you knew it, and when you knew it is also relevant.  Additionally, our requests are not overly broad in time because our instructions clearly indicate that the requests seek responsive information within a short period of time prior to the date of the Occurrence.

Please withdraw your objections to each of these requests and fully produce responsive documents. If you have produced all records for some requests and are not withholding any records pursuant to any objections, please amend your response and indicate this in writing.

### Photographs and videos of the Scene and the Occurrence:

44.     All drawings, maps and sketches of the scene of the Occurrence.

45.     All photographs and videotapes of the scene of the Occurrence in the last three years.

46.     All photographs and videotapes of any vehicles involved in the Occurrence.



47.     All photographs and videotapes of the scene of the Occurrence since the Occurrence.

60.      Any photographs in the last three years showing trucks that were waiting to unload or load goods or cargo at or around your Boca Chica facilities in the last three years.

These requests ask for photographs and videos of the incident, as well as photographs and videos of deliveries depicting trucks waiting to unload cargo near your facilities in the last three years. Please withdraw your objections and fully respond.

I am available to visit by phone about these requests. If you have concerns or would like us to explain what we are asking for, we would be happy to do so. I do not want to find out at a hearing down the road that you did not understand our requests, when we are inviting you to visit with us by telephone to clear up any confusion about what we are or are not requesting.

Thank you,

*/s/ David L. Bergen*

David L. Bergen

**EXHIBIT C**

# Morgan Lewis

**Michelle Pector**
Partner
+1.713.890.5455
michelle.pector@morganlewis.com

October 11, 2021

David Bergen
Tony Buzbee
Buzbee Law Firm
JP Morgan Chase Tower
600 Travis St., Suite 7300
Houston, TX 77002
(713) 223-5393

Re:     SpaceX's Response to Plaintiffs' September 28, 2021 Correspondence: *Venegas v. Space Exploration Technologies Corporation et al.*, No. 1-21-CV-54 before the United States District Court for the Southern District of Texas

Counsel:

In connection with your September 28, 2021 letter, Space Exploration Technologies Corporation ("SpaceX") provides the following responses to the discovery inquiries raised in your letter and attached supplemental production. As noted in my September 29, 2021 letter, we welcome a call this week to further confer about any questions you may have after reviewing this detailed response.

## Interrogatories

**Regarding Interrogatory No. 2**: Mr. Grathwohl and Mr. Hoevelman can be contacted through SpaceX's counsel. Messrs. Grathwohl and Hoevelman had no involvement in the Occurrence. As stated already in SpaceX's interrogatory response, they went to the scene to offer help as good Samaritans following the Occurrence. Mr. Grathwohl did not prepare a report regarding the Occurrence. Mr. Hoevelman provided a statement to Officer Rodriguez. That statement has been produced. See also SPACEX000017-19.

**Regarding Interrogatory No. 3**: See SPACEX000025-26.

**Regarding Interrogatory No. 5**: Plaintiffs' letter does not make clear what contention is being made and does not address any of objection SpaceX's. SpaceX has fairly answered

**Morgan, Lewis & Bockius** LLP

1000 Louisiana Street
Suite 4000
Houston, TX  77002
United States

**T** +1.713.890.5000
**F** +1.713.890.5001

# EXHIBIT C

October 11, 2021
Page 2

this Interrogatory and has produced documents demonstrating further information and relevant details in response to this Interrogatory.  See SPACEX000113-21.

**Regarding Interrogatory No. 6**: Plaintiff's letter asserts that "this request should be straight-forward" and that SpaceX has asserted "copied and pasted objections."  SpaceX disagrees with these characterizations. While SpaceX agrees that Plaintiff should have propounded straightforward interrogatories, that was not the case here.  Further, the objections asserted by SpaceX as to Interrogatory No. 6 are tailored to that Interrogatory. Given that Plaintiffs' letter fails to address the substance of SpaceX's objections, it is unclear what the basis of Plaintiff's attempted conferral is as to this response.  SpaceX stands on its objections, but is willing to further confer about this response to the extent Plaintiffs can more specifically articulate their position.

**Regarding Interrogatory No. 7**: Plaintiffs' letter again asserts that "this request should be straight-forward" and that SpaceX has asserted "copied and pasted objections."  SpaceX disagrees with these characterizations. While SpaceX agrees that Plaintiff should have propounded straightforward interrogatories, that was not the case here.  Further, the objections asserted by SpaceX as to Interrogatory No. 7 are tailored to that Interrogatory. Given that Plaintiffs' letter fails to address the substance of the objections asserted by SpaceX, it has not raised any identifiable issue for conferral.  Additionally, as reflected in SpaceX's response to this Interrogatory, SpaceX answered this Interrogatory as follows despite the deficiencies contained in this Interrogatory: "Subject to and without waiving the foregoing objections, SpaceX is not aware of any responsive information as to the intersection of LBJ Boulevard and State Highway 4."

**Regarding Interrogatory No. 8**: Plaintiff's letter again asserts that "this request should be straight-forward" and that SpaceX has asserted "copied and pasted objections."  SpaceX disagrees with these characterizations. While SpaceX agrees that Plaintiff should have propounded straightforward interrogatories, that was not the case here.  Further, the objections asserted by SpaceX as to Interrogatory No. 8 are tailored to that Interrogatory. Given that Plaintiffs' letter fails to address the substance of SpaceX's objections, it is unclear what the basis of Plaintiffs' attempted conferral is as to this response.  SpaceX stands on its objections, but is willing to further confer about this response to the extent Plaintiffs can more specifically articulate their position.

**Regarding Interrogatory No. 9**: SpaceX answered this Interrogatory, and Plaintiffs' letter fails to acknowledge that answer.  To the extent Plaintiff makes any challenges to SpaceX's pleading, SpaceX will respond accordingly at that time.

**Regarding Interrogatory No. 12**: Plaintiffs' letter again asserts that "this request should be straight-forward" and that SpaceX has asserted "copied and pasted objections."  SpaceX disagrees with these characterizations. Further, the objection asserted by SpaceX as to Interrogatory No. 12 is tailored to that Interrogatory.  Given that Plaintiffs' letter fails to

**EXHIBIT C**

October 11, 2021
Page 3

address the substance of SpaceX's objections, it is unclear what the basis of Plaintiff's attempted conferral is as to this response.  Additionally, Plaintiffs' letter fails to acknowledge or address the duplicative nature of this Interrogatory or that it was already answered in response to Interrogatory No. 4.

**Regarding Interrogatory No. 13**: Plaintiffs' letter again asserts that "this request should be straight-forward" and that SpaceX has asserted "copied and pasted objections."  SpaceX disagrees with these characterizations. Further, the objection asserted by SpaceX as to Interrogatory No. 13 is tailored to that Interrogatory.  Given that Plaintiffs' letter fails to address the substance of SpaceX's objection, it is unclear what the basis of Plaintiff's attempted conferral is as to this response.  Additionally, Plaintiffs' letter fails to acknowledge or address that SpaceX already answered this Interrogatory despite the defects in this Interrogatory.

**Regarding Interrogatory No. 14**: SpaceX has answered fully and stands by its answer.

**<u>Disclosures</u>**

Regarding Rule 26(a)(1)(A)(iv): SpaceX's disclosure as to this section is complete.

**<u>Requests for Production ("RFPs")</u>**

As with Plaintiffs' Interrogatories, Plaintiffs' letter fails to substantively challenge any objections or interpretations by SpaceX in response to Plaintiffs' RFPs.  Accordingly, Plaintiffs have raised very little about which to confer.  Nonetheless, for purposes of conferral and completeness of the record, SpaceX addresses each of the RFPs identified in Plaintiffs' letter below.  To the extent additional responsive, nonpublic, non-privileged and non-objectionable documents are located, SpaceX will supplement its production.

**<u>RFPs 1-3, 5-6, 13, 21, and 32-33</u>**

**Regarding RFP 1**: SpaceX has not located any additional responsive, nonpublic, nonprivileged correspondence beyond what has already been produced.

**Regarding RFP 2**: SpaceX has not located any additional responsive, nonpublic, nonprivileged correspondence beyond what has already been produced.

**Regarding RFP 3**: SpaceX has not located any additional responsive, nonprivileged correspondence beyond what has already been produced.  SpaceX also notes that there is no objection to this RFP, so it is unclear why Plaintiff is challenging SpaceX's response thereto.

**Regarding RFP 5**: SpaceX has not located any additional responsive, nonpublic, nonprivileged correspondence beyond what has already been produced.

**EXHIBIT C**

October 11, 2021
Page 4

**Regarding RFP 6**: SpaceX has not located any additional responsive, nonprivileged correspondence beyond what has already been produced.  SpaceX also notes that there is no objection to this RFP, so it is unclear why Plaintiff is challenging SpaceX's response thereto.

**Regarding RFP 13**: SpaceX has not located any additional responsive, nonprivileged correspondence beyond what has already been produced.

**Regarding RFP 21**:  SpaceX has not located any additional responsive, nonpublic, nonprivileged correspondence beyond what has already been produced.

**Regarding RFP 32**: SpaceX has not located any additional responsive, nonpublic, nonprivileged correspondence as it pertains to the intersection at issue in this lawsuit.

**Regarding RFP 33**: SpaceX has not located any additional responsive, nonprivileged correspondence.

## RFPs 7-9, 15, 22, 28, and 49-57

Plaintiffs generically assert that these Requests purportedly seek "highly relevant" information regarding "roads and access points" around SpaceX's facility. SpaceX disagrees as the majority of these Requests are facially irrelevant and harassing. This case is not about roads and access points.  It is about an incident that occurred on a public intersection at State Highway 4 and LBJ Boulevard.   Notwithstanding, for purposes of conferral and completeness of the record, SpaceX addresses each of these Requests below.

**Regarding RFP 7**: SpaceX stands on its objections to this Request, particularly given that State Highway 4 and LBJ Boulevard are not on SpaceX's property.  SpaceX is not presently aware of any records related to maintenance or repairs of the intersection at State Highway 4 and LBJ Boulevard.

**Regarding RFP 8**: SpaceX stands on its objections.

**Regarding RFP 9**: SpaceX stands on its objections.

**Regarding RFP 15**: SpaceX has not located any additional responsive, nonprivileged documents related to State Highway 4 at LBJ Boulevard.

**Regarding RFP 22**: SpaceX stands on its objections.

**Regarding RFP 28**: SpaceX has located no documents responsive to this request.

# EXHIBIT C

October 11, 2021
Page 5

**Regarding RFP 49**: Assuming "plans for widening the access point near the site" refers to "plans for widening State Highway 4 at LBJ Boulevard," SpaceX is not presently aware of any responsive documents as that intersection is not owned by SpaceX nor on SpaceX's property.

**Regarding RFP 50**: SpaceX stands on its objections.

**Regarding RFP 51**: SpaceX stands on its objections.

**Regarding RFP 52**: SpaceX stands on its objections.

**Regarding RFP 53**: SpaceX stands on its objections.

**Regarding RFP 54**: SpaceX stands on its objections.

**Regarding RFP 55**: SpaceX stands on its objections.

**Regarding RFP 56**: SpaceX stands on its objections.

**Regarding RFP 57**: SpaceX stands on its objections.

<u>**RFPs 10-12, 17-19, 34, and 42**</u>

Plaintiffs' letter with respect to these Requests appears to be from a different lawsuit, as it refers on pg. 7 to "the ATV involved in the incident" and contains contentions that are not at issue.  Further, Plaintiffs' letter alleges that SpaceX objected to these RFPs on "lack of specificity" grounds, which is inaccurate.  Notwithstanding, for purposes of conferral and completeness of the record, SpaceX addresses each of these Requests below.

**Regarding RFP 10**: SpaceX has not located any additional responsive, nonprivileged documents beyond those already produced.

**Regarding RFP 11**: SpaceX has not located any additional responsive, nonprivileged documents beyond those already produced.

**Regarding RFP 12**: SpaceX has not located any additional responsive, nonprivileged documents beyond those already produced.

**Regarding RFP 17**: SpaceX has not located any responsive, nonprivileged documents.

**Regarding RFP 18**: SpaceX has not located any additional responsive, nonprivileged documents beyond those already produced.

**EXHIBIT C**

October 11, 2021
Page 6

**Regarding RFP 19**: SpaceX has not located any additional responsive, nonprivileged documents beyond those already produced.

**Regarding RFP 34**: SpaceX has not located any additional responsive, nonprivileged documents beyond those already produced.

**Regarding RFP 42**: SpaceX has not located any additional responsive, nonprivileged documents beyond those already produced.

## RFPs 14, 16, 20, 26, 31, 48, 58, 61, 63, and 65

Plaintiffs' letter incorrectly asserts that all of the foregoing Requests seek SpaceX's policies and procedures. Further, many of these Requests are facially irrelevant to the claims and defenses asserted in this lawsuit. Notwithstanding, for purposes of conferral and completeness of the record, SpaceX addresses each of these Requests below.

**Regarding RFP 14**: SpaceX stands on its objections.

**Regarding RFP 16**: SpaceX has not located any additional responsive, nonprivileged documents beyond those already produced.

**Regarding RFP 20**: SpaceX has not located any responsive, nonprivileged documents related to State Highway 4 at LBJ Boulevard.

**Regarding RFP 26**: SpaceX has not located any responsive, nonprivileged documents.

**Regarding RFP 31**: SpaceX has not located any responsive, nonprivileged documents related to State Highway 4 at LBJ Boulevard.

**Regarding RFP 48**: SpaceX has not located any responsive, nonprivileged documents.

**Regarding RFP 58**: SpaceX stands on its objections.

**Regarding RFP 61**: SpaceX stands on its objections.

**Regarding RFP 63**: SpaceX stands on its objections.

**Regarding RFP 65**: SpaceX stands on its objections.

## RFPs 9 and 23-24

Plaintiffs' letter asserts that each of these Requests seek information regarding "similarly situated incidents." That is inaccurate. None of these Requests seek information regarding

**EXHIBIT C**

October 11, 2021
Page 7

incidents on State Highway 4 at LBJ Boulevard.  Instead, they broadly seek information including by way of example, citations and warnings with respect to *anything* at SpaceX's facility and related operations.  These Requests are therefore, overreaching and SpaceX stands on its objections as confirmed below.

**Regarding RFP 9**: SpaceX stands on its objections.

**Regarding RFP 23**: SpaceX stands on its objections.

**Regarding RFP 24**: SpaceX stands on its objections.

**RFPs 44-47 and 60**

**Regarding RFP 44**: SpaceX has not located any additional responsive, nonprivileged documents beyond those already produced.

**Regarding RFP 45**: SpaceX has not located any additional responsive, nonprivileged documents beyond those already produced.

**Regarding RFP 46**: SpaceX has not located any additional responsive, nonprivileged documents beyond those already produced.  No objections were asserted regarding this RFP, so it is unclear why Plaintiff is raising it.

**Regarding RFP 47**: SpaceX has not located any additional responsive, nonprivileged documents beyond those already produced.

**Regarding RFP 60**: SpaceX has not located any responsive, nonprivileged documents related to State Highway 4 at LBJ Boulevard.

We trust that this correspondence adequately addresses the inquiries raised in your September 28, 2021 letter, but we remain willing to confer with you by phone or written correspondence to discuss any remaining issues.

Sincerely,

Michelle Pector

cc: David Oliveira

**EXHIBIT C**

| | |
|---|---|
| **From:** | David Bergen |
| **To:** | "Pector, Michelle"; Wilkerson, Jared; "doliveira@rofllp.com" |
| **Cc:** | Anthony Buzbee; Brittany Ifejika; Leticia De La Cruz |
| **Subject:** | Venegas v. SpaceX, et al _ Discovery and Depositions |
| **Date:** | Saturday, October 23, 2021 4:43:00 PM |

Counsel:

Let us know whether we can expect amended discovery responses from you in the next week.

The soonest date that will work for our client's deposition by Zoom is Tuesday, November 23, 2021. We attempted to find an earlier date, but there was too many conflicts. Please send us a notice for this date if this date works for your schedules. Otherwise, I can look for a date in early December after Thanksgiving.

Thanks,

**David L. Bergen**
**The Buzbee Law Firm**
JP Morgan Chase Tower
600 Travis St., Suite 7300
Houston, TX  77002
(713) 223-5393
(713) 223-5909 – fax
dbergen@txattorneys.com
www.txattorneys.com


CONFIDENTIALITY NOTICE: This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed.  If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error, and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you received this e-mail in error, please immediately notify the Buzbee Law Firm by return e-mail to dbergen@txattorneys.com.

# EXHIBIT C

| **From:** | David Bergen |
|---|---|
| **To:** | Pector, Michelle; Anthony Buzbee; Brittany Ifejika |
| **Cc:** | Wilkerson, Jared; "doliveira@rofllp.com" |
| **Subject:** | RE: Discovery Conferral - Venegas Matter |
| **Date:** | Monday, October 11, 2021 7:26:00 PM |

Michelle:

We don't need to turn this into a billing exercise and letter writing campaign. We both identified the responses we take issue with by letter. Let's discuss tomorrow, at which point we will decide whether to amend and/or supplement further and you can do the same. Frankly, we didn't really withhold much. On the other hand, your client answered almost none of our requests. Your latest letter is not all that helpful.

Let's talk tomorrow at 3pm and go from there.

**David L. Bergen**
**The Buzbee Law Firm**
JP Morgan Chase Tower
600 Travis St., Suite 7300
Houston, TX  77002
(713) 223-5393
(713) 223-5909 – fax
dbergen@txattorneys.com
www.txattorneys.com

CONFIDENTIALITY NOTICE: This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed.  If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error, and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you received this e-mail in error, please immediately notify the Buzbee Law Firm by return e-mail to dbergen@txattorneys.com.

**From:** Pector, Michelle <michelle.pector@morganlewis.com>
**Sent:** Monday, October 11, 2021 7:09 PM
**To:** David Bergen <Dbergen@txattorneys.com>; Anthony Buzbee <Tbuzbee@txattorneys.com>; Brittany Ifejika <bIfejika@txattorneys.com>
**Cc:** Wilkerson, Jared <jared.wilkerson@morganlewis.com>; 'doliveira@rofllp.com' <doliveira@rofllp.com>
**Subject:** RE: Discovery Conferral - Venegas Matter

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

David,

Please let us know when Plaintiffs will be providing a response to our September 29th letter as it will



**EXHIBIT C**

be more productive and efficient to have a global discussion on these issues.

Thanks,
Michelle

**Michelle Pector**
**Morgan, Lewis & Bockius LLP**
1000 Louisiana Street, Suite 4000 | Houston, TX 77002-5005
Direct: +1.713.890.5455 | Main: +1.713.890.5000 | Fax: +1.713.890.5001 | Mobile: +1.832.654.6922
michelle.pector@morganlewis.com | www.morganlewis.com
Assistant: Veronica R. Sanchez | +1.713.890.5729 | veronica.sanchez@morganlewis.com

COVID-19 Resources and Updates


---

**From:** David Bergen <Dbergen@txattorneys.com>
**Sent:** Monday, October 11, 2021 7:06 PM
**To:** Pector, Michelle <michelle.pector@morganlewis.com>; Anthony Buzbee
<Tbuzbee@txattorneys.com>; Brittany Ifejika <bIfejika@txattorneys.com>
**Cc:** Wilkerson, Jared <jared.wilkerson@morganlewis.com>; 'doliveira@rofllp.com'
<doliveira@rofllp.com>
**Subject:** RE: Discovery Conferral - Venegas Matter

[EXTERNAL EMAIL]
Michelle:

Let's still with the time we previously discussed, tomorrow at 3pm. We will be prepared to discuss
your letter regarding Plaintiffs' responses. I think it's important to conference first before we
formally amend or supplement to avoid confusion and make sure we are on the same page.

Thanks,

**David L. Bergen**
**The Buzbee Law Firm**
JP Morgan Chase Tower
600 Travis St., Suite 7300
Houston, TX  77002
(713) 223-5393
(713) 223-5909 – fax
dbergen@txattorneys.com
www.txattorneys.com


CONFIDENTIALITY NOTICE: This e-mail and any files transmitted with it are confidential and are
intended solely for the use of the individual or entity to whom they are addressed.  If you are not the
intended recipient or the person responsible for delivering the e-mail to the intended recipient, be
advised that you have received this e-mail in error, and that any use, dissemination, forwarding,
printing, or copying of this e-mail is strictly prohibited. If you received this e-mail in error, please
immediately notify the Buzbee Law Firm by return e-mail to dbergen@txattorneys.com.



# EXHIBIT C

**From:** Pector, Michelle <michelle.pector@morganlewis.com>
**Sent:** Monday, October 11, 2021 7:03 PM
**To:** David Bergen <Dbergen@txattorneys.com>; Anthony Buzbee <Tbuzbee@txattorneys.com>;
Brittany Ifejika <bIfejika@txattorneys.com>
**Cc:** Wilkerson, Jared <jared.wilkerson@morganlewis.com>; 'doliveira@rofllp.com'
<doliveira@rofllp.com>
**Subject:** RE: Discovery Conferral - Venegas Matter

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you
> recognize the sender and know the content is safe.

David,

No problem with scheduling another time.  Attached is the calendar invite I circulated last week.
We have not yet received a response from Plaintiffs to our letter, so let's schedule a day when we
can discuss all open discovery issues, which will be more efficient.  How does Friday morning or
Monday afternoon look for you?  I am out of pocket Thursday, but if those days are booked for you,
let us know what days work for you next week.

Thanks,
Michelle

**Michelle Pector**
**Morgan, Lewis & Bockius LLP**
1000 Louisiana Street, Suite 4000 | Houston, TX 77002-5005
Direct: +1.713.890.5455 | Main: +1.713.890.5000 | Fax: +1.713.890.5001 | Mobile: +1.832.654.6922
michelle.pector@morganlewis.com | www.morganlewis.com
Assistant: Veronica R. Sanchez | +1.713.890.5729 | veronica.sanchez@morganlewis.com

COVID-19 Resources and Updates


**From:** David Bergen <Dbergen@txattorneys.com>
**Sent:** Monday, October 11, 2021 6:49 PM
**To:** Pector, Michelle <michelle.pector@morganlewis.com>; Anthony Buzbee
<Tbuzbee@txattorneys.com>; Brittany Ifejika <bIfejika@txattorneys.com>
**Cc:** Wilkerson, Jared <jared.wilkerson@morganlewis.com>; 'doliveira@rofllp.com'
<doliveira@rofllp.com>
**Subject:** RE: Discovery Conferral - Venegas Matter

[EXTERNAL EMAIL]
Michelle:

I need to move our Wednesday call. Are you available either tomorrow afternoon at 3pm or
Thursday at 3:30pm? Either time works for me. I had an emergency deposition in a case that was set
for Wednesday due to a last minute Rule 29 agreement before a mediation.



# EXHIBIT C

Also, I did not receive a conference call number for our call.

Thanks,

**David L. Bergen**
**The Buzbee Law Firm**
JP Morgan Chase Tower
600 Travis St., Suite 7300
Houston, TX  77002
(713) 223-5393
(713) 223-5909 – fax
dbergen@txattorneys.com
www.txattorneys.com


CONFIDENTIALITY NOTICE: This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed.  If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error, and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you received this e-mail in error, please immediately notify the Buzbee Law Firm by return e-mail to dbergen@txattorneys.com.

**From:** Pector, Michelle <michelle.pector@morganlewis.com>
**Sent:** Monday, October 11, 2021 6:05 PM
**To:** David Bergen <Dbergen@txattorneys.com>; Anthony Buzbee <Tbuzbee@txattorneys.com>; Brittany Ifejika <blfejika@txattorneys.com>
**Cc:** Wilkerson, Jared <jared.wilkerson@morganlewis.com>; 'doliveira@rofllp.com' <doliveira@rofllp.com>
**Subject:** Discovery Conferral - Venegas Matter

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

Attached please find SpaceX's response to Plaintiffs' discovery conferral letter and a supplemental production.

Best regards,
Michelle

**Michelle Pector**
**Morgan, Lewis & Bockius LLP**
1000 Louisiana Street, Suite 4000 | Houston, TX 77002-5005
Direct: +1.713.890.5455 | Main: +1.713.890.5000 | Fax: +1.713.890.5001 | Mobile: +1.832.654.6922
michelle.pector@morganlewis.com | www.morganlewis.com
Assistant: Veronica R. Sanchez | +1.713.890.5729 | veronica.sanchez@morganlewis.com

# EXHIBIT C

COVID-19 Resources and Updates
[?]

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

# EXHIBIT C