# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUCINNE VENEGAS, Individually, on Behalf of the Estate of Carlos Javier Venegas and on Behalf of Her Minor Children, D.V., G.V., and M.V., | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 1-21-CV-54 |
| SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC, | § § § § | |
| *Defendants.* | § § | |

## SPACEX AND DOGLEG PARK'S MOTION TO DISMISS
## AND INCORPORATED BRIEF IN SUPPORT

# TABLE OF CONTENTS

**Page**

I.    STATEMENT OF THE LEGAL ISSUES AND SUMMARY OF THE
      ARGUMENT ................................................................................................ 2

II.   RELIEF SOUGHT ......................................................................................... 3

III.  RELEVANT ALLEGED FACTS AND PROCEDURAL HISTORY ............................ 3

IV.   ARGUMENT & AUTHORITIES ..................................................................... 6

      A.    Legal Standard ................................................................................ 6

      B.    Defendants Owed No Duty of Care to Prevent the Accident Between
            Third Party Treto and Decedent on a State Highway .......................... 7

            1.    *Naumann* unequivocally confirms that Plaintiff's claims against
                  defendants must be dismissed under Texas law ........................ 9

            2.    *Dixon* corroborates that Plaintiff has failed to state a plausible
                  claim against Defendants ........................................................ 10

            3.    Fifth Circuit and other precedent applying *Naumann* and *Dixon*
                  make clear that Defendants owed no duty here ........................ 11

      C.    No Respondeat Superior Claim Has Been Pled Plausibly Against
            Defendants ..................................................................................... 16

V.    CONCLUSION AND REQUEST FOR RELIEF .......................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)............................................................................................1, 7

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007)............................................................................................1, 7

*Boerjan v. Rodriguez*,
　436 S.W.3d 307 (Tex. 2014)...................................................................................7

*City of McAllen v. De La Garza*,
　898 S.W.2d 809 (Tex. 1995).................................................................................10

*Del Castillo v. PMI Holdings N. Am. Inc.*,
　4:14-CV-3435, 2015 WL 3833447 (S.D. Tex. June 22, 2015).................................1

*Dixon v. Houston Raceway Park, Inc.*,
　874 S.W.2d 760 (Tex. App—Houston [1st Dist.] 1994, no writ)...........8, 10, 11, 12

*Gonzales v. Trinity Indus., Inc.*,
　7 S.W.3d 303 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).......................15

*Hernandez v. Gonzalez*,
　No. CV H-19-4528, 2020 WL 1672523 (S.D. Tex. Apr. 3, 2020) ...........................7

*Huebotter v. Diamond Shamrock Ref. Co.*,
　No. 04-99-00243-CV, 1999 WL 1244422 (Tex. App.—San Antonio Dec. 22,
　1999, no pet.) ......................................................................................................15

*Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*,
　892 F.3d 719 (5th Cir. 2018) .................................................................................6

*In re Katrina Canal Breaches Litigation*,
　495 F.3d 191 (5th Cir. 2007) .................................................................................6

*Metzloff v. Royal Trucking Co.*,
　473 F. Supp. 3d 700 (E.D. Tex. 2020)..............................................................14, 15

*Myers v. Ford Motor Credit Co.*,
　3:09-CV-2271-L, 2010 WL 2730640 (N.D. Tex. July 8, 2010)..............................18

*Nabors Drilling, U.S.A., Inc. v. Escoto*,
　288 S.W.3d 401 (Tex. 2009).................................................................................8

*Naumann v. Windsor Gypsum, Inc.*,
  749 S.W.2d 189 (Tex. App.–San Antonio 1988, pet. denied) ........................................ *passim*

*Norris v. Hearst Trust*,
  500 F.3d 454 (5th Cir. 2007) ................................................................................................4

*Oberc v. BP PLC*,
  No. 4:13-CV-01382, 2013 WL 6007211 (S.D. Tex. Nov. 13, 2013) .....................................8

*Pagayon v. Exxon Mobil Corp.*,
  536 S.W.3d 499 (Tex. 2017).........................................................................................7, 17

*Painter v. Amerimex Drilling I, Ltd.*,
  561 S.W.3d 125 (Tex. 2018).............................................................................................16

*Pastor v. Guardian Transition Inc.*,
  No. CV H-19-2406, 2019 WL 7879752 (S.D. Tex. Sept. 26, 2019) ......................................1

*Ranolls v. Dewling*,
  No. 1:15-CV-111, 2016 WL 7743498 (E.D. Tex. Oct. 26, 2016) ..........................................13

*Ray v. Ronnie Moore Trucking*,
  No. DR-12-CV-17-AM-VRG, 2012 WL 13032960 (W.D. Tex. June 26, 2012)...................13

*Rolon v. Henneman*,
  517 F.3d 140 (2d Cir. 2008)...............................................................................................17

*Smit v. SXSW Holdings, Inc.*,
  903 F.3d 522 (5th Cir. 2018) .......................................................................................... *passim*

*St. Joseph Hosp. v. Wolff*,
  94 S.W.3d 513 (Tex. 2002)................................................................................................17

*Tri v. J.T.T.*,
  162 S.W.3d 552 (Tex. 2005)................................................................................................7

*Wall v. Skyline Drive Motel, Inc.*,
  No. 2-05-079-CV, 2006 WL 1562839 (Tex. App.—Fort Worth June 8, 2006,
  no pet.) ..............................................................................................................................13

## Other Authorities

Fed. R. Civ. P. 8(a)(2)...........................................................................................................6

Fed. R. Civ. P. 12(b)(6) ....................................................................................................6, 12

Fed. R. Civ. P. 12(c) ............................................................................................................2

At about 4:00 a.m. on Sunday, June 7, 2020, after a long night of drinking and partying on the Boca Chica beach, Plaintiff's husband ("Decedent") was speeding without a seatbelt in their pickup truck with his wife unbuckled in the passenger seat and three children in the back.  Drunk and high on cocaine,[1] he drove into a tractor-trailer unit owned by third-party SYM Trucking LLC ("SYM Trucking") and driven by its employee, Yandi Treto ("Treto").  This occurred on a public, state-owned highway: Texas State Highway 4.

Defendants Space Exploration Technologies Corporation ("SpaceX") and Dogleg Park, LLC ("Dogleg Park"; together with SpaceX, "Defendants") had no connection to the accident. None of their employees were involved, none of their vehicles were involved, and the accident did not occur on property owned, controlled, or occupied by them.[2]  Plaintiff's own Amended Complaint admits that State Highway 4 is owned by Texas,[3] not by Defendants, and fails to allege a single

---

[1] Although Plaintiff was not forthcoming about these facts in her Amended Complaint, they are disclosed in the Texas Department of Transportation's certified Texas Peace Officer's Crash Report, and the toxicology report produced, which are integral to a rudimentary understanding of the incident at issue.

[2] Plaintiff pleads no specific facts against Dogleg Park, and instead merely lumps Dogleg Park into generalized allegations against "Defendants," which is insufficient as a matter of law to plead a claim against that defendant as a matter of law.  *See, e.g.*, *Pastor v. Guardian Transition Inc.*, No. CV H-19-2406, 2019 WL 7879752, at *6 (S.D. Tex. Sept. 26, 2019) (dismissing claims because complaint lumped factual allegations against all defendants together). "A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct." *Del Castillo v. PMI Holdings N. Am. Inc.*, 4:14-CV-3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) (citing *Atuahene*, 10 Fed. Appx. at 34).  This is another reason the Court should dismiss Plaintiff's Amended Complaint as to Dogleg Park.

[3] *See* ECF 19 at ¶¶ 17, 21.

1

fact that would support a finding that Defendants were in control of State Highway 4 at or around 4:00 a.m. on June 7, 2020.

It is telling that Plaintiff initially sued the appropriate defendants—SYM Trucking and its driver Treto—and obtained a $1,000,000 settlement based on the assertion of negligence claims that did not mention Defendants at all. But apparently wanting more, Plaintiff hired new counsel and filed the present, groundless suit nine months after the accident, against two entities with no involvement in the incident.

This lawsuit should be dismissed. As a matter of Texas law, Defendants owed no duty to Decedent who was driving intoxicated, Plaintiff, or their children in connection with a 4:00 a.m. accident with a third party—an accident in which no employees or vehicles of either Defendant were involved and which occurred on a public highway that neither Defendant owned or controlled.

## I.    STATEMENT OF THE LEGAL ISSUES AND SUMMARY OF THE ARGUMENT

The central issue before this Court is whether, under Fed. R. Civ. P. 8(a), 12(b)(6) and 12(c), Plaintiff has stated facts that **plausibly** assert a cause of action against Defendants. The answer is, unequivocally, no.

Plaintiff's negligence and gross negligence claims fail as a matter of law because Defendants owed no duty to Plaintiff, Decedent, or their children. "Texas law generally imposes no duty on a land occupier to prevent injury to those on an adjacent street." *Smit v. SXSW Holdings, Inc.*, 903 F.3d 522, 528–29 (5th Cir. 2018)

2

(affirming dismissal of negligence and premises-liability claims against land occupier).

Plaintiff's new *respondeat superior* claim equally lacks merit, as her Amended Complaint contains no factual allegations that any employee of either Defendant owed or violated a duty to Plaintiff's family or caused the accident between third-party Treto and Decedent.

## II.     RELIEF SOUGHT

Defendants seek dismissal of all claims asserted against them by Plaintiff, closure of this case, costs of court, and all other just relief.

## III.     RELEVANT ALLEGED FACTS AND PROCEDURAL HISTORY

This is a personal injury case stemming from a tragic but straight-forward accident between two vehicles on an otherwise empty public road in the middle of the night.  But because the Defendants had nothing to do with the accident, Plaintiff attempts to make the facts as complicated as possible—writing page after irrelevant page about SpaceX's operations generally, rather than focusing on the night of the accident itself—in an attempt to buck Texas law and impose a duty on Defendants that does not exist as a matter of law.

Allegations about the incident at issue finally make an appearance at paragraphs 29-35 of the Amended Complaint[4]: Plaintiff asserts that her husband was

---

[4] ECF 19.

driving her and their children from the beach on State Highway 4 around four o'clock on a Sunday morning when he drove their pickup truck into one third party's (SYM) eighteen-wheeler being driven by another third party (Treto).[5]  At the time of the incident, Treto was allegedly backing the eighteen-wheeler "with[] difficulty" across State Highway 4 onto another public road called LBJ Boulevard (which, although intentionally obfuscated in the Amended Complaint, is some distance from SpaceX's actual entrance).[6]  Indeed, the Amended Complaint admits that State Highway 4 and LBJ Boulevard are owned by, respectively, the State of Texas and Cameron County.[7]  Plaintiff alleges that "the entrance to SpaceX" (presumably a reference to LBJ Boulevard, which, again, is not the entrance to SpaceX) was "narrow" and that Treto was "forced" to "back up unsafely and stop in the middle of" State Highway 4 because of "the lack of lighting and conditions of the access point."[8]  This rendition differs significantly from the prior lawsuit Plaintiff filed against Treto and SYM Trucking in which she alleges without ambiguity or

---

[5] In a calculated effort to conceal critical facts from this Court, Plaintiff carefully keeps her allegations as vague and conclusory as possible, avoiding even mentioning the parties she first sued and identified as the negligent actors.  The Court can take notice of the pleadings filed in Plaintiff's case against Treto and SYM, Cause No. 202069854-7, *Lucienne Venegas, Individually and as Parent and Natural Guardian of Minor D.V., G.V., M.V. C.V. and the Estate of Carlos Javier Venegas v. Yandi Treto Gaspar and SYM Trucking, LLC*; in the 61st Judicial District Court of Harris County, Texas (the "First Houston Lawsuit"), including Plaintiff's First Amended Original Petition.  *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

[6] ECF 19 ¶ 30.

[7] *Id*. ¶ 17.

[8] *Id*. ¶ 36.

4

reservation that the incident was caused by the negligence of Treto and SYM Trucking[9] rather than the manufactured allegations Plaintiff now belatedly asserts in this case against Defendants.

Most of the Amended Complaint is written like a disjointed letter to the editor, asserting conclusory and irrelevant allegations and decrying the "massive enterprise" "owned and operated by some of America's most successful minds" and patrolled by "security personnel" in an obvious effort to manufacture a non-existent duty to "outfit" the state-owned highway with lights and signs.[10]

At no point does Plaintiff allege that Treto was a SpaceX or Dogleg Park employee, that the eighteen-wheeler belonged to SpaceX or Dogleg Park, or that anyone other than Treto was in control of the eighteen-wheeler at the time of the accident.  At no point does Plaintiff allege that SpaceX or Dogleg Park was in control of State Highway 4 at the time of the accident.  At no point does Plaintiff allege that any SpaceX or Dogleg Park employee or agent was involved in the accident itself in any way.  The accident was, without dispute, between Plaintiff and her family and a true third party on a state highway owned and controlled by Texas.

---

[9] *See* Plaintiff's First Amended Original Petition in the First Houston Lawsuit attached hereto as Exhibit "A." at ¶ 4.
[10] ECF 19 ¶¶ 7–28, 36.  Plaintiff's theory would make every developer, business owner, and homeowner liable for accidents near their property, because all development increases traffic.  As shown here, this theory is far from within the scope of the law.

Immediately after the accident, Plaintiff hired counsel and logically pursued SYM Trucking and Treto for negligence, settling for $1,000,000.00 in August 2020.[11]  In her petition to have that settlement approved by the 61st District Court of Harris County, Texas, Plaintiff made clear that "**the negligence of Defendants [SYM Trucking and Treto] proximately caused**" the injuries at issue.[12]  That lawsuit did not mention SpaceX or Dogleg Park.

In March of 2021, after Plaintiff received a settlement of $1,000,000 from her lawsuit against SYM Trucking and Treto, she and a new law firm decided to go for more, filing the present lawsuit seeking an unjustified $20 million from Defendants.

## IV.    ARGUMENT & AUTHORITIES

### A.    Legal Standard

Dismissal is proper when, as here, a complaint fails to allege facts sufficient to state a claim that is plausible on its face in light of existing law.  FED. R. CIV. P. 12(b)(6).  Similarly, "the standard for deciding [a Rule 12(c)] motion is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007); *see also* FED. R. CIV. P. 12(c).  Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To

---

[11] *See* Plaintiff's Motion to Enforce Settlement Agreement filed in the First Houston Lawsuit attached hereto as Exhibit "B".

[12] *See* Plaintiff's First Amended Original Petition in the First Houston Lawsuit attached hereto as Exhibit "A." at ¶ 4.

survive a motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states 'a claim to relief that is plausible on its face.'" *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc*., 892 F.3d 719, 726 (5th Cir. 2018) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—**but it has not 'show[n]'**— 'that the pleader is entitled to relief.'" *Id*. at 679, (quoting Fed. R. Civ. P. 8(a)(2)).

A court is not required to accept legal conclusions and threadbare recitals of a cause of action supported by conclusory statements that do not suffice*.  Hernandez v. Gonzalez*, No. CV H-19-4528, 2020 WL 1672523, at *1 (S.D. Tex. Apr. 3, 2020) (citing *Iqbal*, 556 U.S. at 678).  "Neither a "formulaic recitation of the elements of a cause of action" nor "naked assertions [of fact] devoid of further factual enhancement" is sufficient to withstand dismissal.  *Iqbal*, 556 U.S. at 678.  Where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is warranted.  *Twombly*, 550 U.S. at 558.  Ultimately, where the plaintiff's claims have not been "nudged . . . across the line from conceivable to plausible, the[] complaint must be dismissed."  *Id.* at 570.

## B.   Defendants Owed No Duty of Care to Prevent the Accident Between Third Party Treto and Decedent on a State Highway

A negligence claim requires a duty, breach of that duty, and damages caused by the breach; whether a duty exists is a threshold question of law for the Court to decide. *Pagayon v. Exxon Mobil Corp.*, 536 S.W.3d 499, 503 (Tex. 2017); *Boerjan v. Rodriguez*, 436 S.W.3d 307, 310 (Tex. 2014); *Tri v. J.T.T.*, 162 S.W.3d 552, 563 (Tex. 2005). "A finding of negligence is a prerequisite to a finding of gross negligence." *Oberc v. BP PLC*, No. 4:13-CV-01382, 2013 WL 6007211, at *8 (S.D. Tex. Nov. 13, 2013) (citing *Shell Oil Co. v. Humphrey*, 880 S.W.2d 170, 174 (Tex. App.—Houston [14th Dist.] 1994, writ denied). "Therefore, the threshold inquiry regarding claims of negligence and gross negligence is whether a duty existed." *Id.*; *see also Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) ("the existence of a duty is a question of law"). If the court determines there is no duty, "the inquiry regarding negligence ends." *Oberc*, at *8 (citing *Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998)).

Absent a "limited exception" inapplicable here, an owner or occupier of land in the State of Texas does **not** owe a tort duty to a third party involved in an accident on a public road near the landowner's property.[13]  This has been Texas law for decades.  The seminal cases are *Naumann v. Windsor Gypsum, Inc.*, 749 S.W.2d

---

[13] The "limited exception to this general rule [is] when a landowner's property itself becomes a 'dangerous agency' on an adjacent roadway." *Smit*, 903 F.3d at 529 n.4.  This limited exception obviously has not been asserted here.

189, 191–92 (Tex. App.–San Antonio 1988, pet. denied) and *Dixon v. Houston Raceway Park, Inc.*, 874 S.W.2d 760, 762-63 (Tex. App—Houston [1st Dist.] 1994, no writ).

### 1. *Naumann* unequivocally confirms that Plaintiff's claims against defendants must be dismissed under Texas law

*Naumann* is directly on point and illustrates precisely why Plaintiff's claims against Defendants cannot survive dismissal.  There, a tractor-trailer driven by an independent contractor blocked at least two lanes of traffic and caused an accident while attempting to access the property of Windsor Gypsum, Inc. ("Windsor"). *Naumann,* 749 S.W.2d at 190.  Due to its extensive operations, Windsor was aware of "a problem with the trucks entering FM 78 from Cypress Ridge" yet required tractor-trailers to enter at that location anyway.  *Id.*  The plaintiffs argued that "because Windsor designed the layout of its plant, instructed truck drivers which exit to use and knew that they blocked both lanes of traffic when entering F.M. 78, it had a duty to make use of the alternative means of exit from its property or to warn highway users of the dangerous exit." *Id.* at 192.

The court responded bluntly: "We do not agree." *Id.*  The real question in *Naumann* was not—just as the question here is not—whether Windsor used the road extensively or imposed restrictions on independent contractors.  The actual question was whether Windsor had a duty to the plaintiff who was involved in the accident with the independent contractor driving a tractor-trailer on the public road.  The

answer is clear: "A landowner's duty to exercise reasonable care not to endanger the safety of persons on an abutting highway does **not** create an obligation to guard passing motorists against the possible negligence of an independent contractor over whom the landowner exercises no control and whose competence to perform his duties the landowner has no reason to doubt." *Id*. at 192 (emphasis added). Put another way, "an owner or occupier of property is not an insurer of safety of travelers on an adjacent highway and is not required to provide against the acts of third persons." *Id*.[14]

### 2. *Dixon* corroborates that Plaintiff has failed to state a plausible claim against Defendants

In *Dixon*, a driver on a public road caused an accident when turning left into Houston Raceway Park, where a racing event was being held. 874 S.W.2d at 761-62. The plaintiff, like Plaintiff here, asserted that Houston Raceway failed to maintain traffic personnel, signs, and warnings. *Id*. In response, the First Court of Appeals in Houston reaffirmed that "[a]n owner or occupier of property is not an insurer of the safety of travelers on an adjacent highway and is not required to provide against the acts of third persons." *Id*. at 762-63 (citations omitted). The court therefore held, "[b]ecause the accident occurred on a public road outside the

---

[14] The Texas Supreme Court criticized and reversed the Corpus Christi Court of Appeals in 1995 after the court of appeals refused to follow *Naumann* in a similar case: "The court of appeals failed to find *Naumann* controlling . . . . the effect of the ruling of the court of appeals is to . . . equate 'foreseeability' with duty." *City of McAllen v. De La Garza*, 898 S.W.2d 809, 810 (Tex. 1995) (reversing and rendering in favor of landowner, holding that adjacent landowner owed no duty to driver as a matter of law).

control of the Raceway, the Raceway owed no legal duty to Ricky Lee Dixon." *Id*.

at 763.

> As to the *Dixon* plaintiffs' argument that "an owner or occupier of premises has a duty to exercise reasonable care to avoid endangering the safety of persons using the highway as a means of travel," the court noted that "such a duty has been limited to cases where an owner negligently releases upon the highway an agency that becomes dangerous by its very nature once upon the highway." *Id*. Additionally, in response to the plaintiffs' argument that the raceway had a duty to control traffic on the public road because it had controlled traffic or requested police officers to control traffic on prior occasions, the First Court of Appeals found that the plaintiffs provided "no authority to support their contention that the Raceway was under a duty to contact the local law enforcement authorities [for traffic control] on this occasion simply because they had done so on previous occasions." *Id*. Reiterating this point, the court expressly stated, "We are unwilling to hold that the Raceway was under a legal duty to contact the local law enforcement authorities whenever an event, regardless of size, was held at the Raceway, simply because the Raceway had felt it prudent to do so on occasion in the past." *Id*. Plaintiff's contention that Defendants had a duty to control traffic at 4:00 a.m. on June 7, 2020 because Defendants controlled traffic at some point before or after that date is flatly inconsistent with Texas law. Plaintiff's characterization of SpaceX as a "massive enterprise" with "successful minds" and "security personnel" is wholly irrelevant to this simple question of law.

### 3.   Fifth Circuit and other precedent applying *Naumann* and *Dixon* make clear that Defendants owed no duty here

Under the clear precedent established by *Naumann* and *Dixon*, Defendants owed no duty to prevent Decedent from driving his truck inebriated into a third-party eighteen wheeler on a public road.

Cases implementing *Naumann* and *Dixon* are just as clear.   In *Smit*, a pedestrian was killed at the massive South-by-Southwest festival in Austin, which covered numerous city blocks and barricaded streets.   The federal district court dismissed the case—including the plaintiff's negligence and premises liability claims—on the pleadings.   The Fifth Circuit affirmed.   It first observed: "[a]s one might expect, a city [or state] typically owns and controls its streets to the exclusion of all others." *Id.*   The court then confronted the plaintiff's pleading that SXSW Holdings had a permit from the city to occupy **and** control not just city blocks but city streets, including the street where the decedent was struck by a vehicle. *Id.* at 528.   But the permit technically left control of vehicular traffic in the city's hands because the accompanying "traffic control plan" did not pass traffic control to SXSW Holdings, even though SXSW barricaded roads and filled them with crowds of people. *Id.* at 528, 525-27.   The Fifth Circuit, citing *Dixon*, therefore confirmed that despite occupying the street, SXSW Holdings owed no duty to the decedent because control of the street was still the city's responsibility.   Affirming the trial court's Rule 12(b)(6) dismissal, the court therefore applied the longstanding

12

principle that "**Texas law generally imposes no duty on a land occupier to prevent injury to those on an adjacent city street**."  903 F.3d at 528 (affirming dismissal of negligence and premises-liability claims against land occupier).

This binding authority should be applied here.  There is no doubt that the State of Texas, not Defendants, had control of State Highway 4 at the time of the accident. Indeed, unlike in *SXSW*, the Amended Complaint here does not even allege that Defendants were in **possession**—let alone control—of State Highway 4 (or LBJ Boulevard) in the wee hours of the morning on June 7, 2020, and that is after Plaintiff already took a second bite at the apple to amend.  Unlike in *Smit,* there is no allegation here that Defendants had barricaded the state highway or taken control of it in any way as of the time of the accident.  But crucially, *Smit* affirmed dismissal despite allegations that SXSW both occupied and was in de facto control of the public street when the accident occurred.

In *Ranolls v. Dewling*, No. 1:15-CV-111, 2016 WL 7743498, at *2 (E.D. Tex. Oct. 26, 2016), Pilot Travel Centers sought summary judgment against the negligence, gross negligence, and other claims asserted against it by the estate of a motorist who died after hitting a tractor-trailer that blocked the highway while turning from Pilot's property.  There the court stated:

> The undisputed evidence in this case compels the conclusion that Pilot owed no duty to warn or protect Ranolls.  First, the accident occurred when Ranolls's vehicle collided with Dewling's tractor/trailer on Highway 62, a public highway that was not owned or controlled by

13

Pilot.  Additionally, Pilot did not employ Dewling, did not control his conduct, and did not own or operate his vehicle. Because the collision occurred on a public highway outside Pilot's control, and because Pilot did not release any dangerous agency onto that highway, Pilot owed no legal duty to warn or protect Ranolls.

*Id*.; *see also Wall v. Skyline Drive Motel, Inc*., No. 2-05-079-CV, 2006 WL 1562839, at *1 (Tex. App.—Fort Worth June 8, 2006, no pet.) (holding that landowner had no duty to warn passing motorists of danger caused by exiting customers; no duty existed as to property—such as public road—not owned or occupied by the defendant); *Ray v. Ronnie Moore Trucking*, No. DR-12-CV-17-AM-VRG, 2012 WL 13032960, at *5 (W.D. Tex. June 26, 2012) (dismissing claims because owner of property adjacent to public highway, where codefendant had been turning a tractor-trailer when accident occurred, owed no duty to driver on highway). The same is true here: State Highway 4 is, obviously, a **state highway** owned and controlled by Texas, and no factual allegation exists that the State of Texas conveyed control of the highway to Defendants—let alone as of the morning of June 7, 2020.

The Eastern District of Texas faced another illustrative case last year in *Metzloff v. Royal Trucking Co*., 473 F. Supp. 3d 700, 703–04 (E.D. Tex. 2020). There, the plaintiff sued the tractor-trailer driver, his employer, and the adjacent landowner (Beaumont Trucking Company, or BTC) after the driver, an independent contractor, blocked the plaintiff's lane while attempting to access BTC's property. *Id.*  In a theory similar to Plaintiff's, the plaintiff asserted that BTC, a very busy

14

company, had a duty of care to revise its driveway, which was too narrow in violation of Texas Department of Transportation regulations. *Id.*

BTC moved to dismiss, arguing that irrespective of the size of its driveway, it owed no duty to the plaintiff or any other motorist who had an accident on a public road with someone attempting to access BTC's property. *Id.* at 705. In granting the motion, the court noted that, "[a]s a general rule, a person is not under a duty to control the acts of another person." The court then went on to note that the question of duty in the class of cases at issue (in which a landowner is sued for an accident on a nearby public road) had already been decided by Texas courts: "Under Texas law an owner or occupier of a premises abutting a highway has a duty to exercise reasonable care to avoid endangering motorists on the highway near his property, but such a duty has been **limited** to cases where an owner negligently releases upon the highway an agency that becomes dangerous by its very nature once upon the highway." *Id.* at 706 (citations omitted). Finally, the court reiterated that "BTC does not bear a duty of care over the actions of an independent contractor over which it has no control. Like the defendant in *Naumann*, BTC had every reason to believe Brown would act safely in the scope of his work and could not have expected Brown to turn negligently out of the middle lane." *Id.* at 707.

Here, likewise, Defendants had every right to expect that Treto would exercise due care when driving. *Id.*; *see also Gonzales v. Trinity Indus., Inc.*, 7 S.W.3d 303,

307 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) ("the law does not require a person to anticipate negligent or unlawful conduct on the part of another") (citing *DeWinne v. Allen*, 154 Tex. 316, 277 S.W.2d 95, 98 (1955); *Lawson v. B Four Corp*., 888 S.W.2d 31, 35 (Tex. App.—Houston [1st Dist.] 1994, writ denied)); *Huebotter v. Diamond Shamrock Ref. Co*., No. 04-99-00243-CV, 1999 WL 1244422, at *2–3 (Tex. App.—San Antonio Dec. 22, 1999, no pet.) (affirming summary judgment in adjacent landowner's favor; "although [landowner] was aware that trucks had to wait in line on the side of the road in order to enter its refinery, [landowner] was entitled to rely on the truck drivers to enter and exit the refinery safely").

Accordingly, the existence of a duty in the relevant category of cases—when a landowner or land occupier is sued by someone involved in an accident with an independent contractor or other third party on a nearby public road—has **already** been unequivocally decided by previous precedent, including from the Fifth Circuit. Dismissal is the only viable outcome for this lawsuit.

## C.   No Respondeat Superior Claim Has Been Pled Plausibly Against Defendants

Plaintiff's Amended Complaint asserts for the first time that Defendants are purportedly liable for the accident because of some unspecified thing that "SOS

Security" (an alleged security contractor) or SpaceX's own security guards did or did not do.[15]

Plaintiff again has pled in direct contravention of Texas law. First, as a matter of Texas law, respondeat superior applies only to employees, not to contractors such as SOS Security. *See, e.g.*, *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018) ("as a general rule, an employer is insulated from liability for the tortious acts of its independent contractors") (citing *Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 796 (Tex. 2006)).

Second, respondeat superior can exist only if an employee is proven to be negligent within the course and scope of his or her employment. *See St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 541–42 (Tex. 2002) ("Under the doctrine of respondeat superior, an employer is vicariously liable for the negligence of an agent or employee acting within the scope of his or her agency or employment, although the principal or employer has not personally committed a wrong") (citation omitted).

Here, Plaintiff's Amended Complaint does not allege that any security personnel (employee or otherwise) was driving Treto's truck, involved in the actual accident in any way, or was purportedly negligent. Thus, no duty, breach, causation, or damages have been pled against any employee of either Defendant (or any of their contractors for that matter). *See Pagayon*, 536 S.W.3d at 503 (stating elements of

---

[15] ECF 19 ¶¶ 43–44.

negligence). Plaintiff's respondeat superior allegations are mere formulaic recitations and conclusory statements that Defendants purportedly "are responsible for the conduct and damages caused by any conduct of their employees, agents, and servants that contributed to the damages sought in this suit,"[16] without any particularized factual allegation that an actual employee, agent, or servant of SpaceX or Dogleg was negligent or even involved in the accident. Accordingly, this belated claim should be dismissed as well.

## V.      CONCLUSION AND REQUEST FOR RELIEF

Texas law, as applied in analogous cases by Texas courts and the Fifth Circuit, makes clear that Defendants owed no negligence duty to Decedent, Plaintiff, or their children, thereby warranting dismissal of Plaintiff's negligence and gross negligence claims. Further, Plaintiffs have pled no plausible allegations to support a negligence or gross negligence claim against an employee of either Defendant, warranting dismissal of her respondeat superior claim. As all of Plaintiff's claims against Defendants are groundless under Texas law, judgment should be entered in Defendants' favor dismissing this lawsuit in its entirety, with prejudice.[17]

---

[16] *See Hernandez,* 2020 WL 1672523*, at \*1; see also Rolon v. Henneman*, *see also* 517 F.3d 140, 149 (2d Cir. 2008) (courts are not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions).

[17] When a defendant does not owe a duty, an amendment to a claim for negligence is futile. *See Myers v. Ford Motor Credit Co*., 3:09-CV-2271-L, 2010 WL 2730640, at \*3 (N.D. Tex. July 8, 2010) ("Defendant's duties to Plaintiff arise from a specific legal obligation, the Settlement Agreement. Myers may be able to plead additional bases for her breach of contract claim, but these facts do not state a claim upon which a separate tort claim can be pleaded. Accordingly, the court agrees with Defendant and finds that Plaintiff's

Dated: November 15, 2021                    Respectfully submitted,

                                            By:  */s/ Michelle Pector*
                                            **Morgan, Lewis & Bockius LLP**
                                            Michelle Pector
                                            State Bar No. 24027726
                                            SDTX No. 28869
                                            michelle.pector@morganlewis.com
                                            Jared Wilkerson
                                            State Bar No. 24084096
                                            SDTX No. 2117319
                                            jared.wilkerson@morganlewis.com
                                            1000 Louisiana St., Suite 4000
                                            Houston, TX 77002
                                            (713) 890-5000
                                            michelle.pector@morganlewis.com
                                            jared.wilkerson@morganlewis.com

                                            **Roerig, Oliveira & Fisher, LLP**
                                            David G. Oliveira
                                            State Bar No. 15254675
                                            Federal ID No. 34165
                                            10225 N. 10th Street
                                            McAllen, Texas 78504
                                            Telephone: (956) 393-6300
                                            Facsimile: (956) 386-1625
                                            doliveira@rofllp.com

                                            ***Attorneys for Space Exploration
                                            Technologies Corporation and Dogleg
                                            Park, LLC***

---

proposed tort claim for negligence and gross negligence concerning collection of judgments would be futile. Leave to amend should not be granted.").

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 15, 2021, a true and correct copy of the foregoing document has been served to all known counsel of record in accordance with the applicable rules of procedure.

*/s/ Michelle Pector*
Michelle Pector