# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUCINNE VENEGAS, Individually, on Behalf of the Estate of Carlos Javier Venegas and on Behalf of Her Minor Children, D.V., G.V., and M.V., | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 1-21-CV-54 |
| SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC, | § § § § | |
| *Defendants.* | § § | |

## SPACEX AND DOGLEG PARK'S MOTION TO STAY DISCOVERY

Space Exploration Technologies Corporation and Dogleg Park, LLC ("Defendants") file this Motion to Stay Discovery ("Motion") pending a ruling on their Motion to Dismiss.

This Motion is being filed for purposes of judicial economy and to ensure that Defendants are not subjected to further unnecessary fees and costs when Texas law warrants dismissal of this lawsuit.  Discovery will not change the outcome of the Motion to Dismiss as Defendants had no duty under Texas law to prevent an accident on a public state highway between two third parties that Defendants were not involved in and which occurred around 4:00 a.m.  Nor can Plaintiff establish that a plausible claim has been pled against Defendants when Plaintiff has judicially

admitted in another lawsuit that the accident was caused by the negligence of a third-party trucking company and its truck driver,[1] through which Plaintiff agreed to a $1,000,000 settlement with a broad release of all claims, [2] and where the undisputable facts confirm Decedent was speeding under the influence of alcohol and high on cocaine before he drove his vehicle into the third party trucking company's eighteen wheeler.[3]   Based on these circumstances, good cause exists to stay discovery and Plaintiff should be precluded from conducting an unwarranted fishing expedition premised on groundless claims that are subject to dismissal as a matter of law and which Plaintiff previously released.[4]

## I.      THIS COURT HAS THE AUTHORITY TO STAY DISCOVERY

"[T]he Federal Rules of Civil Procedure afford district courts 'wide discretion in determining the scope and effect of discovery.'" *McAllen Anesthesia Consultants, P.A. v. United Healthcare Servs., Inc.*, No. 7:14-CV-913, 2015 WL 12839785, at *2 (S.D. Tex. July 17, 2015) (quoting *Bradley v. Boysville, Inc.*, 240 F.3d 1073 (5th Cir.

---

[1] *See* Plaintiff's First Amended Petition filed against SYM Trucking LLC and Yandi Treto Gaspar in Cause No. 202069854-7, *Lucienne Venegas, Individually and as a Parent and Natural Guardian of Minor D.V., G.V., M.V. C.V. and the Estate of Carlos Javier Venegas v. Yandi Treto Gaspar and SYM Trucking, LLC*; in the 61st Judicial District Court of Harris County, Texas (the "First Houston Lawsuit"), attached hereto as Exhibit "1" at ¶4.

[2] *See* Plaintiff's Motion to Enforce Settlement Agreement filed in the First Houston Lawsuit attached hereto as Exhibit "2".  The docket sheet for the First Houston Lawsuit confirms that case has now been closed.

[3] These facts are corroborated by the Texas Department of Transportation's certified Texas Peace Officer's Crash Report for the accident at issue in this lawsuit, attached hereto as Exhibit "3".

[4] *See* the Compromise Settlement Agreement and Release of Claims executed by Plaintiff in the First Houston Lawsuit and produced by Plaintiff in this case, attached hereto as Exhibit "4" at ¶¶ 3-7 (expressly stating, among other things, that "said Release includes, but is not limited to, the release of any liability whatsoever which arises directly or indirectly out of or is in any manner related to the alleged incident and/or occurrence in question and includes any claims that could be asserted by any person or entity by, through, or under Plaintiffs or because of any damages sustained by Plaintiffs.")

2000)). This includes the "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 Fed. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir.1987)) (internal quotation marks omitted). "For example, under Federal Rule of Civil Procedure 26(c), the court may stay discovery for 'good cause,' such as a finding that further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions." *BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*, 4:15-CV-00627, 2017 WL 10605194, at *1 (S.D. Tex. May 26, 2017) (citations and internal quotation marks omitted); *see also Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 435–36 (5th Cir. 1990); *see also* 6 James W. Moore et al., Moore's Federal Practice § 26.105[3][c] (3d ed. 2010)). This is particularly true where nothing learned "through discovery could have affected the resolution of the defendants' 12(b)(6) motion." *Petrus*, 833 F.2d at 583. Good cause may also exist if the party seeking the stay demonstrates that "annoyance, embarrassment, oppression, or undue burden or expense" would result absent the stay. Fed. R. Civ. P. 26(c). Similarly, a stay "may be appropriate where the disposition of a motion to dismiss might preclude the need for discovery altogether thus saving time and expense." *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 768 (W.D. Tex. 2008).

"Courts determine whether to grant a motion to stay pending the resolution of a motion to dismiss based upon (1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *Mcpeters v. Lexisnexis*, No. 4-11-CV-02056, 2011 WL 13253446, at *1 (S.D. Tex. Oct. 5, 2011) (citing *Von Drake v. Nat'l Broad. Co., Inc.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (quotation marks omitted). Courts also stay discovery when "defendants have substantial arguments for dismissal of many, if not all, of plaintiff's claims". *Von Drake*, 2004 WL 1144142, at *2. Indeed, district courts in the Fifth Circuit grant motions to stay discovery pending the outcome of a motion to dismiss for failure to state a claim. *See Mcpeters*, 2011 WL 13253446, at *1 (granting motion to stay discovery pending the court's ruling on motion to dismiss for failure to state a claim); *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, No. H-08-CV-0857, 2008 WL 8465061, at *1 (S.D. Tex. Aug. 11, 2008); *Von Drake*, 2004 WL 1144142, at *2. There can be no question that this Court has the authority to stay discovery pending a ruling on Defendants' Motion to Dismiss, particularly whereas here, Plaintiff's Amended Complaint fails to state a plausible claim against Defendants.[5]

---

[5] ECF 22.

## II.    DISCOVERY SHOULD BE STAYED BECAUSE TEXAS LAW WARRANTS DISMISSAL OF THIS CASE

On November 15, 2021, Defendants filed a Motion to Dismiss this lawsuit in its entirety given that Texas law warrants dismissal of Plaintiffs claims against Defendants.[6] As briefed in detail through Defendants' Motion to Dismiss, Texas law, including as applied by the Fifth Circuit, is clear that Plaintiff's negligence and gross negligence claims fail as a matter of law because Defendants owed no duty to Plaintiff, Decedent, or their children.[7] "Texas law generally imposes no duty on a land occupier to prevent injury to those on an adjacent street." *Smit v. SXSW Holdings, Inc*., 903 F.3d 522, 528–29 (5th Cir. 2018) (affirming dismissal of negligence and premises-liability claims against land occupier); *Ray v. Ronnie Moore Trucking*, No. DR-12-CV-17, 2012 WL 13032960, at *5 (W.D. Tex. June 26, 2012) (dismissing claims because owner of property adjacent to public highway, where codefendant had been turning a tractor-trailer when accident occurred, owed no duty to driver on highway).

Plaintiff's new *respondeat superior* claim is equally without merit, as her Amended Complaint contains no particularized factual allegations that any employee of either Defendant owed or violated an alleged duty to Plaintiff's family or caused the accident between the third-party truck driver and Decedent, which

---

[6] ECF 22.
[7] *See id.*

Defendants were obviously not involved in.[8]  As a matter of Texas law, respondeat superior applies only to employees, not to contractors such as SOS Security.  *See, e.g.*, *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018) ("as a general rule, an employer is insulated from liability for the tortious acts of its independent contractors") (citing *Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 796 (Tex. 2006)).  Consequently, Plaintiff's misguided attempt to belatedly expand this case with new and irrelevant theories about a security contractor do nothing to change the application of clear Texas precedent.

### III.   GOOD CAUSE EXISTS TO STAY DISCOVERY

A stay of discovery is warranted under the circumstances before this Court because additional discovery will impose undue burden and expense on Defendants without changing the outcome of Defendants' Motion to Dismiss.  Good cause further exists because the disposition of Defendant's Motion to Dismiss as well as the broad release of claims executed by Plaintiff in the First Houston Lawsuit is anticipated to preclude the need for discovery altogether.  Moreover, the over breadth of discovery sought by Plaintiff, as evidenced by her overreaching and misleading Motion to Compel,[9] along with the associated burden Plaintiff seeks to

---

[8] *See* ECF 19.
[9] *See* ECF No. 21 (seeking discovery related to irrelevant and disproportionate subjects, including by way of non-exhaustive example, the public's use of State Highway 4 in the last 4 years, the need for lighting on State Highway 4, photographs and documents since 2013 relating to the naming of "Rocket Road," which was not a road where the accident in question occurred, and documents received as a result of operations on State Highway 4 in the last three years, among other things.

impose on Defendants with demands for production of irrelevant and disproportionate information, justifies a stay pending the resolution of Defendants' Motion to Dismiss.

In this regard, Plaintiff's Motion for Leave to Amend her Complaint evidences that the primary reason for Plaintiff's amendment was to add a *respondeat superior* claim and additional misguided theories to manufacture a basis for asserting relevance as to improper discovery requests that are unrelated to the accident at issue and the public road intersection where it occurred.[10]  Indeed, Plaintiff understood she could not obtain irrelevant discovery before filing the Amended Complaint, yet now attempts to bootstrap that same discovery by virtue of her manufactured pleading.  Time and money should not be spent responding to irrelevant and disproportionate discovery, particularly where Plaintiff's new respondeat superior claim fails as a matter of law, which discovery will change.

Likewise, substantial time and resources should not be depleted participating in depositions[11] and expert discovery[12] when Texas law warrants dismissal of Plaintiff's claims.  Staying discovery and expert deadlines will relieve Defendants of the unwarranted burden Plaintiff seeks to impose on Defendants and will not be unduly prejudicial to Plaintiff as discovery will not assist Plaintiff in responding to

---

[10] ECF No. 17 at ¶9.
[11] Plaintiffs has telegraphed an intention to take multiple depositions, which will result in substantial and unnecessary work and costs.
[12] Defendants' expert disclosure deadline is February 18, 2021.

Defendant's Motion to Dismiss.  *See Mcpeters*, 2011 WL 13253446, at *1 (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); Fed. R. Civ. P. 12(b)(6) and 12(c).  Because Plaintiff's Response to Defendants' Motion to Dismiss is confined to the allegations pled in Plaintiff's Amended Complaint, discovery will not change the outcome of Defendants' Motion to Dismiss.

Based on the foregoing, allowing Plaintiff to proceed with an unfettered fishing expedition, particularly given the groundless nature of Plaintiff's misdirected Amended Complaint and her broad release of claims, would be inequitable based on the clear legal bar to Plaintiff's claims against Defendants.  The irrelevant and disproportionate discovery Plaintiff seeks to pursue cannot circumvent Texas law and direct Fifth Circuit precedent, which confirms Plaintiff's allegations do not raise a claim of entitlement to relief.  Accordingly, Defendants respectfully request that the Court stay discovery and expert deadlines pending the Court's ruling on Defendants' Motion to Dismiss.

## CONCLUSION AND REQUEST FOR RELIEF

Plaintiff's claims against Defendants plainly lack merit.  More discovery would be wasteful and cannot change the outcome of Plaintiff's groundless claims. Given that the baseless nature of Plaintiff's claims can be determined from the face of her Amended Complaint and such claims have been released by Plaintiff, an order staying discovery and expert deadlines during the pendency of Defendants' Motion

to Dismiss should be entered, which will not only preserve this Court's valuable judicial resources, but will also prevent Plaintiff from subjecting Defendants to further unwarranted fees, costs and burden.

Dated: November 15, 2021

Respectfully submitted,

By: */s/ Michelle Pector*
**Morgan, Lewis & Bockius LLP**
Michelle Pector
State Bar No. 24027726
SDTX No. 28869
Jared Wilkerson
State Bar No. 24084096
SDTX No. 2117319
1000 Louisiana St., Suite 4000
Houston, TX 77002
(713) 890-5000
michelle.pector@morganlewis.com
jared.wilkerson@morganlewis.com

**Roerig, Oliveira & Fisher, LLP**
David G. Oliveira
State Bar No. 15254675
Federal ID No. 34165
10225 N. 10th Street
McAllen, Texas 78504
Telephone: (956) 393-6300
Facsimile: (956) 386-1625
doliveira@rofllp.com

***Attorneys for Space Exploration Technologies Corporation and Dogleg Park, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2021, a true and correct copy of the foregoing document has been served to all known counsel of record in accordance with the applicable rules of procedure.

*/s/ Michelle Pector*
Michelle Pector