# Exhibit 2

Case 1:21-cv-00054   Document 23-2   Filed on 11/15/21 in TXSD   Page 2 of 5

4/5/2021 3:21 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52134105
By: Brenda Espinoza
Filed: 4/5/2021 3:21 PM

CAUSE NO. 2020-69854

| | | |
|---|---|---|
| LUCIENNE VENEGAS, Individually and as Parent and Next Friend of Minors D.V., G.V., M.V. and C.V., *Plaintiffs*, | § § § § § | IN THE DISTRICT COURT |
| | § | 61st JUDICIAL DISTRICT |
| v. | § § | |
| YANDI TRETO GASPAR and SYM TRUCKING, LLC, *Defendants*. | § § § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiffs come before the Court respectfully requesting the Court compel Defendants to comply with the terms of the settlement agreement and to deliver the settlement funds due to Plaintiffs immediately.

### I.   FACTS

This motion involves a routine settlement agreement involving a personal injury and wrongful death case. The parties settled the case August 2020, over seven months ago. On October 12, 2020, Plaintiff's counsel asked whether defense counsel had requested the check. The next day, Defense counsel responded that it has received the check and was working on the details of the settlement agreement, apologizing for being "shorthanded." The subsequent settlement documents were signed, returned, and the case was set for a minor settlement hearing on February 4, 2021.

The Court denied Ms. Venegas's request to place the funds for all minors in the registry of the Court, instead requesting the funds placed in a structured settlement. Plaintiff's counsel provided defense counsel and the structured settlement company representative the final allocations for the minor's settlements on February 15, 2021. Those figures remain the same. A

1

final settlement conference was eventually heard on March 4, 2021. The settlement was entered into the Court's records on March 8, 2021. Since then, Plaintiffs' counsel has repeatedly requested payment. The explanation from defense, has consistently been that the checks have been ordered, but have not arrived. After weeks of that same delayed status, the settlement proceeds are nowhere to be found.

Despite the written agreements exchanged between the parties, Defendants have refused to fund the settlements that occurred over seven months ago. The Court should not condone this kind of conduct. Instead, it should enforce the settlement and compel Defendants to fund the settlement per the agreement.

## II.     THE COURT SHOULD GRAND PLAINTIFFS' MOTION

"A settlement agreement is a contract." *Guidry v. Halliburton Geophysical Services, Inc.*, 976 F.2d 938, 940 (5th Cir. 1992). Here, the settlement agreement was agreed upon and the Release was drafted by Defendants' counsel. Despite the fact this case settled over seven months ago, Defendants have failed to timely and properly fund this settlement.

Defendants owe the following checks:

1. $84,411.68 to the structured settlement company for D.V.;
2. $84,411.68 to the structured settlement company for G.V.;
3. $84,411.68 to the structured settlement company for M.V.;
4. $71, 307.58 to be placed in the registry of the Court for C.V.;
5. $500,000.00 to Lucienne Venegas and Zehl & Associates for $500,0000.00; and
6. $175,457.38 to Zehl & Associates, PC.

At this date, over seven months since the settlement of this litigation, Defendants have not paid any of the agreed upon settlement funds. Plaintiffs' counsel has repeatedly followed up with

Defendants' counsel on the status of this payment. Unfortunately, Defendants and their insurers, have failed to timely take action to satisfy their obligations under the agreement. The settlement funds are long overdue, considering the length of time this case has settled.

As a result, Plaintiffs have been required to seek Court intervention on this issue and ask this Court to find that Defendants have unreasonably delayed payment in accordance with the terms of the underlying settlement agreement, and order Defendants to fund the settlement immediately but no later than five (5) days.

### III.   CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request the Court grant their Motion to Enforce Settlement and for such other relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

*/s/ Matthew Greenberg*

---
Matthew O. Greenberg
Texas State Bar No. 24090136
mgreenberg@zehllaw.com
ZEHL & ASSOCIATES, P.C.
2700 Post Oak Blvd, Suite 1000
Houston, Texas 77056
Telephone: (713) 491-6064
Facsimile: (713) 583-1492

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that, pursuant to the provisions of Texas Rule of Civil Procedure 21a, a true and correct copy of the foregoing document has been forwarded to all counsel of record on this 5th day of April 2021 as follows:

**Via Electronic Service**
Paul A. Bezney
Martha Melaku
ADKERSON, HAUDER & BEZNEY, P.C.
1700 Pacific Avenue, Suite 4450
Dallas, Texas 75201
*Counsel for Defendants*

                                              */s/ Matthew Greenberg*
                                              Matthew Greenberg