Case 1:21-cv-00054   Document 24   Filed on 11/16/21 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
November 16, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUCINNE VENEGAS, <br> Plaintiff, | § § § | |
| v. | § § | Civil Action No. 1:21-54 |
| SPACE EXPLORATION TECHNOLOGIES CORPORATION & DOGLEG PARK, LLC, <br> Defendants. | § § § § | |

# **ORDER**

On November 12, 2021, Plaintiff Lucinne Venegas filed a motion to compel discovery responses. Dkt. No. 21.

On November 15, 2021, Defendants Space Exploration Technologies Corporation and Dogleg Park, LLC, filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(c). Dkt. No. 22. They also filed a motion to stay discovery. Dkt. No. 23.

"The United States Court of Appeals for the Fifth Circuit has recognized that a stay of discovery is appropriate where a preliminary motion asking for dismissal of the case is pending because: (1) such motions are decided based on the content of the complaint only, without regard to facts obtained during discovery; and (2) the motion, if granted, would dispose of the case, thus avoiding the effort and expense of discovery." Dowdy & Dowdy P'ship v. Arbitron Inc., 2010 WL 3893915, at *1 (S.D. Miss. Sept. 30, 2010) (citing Landry v. Air Line Pilots Ass 'n Int'l AFL–CIO, 901 F.2d 404, 435–36 (5th Cir.1990)). The Court has briefly reviewed the motion to dismiss filed by the Defendants; it raises questions of law as to the Defendants' duty to the Plaintiff under Texas law. It does not appear that discovery is necessary to resolve this question of law. Furthermore, if the motion is successful, there will be no need for any further discovery in the case.

The motion for a stay of discovery is granted. No party shall promulgate any discovery and no party is required to respond to any already promulgated discovery until the Court rules on the pending motion to dismiss. After the Court rules on the motion to

dismiss, it will rule on the motion to compel discovery responses and set a new scheduling order, if necessary.

The Court's ruling should not be read as an indication as to how it will rule on the motion to dismiss, but merely recognizes that the Court should rule on the motion to dismiss before it rules on any discovery issues. This order is a ruling on a non-dispositive pretrial motion pursuant to 28 U.S.C. 636(b)(1)(A) and FED. R. CIV. P. 72(a).

DONE at Brownsville, Texas on November 16, 2021.

_____
Ronald G. Morgan
United States Magistrate Judge