UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUCINNE VENEGAS, Individually, on Behalf of the Estate of Carlos Javier Venegas and on Behalf of Her Minor Children, D.V., G.V., and M.V., | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 1-21-CV-54 |
| SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC, | § § § § § | |
| *Defendants.* | § | |

**<u>REPLY IN SUPPORT OF MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

**Page**

ARGUMENT IN REPLY ........................................................................2

I.  Plaintiff Has Failed to Plausibly Plead a Claim Because Texas Law Imposes No Duty on Defendants Under These Circumstances ............................................................................2

    A.  Plaintiff does not answer—or even cite—the controlling authorities cited by Defendants....................................3

    B.  Plaintiff's response fails to identify any legally viable theory of duty ...........................................................4

        1.  Plaintiff's response fails to acknowledge the independence of independent contractors ......................4

        2.  Plaintiff cites no authority for her unsupported theory that a private party can somehow "control" a public road ...........................................................6

        3.  Plaintiff's argument about unsafe conditions contributing to a crash is incorrect .................................9

        4.  Plaintiff does not plausibly allege that Defendants contracted to make safe a condition of real property........................................................................11

        5.  Section 101.022(a) of the Texas Civil Practice and Remedies Code confirms that the government, not Defendants, owed any duty to Plaintiff .......................14

II.  Plaintiff's Respondeat Superior Theory Does Not Change the Analysis ........................................................................15

III.  This Court Can Properly Grant the Motion to Dismiss ....................16

IV.  This Court Should Not Allow Leave to Amend ...............................19

CONCLUSION ....................................................................................20

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................4, 7, 16

*Avery v. Alexander*,
  No. 09-08-00078-CV, 2008 WL 6740797 (Tex. App.—Beaumont
  Aug. 27, 2009, pet. denied).................................................................10

*Baptist Mem'l Hosp. Sys. v. Sampson*,
  969 S.W.2d 945 (Tex. 1998) ...........................................................15

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).................................................................2, 15, 16

*Bonin v. Sabine River Authority*,
  No. 1:19-CV-00527-MJT, 2021 WL 3616651 (E.D. Tex. May 17,
  2021) ...................................................................................18, 19

*Brown v. Tarrant County*,
  985 F.3d 489 (5th Cir. 2021) ...........................................................17

*Dixon v. Houston Raceway Park, Inc.*,
  874 S.W.2d 760 (Tex. App—Houston [1st Dist.] 1994, no writ) ...........3, 10, 13

*Farlow v. Harris Methodist Fort Worth Hosp.*,
  284 S.W.3d 903 (Tex. App.—Fort Worth 2009, pet. denied)............................5

*Funk v. Stryker Corp.*,
  631 F.3d 777 (5th Cir. 2011) ...........................................................17

*Garrett v. Houston Raceway Park, Inc.*,
  No. 14-94-00929-CV, 1996 WL 354743 (Tex. App.—Houston
  [14th Dist.] June 27, 1996, no writ) (not designated for
  publication) ...........................................................................8

*Hirabayashi v. N. Main Bar-B-Q, Inc.*,
    977 S.W.2d 704 (Tex. App.—Fort Worth 1998, pet. denied) .............................4

*HNMC, Inc. v. Chan*,
    No. 14-18-00849-CV, 2020 WL 2832780 (Tex. App.—Houston
    [14th Dist.] May 28, 2020, no pet.) .........................................................8, 12, 13

*Holland v. Mem'l Hermann Health Sys.*,
    570 S.W.3d 887 (Tex. App.—Houston [1st Dist.] 2018, no pet.) .................7, 13

*JLB Builders, L.L.C. v. Hernandez*,
    622 S.W.3d 860 (Tex. 2021) ...............................................................................5

*Johnson v. PPI Tech. Servs., L.P.*,
    No. CIV.A. 11-2773, 2012 WL 3065499 (E.D. La. July 27, 2012) ...................17

*Johnson v. Sawyer*,
    47 F.3d 716 (5th Cir. 1995) ................................................................................7

*McKnight v. Calvert*,
    539 S.W.3d 447 (Tex. App.—Houston [1st Dist.] 2017, pet.
    denied) ................................................................................................................10

*Metzloff v. Royal Trucking Co.*,
    473 F. Supp. 3d 700 (E.D. Tex. 2020) ........................................................6, 9, 10

*Naumann v. Windsor Gypsum, Inc.*,
    749 S.W.2d 189 (Tex. App.–San Antonio 1988, pet. denied) ....................*passim*

*Pullen v. Farmers Group, Inc.*,
    No. CV B-02-206, 2006 WL 8445280 (S.D. Tex. Mar. 27, 2006) ....................18

*Ranolls v. Dewling*,
    No. 1:15-CV-111, 2016 WL 7743498 (E.D. Tex. Oct. 26, 2016) ......................10

*Ray v. Ronnie Moore Trucking*,
    No. DR-12-CV-17-AM-VRG, 2012 WL 13032960 (W.D. Tex.
    June 26, 2012) ....................................................................................................19

*Smit v. SXSW Holdings, Inc.*,
    903 F.3d 522 (5th Cir. 2018) ..................................................................1, 3, 7, 9

*Smith v. MTGLQ Inv'rs, L.P.*,
  851 F. App'x 514 (5th Cir. 2021) ........................................................................17

*United States v. Denby*,
  522 F.2d 1358 (5th Cir. 1975) .............................................................................8

*Wilson v. Tex. Parks & Wildlife Dep't*,
  8 S.W.3d 634 (Tex. 1999) (per curiam) ............................................................12

Plaintiff seeks to hold Defendants liable for an accident between Plaintiff's husband and a third party that occurred on a public road and involved no employees of Defendants.  These circumstances fit squarely within the general rule that Texas law "imposes no duty on a land occupier to prevent injury to those on an adjacent street." *Smit v. SXSW Holdings, Inc.*, 903 F.3d 522, 528–29 (5th Cir. 2018).  Plaintiff dos not even mention, let alone distinguish, the controlling cases cited in Defendants' Motion to Dismiss.  Notwithstanding, because there is no duty, Plaintiff has failed to plausibly plead a claim for negligence, and this case should be dismissed.

Plaintiff's invocation of respondeat superior does not change the outcome.  First, Plaintiff fails to adequately plead any claim of negligence against the alleged agent, SOS Security, LLC.  In particular, SOS Security did not owe any duty to prevent Plaintiff from having a car accident at approximately 4 a.m. with a third party on a public street where there was no traffic.

Second, Plaintiff fails to plausibly allege that SOS Security (much less other unidentified independent subcontractors hired by SOS) was an agent of Defendants.  Plaintiff admits that the "formal status of SOS Security . .  is unknown" and alleges no facts in support of the legal conclusion that SOS Security was the "agen[t] and/or

1

servan[t] for Defendants."   So even if it were relevant, this bare pleading is insufficient.

Plaintiff has failed both to address controlling Texas law and to plausibly plead her claims for negligence, gross negligence, or respondeat superior.   The Motion to Dismiss should be granted.

## **ARGUMENT IN REPLY**

### I.   **Plaintiff Has Failed to Plausibly Plead a Claim Because Texas Law Imposes No Duty on Defendants Under These Circumstances.**

Plaintiff incorrectly suggests that a Rule 12 motion is proper only in a "frivolous case." Resp. at 25.  Not so.  A motion to dismiss under Rule 12(b)(6) should be granted whenever, as here, a claim is not legally viable: "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotation marks and citations omitted).

The allegations of Plaintiffs' Amended Complaint, even if true, would not entitle Plaintiff to relief because Texas law imposes no duty on Defendants to protect Plaintiff against a car accident with a third party on a public road.  Dismissal is proper.

## A. Plaintiff does not answer—or even cite—the controlling authorities cited by Defendants.

Defendants' Motion to Dismiss identified three key cases that demonstrate that Texas law does not recognize a duty:

- *Naumann v. Windsor Gypsum, Inc.*, 749 S.W.2d 189 (Tex. App.–San Antonio 1988, pet. denied);

- *Dixon v. Houston Raceway Park, Inc.*, 874 S.W.2d 760 (Tex. App—Houston [1st Dist.] 1994, no writ); and

- *Smit v. SXSW Holdings, Inc.*, 903 F.3d 522 (5th Cir. 2018).

Defendants discussed all three at length. *See* Mot. 9-13. Plaintiff does not address, distinguish, or even cite any of these cases in her response.

*Naumann* involved factually indistinguishable circumstances, including a traffic accident with a tractor-trailer driven by an independent contractor. 749 S.W.2d at 190. The Texas court of appeals readily held that the landowner did not owe a duty to the plaintiff and had no "obligation to guard passing motorists against the possible negligence of an independent contractor over whom the landowner exercises no control and whose competence to perform his duties the landowner has no reason to doubt." *Id.* at 192.

Plaintiff offers no means of distinguishing or avoiding application of the case. This Court should follow *Naumann*, hold that Defendants did not owe any duty to Plaintiff, and grant the Motion to Dismiss.

## B. Plaintiff's response fails to identify any legally viable theory of duty.

Plaintiff attempts to invoke "four closely-related 'assumed duty' exceptions to the general rule that there is no duty to prevent accidents on adjacent property that a person neither owns nor occupies." *Hirabayashi v. N. Main Bar-B-Q, Inc.*, 977 S.W.2d 704, 707 (Tex. App.—Fort Worth 1998, pet. denied). But Plaintiff failed to plausibly allege any facts that would allow any of these exceptions to apply in this case.

Plaintiff's response relies heavily on legal conclusions couched as factual allegations in the Complaint. For example, she asserts that "Mrs. Venegas pled that Defendants owed her family a reasonable duty of care." Resp. at 22. The Supreme Court has made clear that no deference is owed to such contentions: "Although for the purposes of a motion to dismiss [this Court] must take all of the factual allegations in the complaint as true," this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

### 1. Plaintiff's response fails to acknowledge the independence of independent contractors.

To her credit, Plaintiff does not allege that either the truck driver involved in the accident or the company that employed the truck driver was an agent of

4

Defendants.  Am. Compl. ¶¶30-32.  To the extent that the driver or trucking company had any relationship with Defendants at all (none is alleged in the Amended Complaint), there is thus no dispute that the driver and company were independent contractors.

Texas law is clear: "As a general rule, one who employs an independent contractor has no duty to ensure that the contractor safely performs its work." *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864–65 (Tex. 2021) (citing *AEP Tex. Cent. Co. v. Arredondo*, 612 S.W.3d 289, 295 (Tex. 2020)).  This principle follows from the definition of "independent contractor": "one who, in pursuit of an independent business, undertakes specific work for another using his or her own means and methods without submitting to the control of the other person as to the details of the work." *Farlow v. Harris Methodist Fort Worth Hosp.*, 284 S.W.3d 903, 911 (Tex. App.—Fort Worth 2009, pet. denied) (citations omitted).

Here, the trucking company was an independent contractor delivering products from a third party, and there are no allegations in the Amended Complaint that Defendants had control over the details of how this specific work was to be accomplished.  Defendants had no duty to ensure that the trucking company performed its work safely.  *See Naumann*, 749 S.W.2d at 191 (holding, in indistinguishable circumstances, that a landowner had no duty to ensure that

5

independent contractors making deliveries did so in safe manner); *accord Metzloff v. Royal Trucking Co.*, 473 F. Supp. 3d 700, 707 (E.D. Tex. 2020) ("BTC does not bear a duty of care over the actions of an independent contractor [trucker] over which it has no control.").

Plaintiff's response to the Motion to Dismiss, like her Amended Complaint itself, contains numerous allegations regarding how the truck driver and trucking company should have acted more responsibly. *See, e.g.*, Am. Compl. ¶31 (arguing that the truck driver should have employed "reflective signage, lighting of any kind, warning markers, reflective markers, stop lights, stop signs, cones, security personnel, or safety systems"); Resp. at 21. (arguing that the driver and trucking company should have used "proper lighting, escorts, warnings, signs, [or] security personnel"). These arguments might well be—and, in fact, were—the basis for a lawsuit against the truck driver and his employer. But they are not the basis for a claim against Defendants, who have no duty under Texas law (or even the ability) to ensure that an independent contractor performs its work in a safe fashion.

### 2. Plaintiff cites no authority for her unsupported theory that a private party can somehow "control" a public road.

Plaintiff invites this Court to create a new theory of tort liability under Texas law, holding that a private party that makes certain uses of a public road—such as occasionally "communicat[ing] with delivery drivers on [the road]," Resp. 15-16—

6

assumes permanent "control" of the road and owes a duty to any motorists who use the road at any time (even when the party is not using the road).  Plaintiff cites no authority for this proposition and fails to identify any Texas case—ever—in which a private party has been held to "control" a public road based on similar activities. *See Smit*, 903 F.3d at 528 (noting that "control" is a "legal status" under Texas law and a pleading of "control" is owed no deference under *Iqbal*, 556 U.S. at 679).

The Court should decline to do so. First, federal courts must "not create 'innovative theories of recovery or defense' under local law" but "rather merely apply it 'as it currently exists.'" *Johnson v. Sawyer*, 47 F.3d 716, 729 (5th Cir. 1995) (quoting *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1217 (5th Cir. 1985)).  Again, there is no Texas authority to support Plaintiff's novel theory here: that activities such as monitoring traffic on a road, communicating with drivers on a road, and driving (i.e., "patrolling") on a road establish that a private party "controls" a road and therefore owes a duty to motorists, much less that these activities somehow give that private party permanent control over a road and create a duty that exists at any time.  *Holland v. Mem'l Hermann Health Sys.*, 570 S.W.3d 887, 898 (Tex. App.—Houston [1st Dist.] 2018, no pet.) ("Memorial Hermann's ordinary use of the roadway, along with other tenants, employees, and customers, did not give

rise to a duty for it to perform maintenance on the road to keep it safe from hazards[.]").  It is not for this Court to create such a novel theory of recovery.

Second, even if the Court could adopt Plaintiff's novel theory of recovery, it should not because the theory is wholly inconsistent with Texas law.  It is black-letter law that a party cannot take property from the State by adverse possession: "Title by adverse possession . . . may not be asserted against the sovereign." *United States v. Denby*, 522 F.2d 1358, 1364 (5th Cir. 1975).  Nor is there any basis in Texas law that Defendants could actually "control" over the road, e.g., by excluding vehicles from "their" road or policing unsafe or impaired drivers. To the contrary, Texas law is clear that "the burden of controlling traffic on a public road is a governmental function that cannot be transferred to a private entity."  *Garrett v. Houston Raceway Park, Inc.*, No. 14-94-00929-CV, 1996 WL 354743, at *2 (Tex. App.—Houston [14th Dist.] June 27, 1996, no writ) (not designated for publication) (citation omitted); *accord HNMC, Inc. v. Chan*, No. 14-18-00849-CV, 2020 WL 2832780, at *7 (Tex. App.—Houston [14th Dist.] May 28, 2020, no pet.) ("There is no dispute that Harris County owned and was exclusively responsible for maintaining Cali Street."). The only exception to the rule that "a city typically owns and controls its city streets to the exclusion of all others" is when there has been an actual agreement with the government (such as a temporary permit for a block party)

8

for a private party to have control and occupation of a public street.  *Smit*, 903 F.3d at 528.  The Amended Complaint does not allege that any governmental entity had agreed to transfer control of State Highway 4 to Defendants at the time of the accident, either permanently or temporarily.

Texas law does not allow (much less require) private parties to control how other private parties use a public road.  Plaintiff's theory that Defendants had "control" of a public road and responsibility for its use by third parties is meritless.

### 3. Plaintiff's argument about unsafe conditions contributing to a crash is incorrect.

Plaintiffs next argues that "a duty of care also exists if Defendants' property itself created unsafe conditions on SH 4 sufficient to cause a crash."  Resp. at 16-19.

Texas law does recognize a narrow exception to the ordinary rule that a landowner owes no duty to those on an adjacent road, but it applies only in two circumstances, neither of which is alleged: (1) when the landowners releases an object on the road; or (2) when the landowner is responsible for obstructing motorists' visibility (e.g., by failing to trim vegetation).  *Metzloff v. Royal Trucking Co.*, 473 F. Supp. 3d 700, 706 (E.D. Tex. 2020) ("[T]he Plaintiff failed to demonstrate how BTC owes a duty to maintain its driveway in favor of motorists driving on the road adjacent—no object was released on the road, and Plaintiff's visibility was not hindered."); *see also, e.g., Naumann*, 749 S.W.2d at 191 (either

9

"negligent release upon the highway of an agency that becomes dangerous by its very nature once upon the highway" or "negligently allowing tall vegetation to obscure the view of a highway intersection").

Plaintiff does not allege that Defendants "released a dangerous agency onto the highway." *Dixon*, 874 S.W.2d at 763  (noting cases involving release onto highways of smoke, walls of building, windowpanes, and wandering nursing home patients). *Avery v. Alexander*, No. 09-08-00078-CV, 2008 WL 6740797, at *3 (Tex. App.—Beaumont Aug. 27, 2009, pet. denied) (explaining that the landowner's duty to exercise care to persons travelling "has been limited to cases where a property owner or occupier negligently releases upon a public roadway 'an agency that becomes dangerous by its very nature once upon the highway'" (quoting *Hirabayashi*, 977 S.W.2d at 707); *Ranolls v. Dewling*, No. 1:15-CV-111, 2016 WL 7743498, at *2 (E.D. Tex. Oct. 26, 2016) (same).

Nor does Plaintiff allege that the condition of Defendants' real property obscured visibility on the highway.  *See Metzloff*, 473 F. Supp. at 706 ("Property owners owe a duty to motorists on an adjacent highway to properly maintain the grass and weeds so that they do not impair the motorists' view." (citing *Hamric v. Kan. City S. Ry. Co.*, 718 S.W.2d 916, 919 (Tex. App.—Beaumont 1986, writ ref'd n.r.e.)).  Plaintiff relies heavily on *McKnight v. Calvert*, 539 S.W.3d 447, 458 (Tex.

10

App.—Houston [1st Dist.] 2017, pet. denied), a case involving vegetation allegedly obscuring a stop sign that fits squarely within this rule.  Any duty to maintain vegetation is irrelevant to these claims, and the Amended Complaint does not contain any allegations regarding vegetation on Defendants' real property.

As *Naumann* held, the narrow exceptions for unsafe conditions on real property contributing to accidents do not allow for a claim under a theory that conditions on real property created difficulties for third parties making deliveries. *See* 749 S.W.2d at 191 (rejecting an argument that a landowner had "a duty to either design its exit so tractor-trailers could turn . . . without blocking both traffic lanes or to warn her of the dangerous intersection").

### 4.   Plaintiff does not plausibly allege that Defendants contracted to make safe a condition of real property.

Plaintiff's argument that Defendants owed a duty because they "agree[ed] or contract[ed], either expressly or impliedly, to make safe a known, dangerous condition of real property," Resp. at 20 (quoting *Hirabayashi*, 977 S.W.2d at 707) likewise fails.

Plaintiff has failed to allege any facts supporting this theory.  The Amended Complaint contains no factual allegations concerning any agreement or contract, much less its terms or who the other party to the agreement or contract might be.

Indeed, the words "agree" and "contract" are both entirely absent from the Amended Complaint.

This exception was discussed at length in *HNMC*, 2020 WL 2832780, which emphasized that it applies only where there is an agreement to make safe a known danger. *Id.* at *5.

The best illustration of a party agreeing to make safe a known danger was *Wilson v. Tex. Parks & Wildlife Dep't*, 8 S.W.3d 634, 635 (Tex. 1999) (per curiam). The Supreme Court held that there was "some evidence that the [Texas Parks and Wildlife Department] had voluntarily undertaken a duty to make the [Pedernales River] safe by constructing a flood warning system with an audible alarm, putting up signs warning people to leave the area if they heard the alarm, and otherwise informing visitors that the department's flood monitoring system would provide adequate warning if dangerous flood conditions arose." *HNMC*, 2020 WL 2832780 at *5 (discussing *Wilson*, 8 S.W.3d at 635-36).

"In contrast, when a claimant alleges that the defendant simply failed to ensure the safety of a third party's premises—without a concomitant agreement to do so—then the exception does not apply and no duty of care exists." *Id.* (citations omitted). To be viable, the court said, plaintiffs claim had to be supported by "evidence that

HNMC undertook affirmative steps to make Cali Drive safer for pedestrian and then failed to complete those particular measures in a safe manner." *Id.* at *6.

The same analysis applies here. Plaintiff's theory is not that Defendants undertook affirmative steps to make State Highway 4 safer for motorists and then failed to complete those particular measures in a safe manner, but rather that Defendants allegedly failed to act to make the roadway safe. Am. Compl. ¶20 (alleging inaction by Defendants); *see also Holland*, 570 S.W.3d at 898 (finding no duty under this theory because, *inter alia*, "the crux of Holland's allegations against Memorial Hermann is that it failed to act").

And the fact that an entity has sometimes assisted in the safety of third parties does not create a continuing duty. *See Dixon*, 874 S.W.2d at 763 (rejecting an argument that the defendant "was under a duty to contact the local law enforcement authorities on this occasion simply because they had done so on previous occasions."). A court was "unwilling to hold that [a defendant] was under a legal duty to contact the local law enforcement authorities whenever an event, regardless of size, was held . . . , simply because [it] had felt it prudent to do so on occasion in the past." *Id.* In sum, Plaintiff has failed to allege, and cannot plausibly allege, facts that would support an "agreement or contract" duty in this case.

13

5.     **Section 101.022(a) of the Texas Civil Practice and Remedies Code confirms that the government, not Defendants, owed any duty to Plaintiff.**

Confusingly, Plaintiff cites Section 101.022(a) of the Texas Civil Practice and Remedies Code for the "duty of care owed to persons injured on public roadways." *See* Resp. at 22 (citing Tex. Civ. Prac. & Rem. Code § 101.022(a)).

Defendants fully agree with Plaintiff that this provision controls and sets forth the applicable duty owed to persons injured on public roadways. Importantly, Section 101.022(a) makes clear that this duty is owed by "the governmental unit," not by a private party: "[T]he **governmental unit owes to the claimant** only the duty that a private person owes to a licensee on private property[.]" Tex. Civ. Prac. & Rem. Code § 101.022(a) (emphasis added).

To the extent that there was, as Plaintiff contends, some premises defect on State Highway 4, Section 101.022(a) merely confirms that any duty to Plaintiff was owed by the governmental unit and not by Defendants.

\*     \*     \*

Cases applying Texas law have reached uniform results: landowners (like Defendants) have no duty to protect the public from dangers on adjacent roadways from independent contractors making deliveries. *E.g.*, *Naumann*, 749 S.W.2d at 192. Because no duty exists under Texas law, "the allegations in [the] complaint,

14

however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, and the motion to dismiss should be granted.

## II.   Plaintiff's Respondeat Superior Theory Does Not Change the Analysis.

Plaintiff's pleading of respondeat superior (discussed at 23-25) does not change the result. Most obviously, respondeat superior would be relevant only if Plaintiff had plausibly pled a claim of negligence against SOS Security, the alleged agent of Defendants. *See Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998) ("Under the doctrine of respondeat superior, an employer is vicariously liable for the negligence of an agent or employee acting within the scope of his or her agency or employment[.]"). But Plaintiff did not.

Plaintiff's Amended Complaint does not plead (nor does her response to the Motion to Dismiss attempt to identify) a viable claim for negligence against SOS Security. And such an attempt would be meritless. For the same reasons (discussed above) that Defendants did not owe any duty to Plaintiff, SOS Security did not owe any duty to Plaintiff. Nor has Plaintiff alleged any facts relating to negligence by SOS Security; she has not even alleged that SOS Security employees were on the road at 4 a.m. on Saturday, June 7, 2020 when the accident occurred. Because Plaintiff has not plausibly alleged that SOS Security committed any tort against her,

whether she has plausibly alleged that Defendants would be vicariously liable for a such a tort is irrelevant.

And even if it were relevant, Plaintiff fails to adequately plead respondeat superior. The only relevant paragraph of the Complaint conclusorily states:

> At all times, Defendants' employees and SOS Security personnel were agents and/or servants on behalf of Defendants. These Defendants exercised control over their employees and security guards, and at all relevant times, Defendants' employees, security personnel, and SOS Security personnel were operating within the scope of their employment for Defendants.

Am. Compl. ¶43. These pure legal conclusions, unsupported by any factual allegations, are sufficient. *Iqbal*, 556 U.S. at 678. "[F]ormulaic recitation of the elements of [respondeat superior] will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Respondeat superior is irrelevant because Plaintiff has failed to plead negligence against SOS Security, and even if it were relevant, it is inadequately pled. This claim fails.

## III.  This Court Can Properly Grant the Motion to Dismiss.

Finally, Plaintiff argues the Motion to Dismiss should be converted into a motion for summary judgment because Defendants attached public legal records as exhibits to their Motion to Dismiss. Resp. at 8-10.

The Fifth Circuit disagrees, holding "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)); *accord Smith v. MTGLQ Inv'rs, L.P.*, 851 F. App'x 514 (5th Cir. 2021) ("[T]he district court was permitted to take judicial notice of those unrebutted [public] records in granting [the] motion to dismiss."); *Brown v. Tarrant County*, 985 F.3d 489, 493 n.5 (5th Cir. 2021) (explaining that in ruling on a Rule 12(b)(6) motion, courts may consider relevant public records) (citations omitted). Plaintiff does not deny that the public records to Defendants' motion—the records of Plaintiff's successful lawsuit against SYM Trucking and Treto—are proper for judicial notice.

Against this wealth of Fifth Circuit authority, Plaintiff cites a handful of unpublished district court decisions. *Johnson v. PPI Tech. Servs., L.P.*, No. CIV.A. 11-2773, 2012 WL 3065499 (E.D. La. July 27, 2012), a district court decision cited by Plaintiff (at 10 n.70) is consistent with the Fifth Circuit cases and acknowledges that "matters of which the district court can take judicial notice" are "not considered matters outside the pleadings" for purposes of motions to dismiss. *Id.* at *1 n.9 (quoting 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1366 (3d ed.)).

*Pullen v. Farmers Group, Inc.*, No. CV B-02-206, 2006 WL 8445280 (S.D. Tex. Mar. 27, 2006), also supports Defendants.  In *Pullen*, the defendants "submitted seven exhibits with the motions to dismiss." *Id.* at *2.  Six exhibits were public records, which were the proper subject of judicial notice.  *Id*.  The seventh, a release, was not public.  *Id.*[1]  The district court converted the motion to a summary judgment motion—not because it considered the public records (as Plaintiff incorrectly suggests at 11)—but because it considered the release, which was not public: "The Court **considers this release** and converts this motion to a Rule 56 motion for summary judgment." *Id.* (emphasis added).  The opinion provides no support for Plaintiff's argument.

Similarly, the report and recommendation relied upon by Plaintiff (at 11)— *Bonin v. Sabine River Authority*, No. 1:19-CV-00527-MJT, 2021 WL 3616651 (E.D. Tex. May 17, 2021), report and recommendation adopted, 2021 WL 2766456 (July 2, 2021)—also recognizes that it "is well established that district courts may take judicial notice of public records, such as prior judgments, when ruling on 12(b)(6)

---

[1] For reasons that are less than perfectly clear, Plaintiff complains about exhibits attached to Defendants' Motion to Stay Discovery.  Resp. at 17.  To be clear, the Motion to Stay is a separate motion, and Defendants do not and have not asked for this Court to consider these exhibits in ruling on the Motion to Dismiss.

motions." *Id.* at *4.  This Court can properly take judicial notice of the exhibits to Defendant's motion.

In any event, none of Defendant's arguments depend on any materials outside of the allegations in the Amended Complaint. Even excluding the public records described in Defendants' motion, the Court should still grant the motion.

## IV. This Court Should Not Allow Leave to Amend.

In granting the Motion to Dismiss, this Court should not provide Plaintiff with the opportunity to amend a second time because the defects in her claims are incurable.  The problem with the Amended Complaint is not that Plaintiff had failed to plead facts, but rather that the facts she pleaded confirm, as a matter of Texas law, that Defendants did not owe any duty to Plaintiff.  Under these circumstances, and particularly in light of the fact that Plaintiff has not sought leave to amend, the defects in the Amended Complaint are incurable, and no opportunity to amend is warranted.  *See Ray v. Ronnie Moore Trucking*, No. DR-12-CV-17-AM-VRG, 2012 WL 13032960, at *7 (W.D. Tex. June 26, 2012) ("The defects in Plaintiff's petition are incurable because the allegations show, as a matter of Texas law, that Leona Valley owed no legal duty to Plaintiff.").

## **<u>CONCLUSION</u>**

For these reasons, Defendants respectfully renew their request that this Court

grant their motion and dismiss Plaintiff's claims against Defendants with prejudice.

Dated: December 13, 2021

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By:  */s/ Michelle Pector*

Michelle Pector
State Bar No. 24027726
SDTX No. 28869
michelle.pector@morganlewis.com
Jared Wilkerson
State Bar No. 24084096
SDTX No. 2117319
jared.wilkerson@morganlewis.com
1000 Louisiana St., Suite 4000
Houston, TX 77002
(713) 890-5000
michelle.pector@morganlewis.com
jared.wilkerson@morganlewis.com

ROERIG, OLIVEIRA & FISHER, LLP
David G. Oliveira
State Bar No. 15254675
Federal ID No. 34165
10225 N. 10th Street
McAllen, Texas 78504
Telephone: (956) 393-6300
Facsimile: (956) 386-1625
doliveira@rofllp.com

***Attorneys for Space Exploration
Technologies Corporation and Dogleg
Park, LLC***

21

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2021, a true and correct copy of the foregoing document has been served to all known counsel of record in accordance with the applicable rules of procedure.

*/s/ Michelle Pector*
Michelle Pector