UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUCINNE   VENEGAS,   Individually,   on Behalf of the Estate of Carlos Javier Venegas and on Behalf of Her Minor Children, D.V., G.V., and M.V., | § § § § | |
| | § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 1-21-CV-54 |
| SPACE EXPLORATION TECHNOLOGIES CORPORATION and DOGLEG PARK, LLC, | § § § § | |
| *Defendants.* | § § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO**
<u>**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**</u>

STATEMENT OF THE ISSUES

This Court reviews *de novo* whether Texas law imposes a duty under the circumstances alleged in the Amended Complaint, involving a car accident with a third-party truck driver.  In her objections, Plaintiff raises three arguments for the existence of a duty.   The specific issues presented are:

1.      Whether any voluntarily undertaking to protect motorists driving on a public road on other occasions would have given rise to an obligation to protect Plaintiff at the time of her car accident.

*See Fort Bend County Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 396 (Tex. 1991) (rejecting this theory of duty).

2.      Whether Defendants owed a duty to Plaintiff to control the negligent driving of Yandi Treto, an employee of third-party SYM Trucking.

This theory is both forfeited because Plaintiff did not raise it in her Response to the Motion to Dismiss and meritless.   *See JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860 (Tex. 2021) (explaining that such an argument requires a detailed and specific right to control in a contract between Defendants and SYM Trucking, which has not been pled or argued here).

3.      Whether a landowner's duty to protect motorists from unsafe conditions extends beyond impaired visibility and objects in the road.

*See Smit v. SXSW Holdings, Inc*., 903 F.3d 522, 528–29 (5th Cir. 2018) (Texas law generally "imposes no duty on a land occupier to prevent injury to those on an adjacent street"); *Naumann v. Windsor Gypsum, Inc.*, 749 S.W.2d 189 (Tex. App.–San Antonio 1988, pet. denied) (holding that any duty is limited to preventing conditions on the land (such as vegetation) from impairing motorists' visibility and not releasing objects into the road).

i

TABLE OF CONTENTS

Statement of the Issues ................................................................................................. i

Table of Contents ........................................................................................................ ii

Table of Authorities .................................................................................................. iii

Summary of the Argument ......................................................................................... 2

    I.    This Court Cannot Rely on Plaintiff's Representations Regarding the
        Amended Complaint. ....................................................................................... 4

    II.    Texas Law Does Not Impose a Duty on Landowners to Protect Motorists
        from Non-Employees on Public Roads ......................................................... 9

        A.    Defendants' voluntary actions on other occasions could not have
            created a duty to act on the night in question ............................................. 9

        B.    Plaintiff's "right to control" theory is unpreserved and meritless. .......... 11

        C.    Judge Morgan correctly concluded that neither the creation-of-
            unsafe-condition nor the obscured-danger exception applies. ................. 13

    III.    This Court Should Deny Leave to Amend ................................................... 15

Conclusion and Relief Sought ................................................................................. 16

Certificate of Service ............................................................................................... 18

TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen Keller Co. v. Foreman*,
    343 S.W.3d 420 (Tex. 2011)................................................................................2

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................11

*Avery v. Alexander*,
    No. 09-08-00078-CV, 2008 WL 6740797 (Tex. App.—Beaumont Aug. 27,
    2009, pet. denied).....................................................................................14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................2, 14

*Decker v. Routledge*,
    No. 3:19-CV-00250, 2020 WL 291804 (S.D. Tex. Jan. 21, 2020)........................15

*Dixon v. Houston Raceway Park, Inc.*,
    874 S.W.2d 760, 763 (Tex. App.—Houston [1st Dist.] 1994, no writ)............10, 14

*Edionwe v. Bailey*,
    860 F.3d 287 (5th Cir. 2017) ......................................................................15

*Filgueira v. U.S. Bank Nat. Ass'n*,
    734 F.3d 420 (5th Cir. 2013) ..................................................................15, 16

*Finley v. Johnson*,
    243 F.3d 215 (5th Cir. 2001) .......................................................................3

*Fort Bend County Drainage Dist. v. Sbrusch*,
    818 S.W.2d 392 (Tex. 1991)................................................................... i, 3, 9

*Funk v. Stryker Corp.*,
    631 F.3d 777 (5th Cir. 2011) .....................................................................4, 6

*Garrett v. Houston Raceway Park, Inc.*,
    No. 14-94-00929-CV, 1996 WL 354743 (Tex. App.—Houston [14th Dist.]
    June 27, 1996, no writ) (not designated for publication).................................10

*Gentilello v. Rege*,
    627 F.3d 540 (5th Cir. 2010) ......................................................................15

TABLE OF AUTHORITIES
continued

Page(s)

*Goldstein v. MCI WorldCom*
   340 F.3d 238, 254–55 (5th Cir. 2003) ...................................................................15

*Great Plains Trust Co. v. Morgan Stanley Dean Witter*,
   313 F.3d 305 (5th Cir. 2002) ...........................................................................................2

*Guerra v. Rodriguez*,
   239 S.W.2d 915, 917 (Tex. App.–San Antonio 1951, no writ) ...............................10

*Hamric v. Kan. City S. Ry. Co.*,
   718 S.W.2d 916, 919 (Tex. App.—Beaumont 1986, writ ref'd n.r.e.) ...................14

*JLB Builders, L.L.C. v. Hernandez*,
   622 S.W.3d 860 (Tex. 2021) ........................................................... i, 3, 12, 13

*Johnson v. Sawyer*,
   47 F.3d 716 (5th Cir. 1995) .............................................................................................1

*Legate v. Livingston*,
   822 F.3d 207 (5th Cir. 2016) .......................................................................................16

*McCarty v. City of Southside Pl.*,
   No. 4:15-CV-01214, 2016 WL 7734645 (S.D. Tex. Mar. 22, 2016) ......................16

*Metzloff v. Royal Trucking Co.*,
   473 F. Supp. 3d 700 (E.D. Tex. 2020) ..................................................................13, 14

*Naumann v. Windsor Gypsum, Inc.*,
   749 S.W.2d 189 (Tex. App.–San Antonio 1988, pet. denied) ........................ *passim*

*Ranolls v. Dewling*,
   No. 1:15-CV-111, 2016 WL 7743498 (E.D. Tex. Oct. 26, 2016) ...........................14

*Ray v. Ronnie Moore Trucking*,
   No. DR-12-CV-17-AM-VRG, 2012 WL 13032960 (W.D. Tex. June 26, 2012)..................16

*Smit v. SXSW Holdings, Inc.*,
   903 F.3d 522 (5th Cir. 2018) .................................................................... i, 1, 9, 11

*United States v. Denby*,
   522 F.2d 1358 (5th Cir. 1975) .......................................................................................4

iv

## TABLE OF AUTHORITIES
### continued

**Page(s)**

*Vasquez v. Legend Nat. Gas III, LP*,
    492 S.W.3d 448 (Tex. App.—San Antonio 2016, pet. denied) ........................................10, 11

*Wachovia Bank, N.A. v. Schlegel*,
    No. 3:09–CV–1322, 2010 WL 2671316 (N.D. Tex. Jun. 30, 2010)........................................16

**Other Authorities**

Rule 11 ................................................................................................................................ *passim*

Rule 12(b)(6)......................................................................................................................................2

Rule 12(c)......................................................................................................................................2, 15

Rule 16(b)(4)..............................................................................................................................15, 16

v

While driving on State Highway 4 at around 4 a.m. on Sunday, June 7, 2020, Plaintiff's husband struck a tractor-trailer owned by third party SYM Trucking LLC and driven by its employee, Yandi Treto.  In a separate proceeding, Plaintiff has already sued and settled with SYM Trucking and Treto, without mentioning Defendants.  *See* Dkt. 27 at 2 n.1; Dkt. 22-1 at 2. Plaintiff's husband struck Treto's truck at the intersection of two public roads: State Highway 4 and LBJ Boulevard.  Ex. A, Am. Compl. ¶ 21.  There is no allegation that any employee of either Space Exploration Technologies Corporation or Dogleg Park, LLC (collectively, "Defendants") was involved in any way in the accident or at the scene when the accident occurred.

In a thorough and well-reasoned opinion, Magistrate Judge Morgan analyzed the allegations in Plaintiff's Amended Complaint and correctly concluded that Texas law does not recognize any duty under these circumstances.

Texas law "imposes no duty on a land occupier to prevent injury to those on an adjacent street." *Smit v. SXSW Holdings, Inc.*, 903 F.3d 522, 528–29 (5th Cir. 2018).  No Texas case has ever imposed a duty on a landowner under similar circumstances.  This case is squarely controlled by the rule that federal courts do not create "'innovative theories of recovery or defense' under local law" but "rather merely apply it 'as it currently exists.'"  *Johnson v. Sawyer*, 47 F.3d 716, 729 (5th Cir. 1995) (quoting *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1217 (5th Cir. 1985)).  The objections should be overruled and the case dismissed.

1

## SUMMARY OF THE ARGUMENT

As an initial matter, the Objections filed by Plaintiff with this Court bear little relationship either to Plaintiff's Response to Defendant's Motion to Dismiss or her Amended Complaint. Her objections not only rely on allegations entirely absent from the Amended Complaint—and which could not be alleged in good faith under Rule 11—but in many cases, directly contradict the Amended Complaint. She represents to this Court, for example, that the accident occurred at the private entrance to SpaceX, but the Amended Complaint concedes (and public records confirm) that the roads where the accident occurred are "'public' in name and ownership." Am. Compl. ¶ 21. Put bluntly, this Court cannot rely on the representations in Plaintiff's Objections.

Turning to the merits, Defendants filed their motion under Rule 12(b)(6) and Rule 12(c). "[T]he standards for deciding motions under both rules are the same." *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002). A motion to dismiss should be granted "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotation marks and citations omitted). Duty is an essential element of Plaintiff's negligence claims, and whether a duty exists is a question of law. *Allen Keller Co. v. Foreman*, 343 S.W.3d 420, 425 (Tex. 2011).

Plaintiff argues for the existence of a duty under three different theories, none of which could give rise to a duty under Texas law.

First, Plaintiff argues that Defendants' (alleged) actions in protecting motorists on public roads on other occasions created a duty for Defendants to protect her on the night of the accident. The Texas Supreme Court has squarely rejected this argument: "A person's duty to exercise reasonable care in performing a voluntarily assumed undertaking is limited to that undertaking, and will not normally give rise to an obligation to perform additional acts of assistance in the

future." *Fort Bend County Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 397 (Tex. 1991).  Although Plaintiff misleadingly refers to "on-going" efforts in her Objections, the Amended Complaint does not allege that Defendants took any action in the wee hours on the night of the accident.  To the contrary, the pleaded theory concerns Defendants' *inaction*, an alleged failure to make conditions safe for deliveries.  *See, e.g.*, Am. Compl. ¶¶ 20, 31.

Second, Plaintiff argues that Defendants owed a duty because they allegedly "retained the right to control" the employees of SYM Trucking.  This Court need not consider the argument because it was not raised in Plaintiff's Response to the Motion to Dismiss and is therefore forfeited.[1]  It also fails on the merits.  A "right to control" theory could only arise from a contract between Defendants and SYM Trucking, *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 869 (Tex. 2021), a topic on which the Amended Complaint is entirely silent.  And for a duty to exist, control must extend beyond the right "to order work started and stopped" and beyond the right "to direct when and where the work is done."  *Id.* at 866.  A duty would be imposed only if Defendants exercised control over "the timing and sequence of the particular independent contractor's work, such as which of [SYM Trucking's] employees should perform what task and at what point in time."  *Id.* at 866.  Plaintiff ignores *JLB Builders* and makes no attempt to satisfy its rigorous standard.

Third, Plaintiff argues without merit that a landowner's duty to protect motorists from unsafe conditions extends beyond obstructed visibility to include conditions for deliveries.  Texas courts disagree.  *See Naumann v. Windsor Gypsum, Inc.*, 749 S.W.2d 189 (Tex. App.–San Antonio

---

[1]     "[I]ssues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge."  *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)).

1988, pet. denied) (rejecting precisely this argument in indistinguishable circumstances and explaining that any duty is limited to obstructed visibility and objects that fall into the road).

Finally, Plaintiff's cursory and general request for amendment comes far too late and failed to identify any specific facts that she might plead, much less to establish that any amendment could cure the legal deficiencies in her Amended Complaint.

This Court should overrule the objections and adopt Magistrate Morgan's analysis of Texas law as set forth in his Report and Recommendation.

## I.    This Court Cannot Rely on Plaintiff's Representations Regarding the Amended Complaint.

Based on the Amended Complaint (and as confirmed by public records), Plaintiff's allegations are straightforward.  Plaintiff alleges that she and her family were injured in a car accident with a third party.  Her husband, Carlos Venegas, was driving at 4 a.m. on State Highway 4 on June 7, 2020, when he collided with a commercial tractor-trailer driven by Yandi Treto, an employee of SYM Trucking.  *See* Am. Compl. ¶ 29, 30; Dkt. 22-1 (record of Plaintiff's settlement with Treto and SYM Trucking); Dkt. 27 at 2 n.1 (noting the public record).[2]

The accident occurred at the intersection of two public roads: State Highway 4 and LBJ Boulevard.  The Amended Complaint correctly concedes that these roads are "'public' in name and ownership," Am. Compl. ¶ 21, although it implies that Defendants acquired them through some undefined type of adverse possession.  *Compare* Am. Compl. ¶ 21 ("SpaceX treats these roads as a part of their facilities and uses them as an extension of their commercial operations.") *with United States v. Denby*, 522 F.2d 1358, 1364 (5th Cir. 1975) ("[A]dverse possession . . . may not be asserted against the sovereign.").

---

[2]      "[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)).

Below is a picture from the Amended Complaint, with the location of the accident, LBJ Boulevard, and the SpaceX facilities marked:



Am. Compl. ¶ 12.  Cameron County real property records confirm that the intersection of State Highway 4 (Boca Chica Boulevard) and LBJ Boulevard (formerly known as Eichorn Blvd.) is the intersection of two public streets.



Ex. A, Cameron County Plat Vol. 71, p. 10–12 (May 29, 1961 Plat of Rio Grande Beach) ("We do . . . hereby dedicate to the public the streets and drives shown here on[.]").[3]

For reasons not perfectly clear, the Amended Complaint repeatedly refers to the intersection of State Highway 4 and LBJ Boulevard as an "access point." This is not a term with any legal significance. Defendants understand the Amended Complaint to plead that the intersection was an "access point" simply because if one were driving to SpaceX's facilities, one possible route (among several) could involve turning from State Highway 4 onto LBJ Boulevard.

The Amended Complaint alleges that Treto was making a delivery to SpaceX's facilities. Am. Compl. ¶ 30. According to the Amended Complaint, Treto was unable to access SpaceX's facilities, so he "back[ed] up unsafely and stop[ped] in the middle of the road." Am. Compl. ¶ 31.

---

[3]       "[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)).

Treto allegedly failed to deploy "reflective signage, lighting of any kind, warning markers, reflective markers, stop lights, stop signs, cones, . . . or safety systems."  Am. Compl. ¶ 31.

The theory of liability pleaded in the Amended Complaint is that Defendants failed to ensure that delivery drivers could safely use public roads to access Defendants' property at night: "Defendants [should have] taken specific steps to ensure that deliveries occurred safely and the access points in and around their facilities were safe and navigable by large commercial vehicles, accessing their facilities in the middle of the night."  Am. Compl. ¶ 36; *see also* Am. Compl. ¶ 19 ("Defendants refused to take any necessary steps to upgrade and modernize this access point to accommodate the commercial deliveries coming from and going at all hours of the day.").

The Amended Complaint faults Defendants for allegedly failing to hire "guards to monitor and direct traffic."  Am. Compl. ¶ 20.  It specifically alleges that Defendants "implemented no policies or procedures or provided no instructions to third-party companies delivering commercial loads to or from the Site in darkness in the middle of the night."  Am. Compl. ¶ 20.

As pleaded in the Amended Complaint (and as analyzed by Magistrate Judge Morgan), the issue is straightforward: Did Defendants owe a duty to motorists on surrounding public roads to ensure that third parties could safely make deliveries?

Apparently recognizing that no duty exists under these facts, Plaintiff's Objections go far astray from and contradict her Amended Complaint and previous arguments.  Plaintiff now represents that Treto was engaged in an "unloading process."  Dkt. 28 at 3.  But the Amended Complaint alleges that Treto "was unable to access the [SpaceX] Site" and "stop[ped] in the middle of the road."  Am. Compl. ¶¶ 30-31; *see also* Dkt. 28 at 9 n.24 (describing the driver as parked waiting to unload).  Treto was not—and could not have been—"unloading" anything.  Indeed, the

words "unload" and "unloading" do not even appear in either the Amended Complaint or in Plaintiff's Response to the Motion to Dismiss, Dkt. 25.

Further, the assertion in the Objections (at 28) that LBJ Boulevard is "a private entrance" rather than a public road conflicts with both the Amended Complaint and with the real property records quoted above. Plaintiff could, of course, pursue her (meritless) theory that Defendants adversely possessed public roads, but she cannot misrepresent to this Court that LBJ Boulevard—which her Amended Complaint admits (at ¶ 21) is "'public' in name and ownership"—is privately owned.

Plaintiff also implies that Defendants required SYM Trucking to deliver at night. *See, e.g.*, Dkt. 28 at 4 ("requiring of night-time deliveries to a private property"); Dkt. 28 at 10 (describing Treto as "forced to unload at this spot under unsafe conditions at night"); Dkt. 28 at 15 ("insisted on deliveries in the dark"). These allegations are found nowhere in the Amended Complaint, which pleads that Defendants "provided no instructions to third-party companies." Am. Compl. ¶ 20. Plaintiff does not plead—and could not plead consistent with Rule 11—that Defendants required SYM Trucking (or Treto) to make a delivery at night.

Simply put, this Court cannot rely on the representations in Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge because they contravene her own Amended Complaint. Under the facts actually alleged in the Amended Complaint, Judge Morgan correctly recognized Plaintiff's allegations are "virtually indistinguishable" from those of *Naumann v. Windsor Gypsum, Inc.*, 749 S.W.2d 189 (Tex. App.–San Antonio 1988, pet. denied). Like this case, *Naumann* involved a traffic accident several streets away from the delivery location with a tractor-trailer driven by an independent contractor. *Id.* at 190. The San Antonio Court of Appeals held that the landowner did not owe a duty and had no "obligation to guard passing motorists

against the possible negligence of an independent contractor over whom the landowner exercises

no control and whose competence to perform his duties the landowner has no reason to doubt."

*Id.* at 192.  *Naumann* controls, and it confirms that Defendants had no obligation to guard Plaintiff

against the possible negligence of a truck driver making a delivery.

## II.   Texas Law Does Not Impose a Duty on Landowners to Protect Motorists from Non-Employees on Public Roads.

As Judge Morgan recognized and as the Fifth Circuit has held (in a ruling that Plaintiff has

never addressed), Texas generally "imposes no duty on a land occupier to prevent injury to those

on an adjacent street."  *Smit*, 903 F.3d at 528–29.  None of the narrow exceptions to this rule are

implicated by the facts alleged in the Amended Complaint, and Plaintiff has never identified any

Texas case imposing a duty under similar circumstances.

### A.   Defendants' voluntary actions on other occasions could not have created a duty to act on the night in question.

Plaintiff argues that because Defendants allegedly, on other occasions, engaged in actions

on State Highway 4, such as "responding to accidents, disturbances and security threats,

monitoring and directing traffic, [and] escorting deliveries," Dkt. 28 at 6, Defendants had the duty

to make the road safe for her at 4 a.m. on Sunday, June 7, 2020, when the accident occurred.  *See*

Dkt. 28 at 5–9.  No Texas authority supports this argument.

To the contrary, under Texas law, "[a] person's duty to exercise reasonable care in

performing a voluntarily assumed undertaking is limited to that undertaking, and will not normally

give rise to an obligation to perform additional acts of assistance in the future."  *Fort Bend County

Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 397 (Tex. 1991).[4]  As Judge Morgan correctly

---

[4]     The only exceptions are "if the first undertaking has increased a risk of harm, thereby requiring additional action to protect third persons" or "if the actor makes an express promise that future assistance will be forthcoming, and the injured party relies to his detriment on that promise

recognized, even if Defendants had voluntarily safeguarded motorists on other occasions as alleged, those actions created no duty to continue doing so when Plaintiff was driving on the road at 4 a.m.  Dkt. 27 (citing *Dixon v. Houston Raceway Park, Inc.*, 874 S.W.2d 760, 763 (Tex. App.—Houston [1st Dist.] 1994, no writ)).

Although Plaintiff's Objections now refer vaguely to "on-going efforts" by Defendants, her Amended Complaint does not allege that any employee of either Defendant was in any way involved in the accident or that any "on-going efforts" took place at 4 a.m. on June 7, 2020.  Rather, as Plaintiff explained in her Response to the Motion to Dismiss, her theory is that Defendants "owed a duty of care to make safe unsafe conditions at the property where the crash occurred," Dkt. 25 at 16, not that Defendant's actions made her unsafe.  Under *Sbrush*, Defendants did not owe any duty.

Plaintiff also relies (at 8–9) on *Vasquez v. Legend Nat. Gas III, LP*, 492 S.W.3d 448 (Tex. App.—San Antonio 2016, pet. denied), which involved an unsuccessful allegation that a party assumed a duty to repair roads.  *Id.* at 454.  It appears that "county commissioners may delegate road repair functions" to private parties.  *Id.* (citing *Guerra v. Rodriguez*, 239 S.W.2d 915, 917 (Tex. App.–San Antonio 1951, no writ)).

In contrast, Texas law is clear that "the burden of controlling traffic on a public road is a governmental function that **cannot** be transferred to a private entity."  *Garrett v. Houston Raceway Park, Inc.*, No. 14-94-00929-CV, 1996 WL 354743, at *2 (Tex. App.—Houston [14th Dist.] June 27, 1996, no writ) (not designated for publication) (emphasis added; citation omitted).[5]  Nor does

---

and the past conduct."  *Id.* at 397–98.  Plaintiff does not allege or argue that either exception applies.

[5]    The only exception to the rule that "a city typically owns and controls its city streets to the exclusion of all others" is when there has been an actual agreement with the government (such as

the Amended Complaint allege that Cameron Country delegated traffic control responsibilities to Defendants. *Vasquez* provides no support for Plaintiff's novel—and incorrect—theory that Texas law imposes a duty on private entities to control traffic on public streets.

**B.      Plaintiff's "right to control" theory is unpreserved and meritless.**

Plaintiff next asserts a new conclusory argument that Defendants owed her a duty "because they retained the right to control" Treto, an employee of third party SYM Trucking. Dkt. 28 at 9.

Plaintiff first complains that Judge Morgan "assume[d] Defendants exercised no control over this driver" and that "Defendants had no reason to doubt the competence of the driver." Dkt. 28 at 9. Plaintiff misunderstands the pleading standard. She must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To the extent that her theory of liability relies on Defendants exercising control over Treto or having reason to doubt Treto's competence, she had the obligation to plead such factual allegations, which she did not nor could she under Rule 11. A judge cannot invent facts to fill in the gaps in a plaintiff's theory of liability.

With respect to whether Treto was an independent contractor, rather than Defendants' employee or agent, Dkt. 28 at 10-12, Plaintiff did not plead that Treto was Defendants' employee or agent. To the contrary, the Amended Complaint repeatedly states that the claims concern "third parties" making deliveries. Am. Compl. ¶¶ 20, 40. Indeed, Plaintiff has already sued and recovered a settlement from Treto and his actual employer, SYM Trucking. Dkt. 22-1.

Plaintiff's argument that Defendants owed a duty based on the right to control Treto is forfeited and without basis. In her Response to Defendant's Motion to Dismiss, Dkt. 25, Plaintiff argued that Defendants had a right to control "three groups of individuals: "SOS Security, LLC,"

---

a temporary permit for a block party) for a private party to have control and occupation of a public street. *Smit*, 903 F.3d at 528.

"their own internal personnel," and "off-duty officers with the Cameron County Sheriff's Department." Dkt. 25 at 24; *see also id.* at 23-25. She never argued nor pleaded in her Amended Complaint that Defendants had a right to control Treto, much less that any duty arose from a right to control Treto. This Court should not entertain objections based on arguments that Plaintiff never presented to Judge Morgan or that contradict the Amended Complaint.

In any event, Plaintiff's theory fails on the merits. The Texas Supreme Court addressed this control-of-an-independent-contractor theory of liability at length in *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860 (Tex. 2021). The decision makes clear that any duty based on a "right to control" Treto would arise from the contract between Defendants and SYM Trucking. *See Id.* at 869 (framing the "right to control" inquiry as "whether the contract between JLB and Capform gave JLB the right to control the pertinent work"). The Amended Complaint pleads nothing about the contents (or even existence) of any contract between Defendants and SYM Trucking (or with Treto).

*JLB Builders* also confirms the very limited circumstances in which control of an independent contractor could give rise to a duty. The general rule is that "one who employs an independent contractor has no duty to ensure that the contractor safely performs its work." *Id.* at 865. An entity must "have some latitude to tell its independent contractors what to do, in general terms, without becoming subject to liability." *Id.* (quoting *Koch Ref. Co. v. Chapa*, 11 S.W.3d 153, 156 (Tex. 1999)). Similarly, "an employer's 'general right to order work started and stopped' and 'to direct when and where the work [i]s done' does not give rise to a duty of care." *Id.* at 866 (quoting *AEP Tex. Cent. Co. v. Arredondo*, 612 S.W.3d 289, 295 (Tex. 2020)).

Under *JLB Builders*, even if Defendants "controlled the overall timing and sequence of work being performed," no duty would exist. *Id.* Indeed, even if Defendants knew that SYM

Trucking's employees were acting unsafely, "absent a specific contractual requirement to do so, [they had] no affirmative duty to take action upon learning of an independent contractor's employee's unsafe conduct." *Id.* at 868.

The very limited circumstances in which a party could owe a duty based on the right to control employees of an independent contractor are not implicated by the third-party traffic accident in this case.[6] The argument fails on the merits, and there is good reason that Plaintiff did not raise it to the Magistrate.

### C.   Judge Morgan correctly concluded that neither the creation-of-unsafe-condition nor the obscured-danger exception applies.

Plaintiff next argues that Texas law imposes a duty to protect motorists on landowners who "ow[n] property with unsafe conditions in close proximity to a public road." Dkt. 28 at 14.

Texas law recognizes an exception to the ordinary rule that a landowner owes no duty to those on an adjacent road in only two circumstances, neither of which is alleged: (1) when the landowner releases an object on the road; or (2) when the landowner is responsible for obstructing motorists' visibility (e.g., by failing to trim vegetation). *Metzloff v. Royal Trucking Co.*, 473 F. Supp. 3d 700, 706 (E.D. Tex. 2020) ("[T]he Plaintiff failed to demonstrate how BTC owes a duty to maintain its driveway in favor of motorists driving on the road adjacent—no object was released on the road, and Plaintiff's visibility was not hindered."); *see also, e.g.*, *Naumann*, 749 S.W.2d at 191 (either "negligent release upon the highway of an agency that becomes dangerous by its very nature once upon the highway" or "negligently allowing tall vegetation to obscure the view of a highway intersection").

---

[6]      Any suggestion that Defendants exercised actual control is belied by the Amended Complaint: "[Defendants] implemented no policies or procedures or provided no instructions to third-party companies delivering commercial loads to or from the Site in darkness in the middle of the night." Am. Compl. ¶ 20.

Plaintiff cites no case imposing a duty outside these narrow (and inapplicable) circumstances.  Indeed, *Naumann* specifically rejected Plaintiff's theory that liability can arise from conditions on real property creating difficulties for third parties making deliveries.  749 S.W.2d at 191 (rejecting an argument that a landowner had "a duty to either design its exit so tractor-trailers could turn . . . without blocking both traffic lanes or to warn her of the dangerous intersection").  As Judge Morgan correctly recognized (at 7-8 and 9-10), neither exception could apply,[7] and this case fits squarely within the rule that landowners owe no duty to passing motorists.

\* \* \*

Cases applying Texas law have reached uniform results in similar circumstances: landowners (like Defendants) have no duty to protect the public from dangers on adjacent roadways from independent contractors making deliveries.  *E.g.*, *Naumann*, 749 S.W.2d at 192.  Because no duty exists under Texas law, "the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, and this Court should overrule Plaintiff's objections to Judge Morgan's recommendation that Defendants' motion to dismiss be granted.

---

[7]      Plaintiff does not allege that Defendants "released a dangerous agency onto the highway." *Dixon*, 874 S.W.2d at 763 (noting cases involving release onto highways of smoke, walls of building, windowpanes, and wandering nursing home patients). *Avery v. Alexander*, No. 09-08-00078-CV, 2008 WL 6740797, at \*3 (Tex. App.—Beaumont Aug. 27, 2009, pet. denied) (explaining that the landowner's duty to exercise care to persons travelling "has been limited to cases where a property owner or occupier negligently releases upon a public roadway an agency that becomes dangerous by its very nature once upon the highway" (citation omitted); *Ranolls v. Dewling*, No. 1:15-CV-111, 2016 WL 7743498, at \*2 (E.D. Tex. Oct. 26, 2016) (same).
       Nor does Plaintiff allege that the condition of Defendants' real property obscured visibility on the highway.  *See Metzloff*, 473 F. Supp. at 706 ("Property owners owe a duty to motorists on an adjacent highway to properly maintain the grass and weeds so that they do not impair the motorists' view." (citing *Hamric v. Kan. City S. Ry. Co.*, 718 S.W.2d 916, 919 (Tex. App.—Beaumont 1986, writ ref'd n.r.e.)).

14

### III.    This Court Should Deny Leave to Amend.

Plaintiff's cursory and boilerplate request for leave to amend should be denied.  The Fifth

Circuit's discussion (in affirming a denial of leave to amend) in *Goldstein v. MCI WorldCom*

describes the facts of this case perfectly:

> [A]s an afterthought, the plaintiffs tacked on a general curative amendment request
> to the end of their response in opposition to the defendants' motion to dismiss.  The
> plaintiffs were certainly aware of the defendants' objections to their complaint as
> written (because the objections appeared in the defendants' principal motion).
> Despite this awareness, the plaintiffs did not demonstrate to the court how they
> would replead . . . if given the opportunity, did not proffer a proposed second
> amended complaint to the district court, and did not suggest in their responsive
> pleading any additional facts not initially pled that could, if necessary, cure the
> pleading defects raised by the defendants.

340 F.3d 238, 254–55 (5th Cir. 2003).[8]  Since the filing of Defendants' Motion to Dismiss, Plaintiff

has been aware of the deficiencies in her Amended Complaint identified by Defendants, and she

has neither moved for leave to amend nor attempted to identify any additional facts that she could

plead in line with Rule 11 to cure these fatal legal defects.  Her passing request for leave to amend

is far too vague and comes far too late in the day.[9]

---

[8]    *See also Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) ("[L]eave [to amend] is not
required where, as here, the movant contends that his pleadings sufficed to state a due process
claim throughout his briefing in opposition to the Rule 12(c) motion and fails to apprise the district
court of the facts that he would plead in an amended complaint, if necessary, to cure any
deficiencies." (internal quotation marks omitted)); *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir.
2010) ("Throughout his briefing in opposition to the Rule 12(c) motion, Gentilello contended that
his pleadings sufficed to state a due process claim, adamantly asserted that he was not required to
plead additional facts to support his claim of entitlement to the Chair Positions, and failed to
apprise the district court of the facts that he would plead in an amended complaint, if necessary, to
cure any deficiencies in his pleadings.").

[9]    Plaintiff's request to amend also fails to mention or attempt to meet the threshold standard
of Rule 16(b)(4), which requires a four-factor demonstration of good cause for not moving for
leave to file a second amended complaint before the Court's amended pleadings deadline.  *See*
Dkt. 11 (scheduling order); *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013)
(affirming dismissal under Rule 12(c) and denial of motion for leave to amend filed eleven days
after deadline in scheduling order); *Decker v. Routledge*, No. 3:19-CV-00250, 2020 WL 291804,

Plaintiff has not proposed a specific amendment, nor does a viable amendment exist within the bounds of Rule 11, because the legal defects are incurable.  Amendment would be futile.  The deficiency in the Amended Complaint is not that Plaintiff failed to plead facts but rather that the facts she pleaded confirm, as a matter of Texas law, that Defendants did not owe any duty to Plaintiff.  *See Ray v. Ronnie Moore Trucking*, No. DR-12-CV-17-AM-VRG, 2012 WL 13032960, at *7 (W.D. Tex. June 26, 2012) (denying leave to amend in a similar suit against a landowner: "The defects in Plaintiff's petition are incurable because the allegations show, as a matter of Texas law, that Leona Valley owed no legal duty to Plaintiff."); *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) ("[A] district court need not grant a futile motion to amend.").

### CONCLUSION AND RELIEF SOUGHT

For these reasons, Defendants respectfully request that this Court overrule Plaintiff's Objections, adopt the Report and Recommendation, grant their Motion to Dismiss, and dismiss Plaintiff's claims with prejudice.

---

at *4 (S.D. Tex. Jan. 21, 2020) (granting motion to dismiss and denying motion for leave to amend filed one month after pleading deadline in scheduling order).  Plaintiff does not attempt to meet the Rule 16(b)(4) standard in *Filgueira*, and failing to address Rule 16's requirements is an independent basis to deny Plaintiff's conclusory motion for leave.  *See McCarty v. City of Southside Pl.*, No. 4:15-CV-01214, 2016 WL 7734645, at *3 (S.D. Tex. Mar. 22, 2016) (denying leave to amend because, inter alia, "Plaintiff fails to address the Rule 16(b) 'good cause' standard, at all") (citing *Wachovia Bank, N.A. v. Schlegel*, No. 3:09–CV–1322, 2010 WL 2671316, at *3 (N.D. Tex. Jun. 30, 2010)).

Dated: January 19, 2022

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By:  */s/ Michelle Pector*
Michelle Pector
State Bar No. 24027726
SDTX No. 28869
michelle.pector@morganlewis.com
Jared Wilkerson
State Bar No. 24084096
SDTX No. 2117319
jared.wilkerson@morganlewis.com
1000 Louisiana St., Suite 4000
Houston, TX 77002
(713) 890-5000
michelle.pector@morganlewis.com
jared.wilkerson@morganlewis.com

ROERIG, OLIVEIRA & FISHER, LLP
David G. Oliveira
State Bar No. 15254675
Federal ID No. 34165
10225 N. 10th Street
McAllen, Texas 78504
Telephone: (956) 393-6300
Facsimile: (956) 386-1625
doliveira@rofllp.com

**Attorneys for Space Exploration Technologies Corporation and Dogleg Park, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2022, a true and correct copy of the foregoing document has been served to all known counsel of record in accordance with the applicable rules of procedure.

*/s/ Michelle Pector*
Michelle Pector